administration of the Receivership Defendants as the Temporary Receiver deems necessary;

F. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors, and technical specialists, as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G. Make payments and disbursements from the receivership estate that the Temporary Receiver deems necessary to secure or preserve the Receivership Defendants' assets or to carry out the Temporary Receiver's mandate under this Order;

H. Institute, prosecute and defend, compromise, intervene in, or become party to such actions or proceedings in state, federal, or foreign court that the Temporary Receiver deems necessary to collect, recover, protect, maintain, or preserve the value of the assets of the Receivership Defendants or to carry out the Temporary Receiver's mandate under this Order;

I. Defend, compromise, or otherwise dispose of any actions or proceedings instituted against the Temporary Receiver in his role as temporary receiver or the Receivership Defendants, whether now pending or hereinafter filed, that the Temporary Receiver deems necessary to preserve the assets of the Receivership Defendants or to carry out the Temporary Receiver's mandate under this Order;

J. Take all steps the Temporary Receiver deems necessary to secure the business premises of the Receivership Defendants, including, but not limited to:

    1. completing a written inventory of all receivership assets;

2. obtaining pertinent information from all employees and other agents of the Receivership Defendants, such as the name, home address, social security number, job description, method of compensation, accrued and unpaid commission and compensation of each employee or agent;

3. changing the locks and disconnecting any computer modems or other means of access to the computer or other documents maintained at that location; or

4. requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Temporary Receiver with proof of identification, and to demonstrate to the Temporary Receiver's satisfaction that such persons are not removing from the premises any of the Receivership Defendants' documents or assets;

K. Obtain, by presentation of this Order, tangible and intangible assets as well as information in the custody or control of any person, firm, or entity sufficient to identify the accounts, employees, properties, or other assets or obligations of the Receivership Defendants;

L. Issue subpoenas to obtain documents pertaining to the receivership, conduct discovery in this action on behalf of the receivership estate, attend any deposition noticed by any party to this action, and ask any question of any deponent which, in the receiver's opinion, is pertinent to the receivership estate;

M. Allow representatives of the Commission and the defendants reasonable access to inspect the Receivership Defendants' books, records, accounts, premises, and other property, wherever located;

N.     Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

O.     Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate; and

P.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Temporary Receiver shall deposit all funds of the Receivership Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.

## COMPENSATION FOR RECEIVER

### IX.

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by the Temporary Receiver, including but not limited to attorneys retained by the Temporary Receiver, shall be entitled to reasonable compensation for the services they render to the receivership estate and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by the Receivership

Defendants. The Temporary Receiver shall file with the Court and serve on the parties periodic requests for payment, outlining the services rendered and the related fees and expenses, with the first such request filed no more than sixty (60) days after the entry of this Order and payment of such fees and costs to be made upon Court approval. The Temporary Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

### TEMPORARY RECEIVER'S BOND AND HOLD HARMLESS PROVISION

#### X.

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court a bond in the sum of _____ with sureties to be approved by the Court, conditioned that the receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. Without limiting any other rights or immunities the Temporary Receiver may have at law or in equity, the Temporary Receiver shall have no liability for acts or omissions made by or on behalf of him in his capacity as the receiver of DMC and ITV, so long as such acts and omissions are made in good faith, without gross negligence, and in a manner that the Temporary Receiver believes is in the best interests of the receivership. The Temporary Receiver shall not be personally liable for the debts of DMC, ITV, or its receivership.

### DELIVERY OF RECEIVERSHIP PROPERTY

#### XI.

**IT IS FURTHER ORDERED** that DMC and ITV and any other person (including but not limited to Robert Maihos and anyone related to Barrett by marriage or otherwise) or entity who receives actual notice of this Order by personal service or otherwise, including by facsimile,

shall immediately deliver or transfer possession, custody, and control of the following to the Temporary Receiver:

    a.    All assets of the Receivership Defendants;

    b.    All documents and records relating to the assets of the Receivership Defendants, including, but not limited to, financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), distributor lists, and title documents;

    c.    All keys, lock combinations, passwords, or codes required to open, gain access to, or secure any of the Receivership Defendants' assets or documents, including, but not limited to, access to their business premises, computer systems or files, telephone or other communication systems, and bank accounts; and

    d.    Information identifying the assets, employees, or obligations of the Receivership Defendants.

**IT IS FURTHER ORDERED** that in the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Part, the Temporary Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)), or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the receiver.

## COOPERATION WITH THE RECEIVER

## XII.

**IT IS FURTHER ORDERED** that all TRO Defendants, and their agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, and each such person, shall cooperate fully with and assist the Temporary Receiver. Such cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercise the authority and discharge the responsibilities of the Temporary Receiver under this Order; providing any password required to access any computer or electronic files in any medium; or advising all persons who owe money to any of the Receivership Defendants (other than customers) that all debts should be paid directly to the Temporary Receiver. All TRO Defendants are hereby enjoined from directly or indirectly:

- a. Transacting any of the business of the Receivership Defendants, or transacting business under the names DMC, ITV, Today's Health, Direct Fulfillment, or any substantially similar names;

- b. Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of any of the Receivership Defendants, including, but not limited to, books, records, accounts, or any other papers of any kind or nature;

- c. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, any of the

24

        Receivership Defendants, or the Temporary Receiver;

d.      Excusing debts owed to any Receivership Defendant;

e.      Failing to notify the Temporary Receiver of any asset, including accounts, of any receivership defendant held in the name of any Receivership Defendant or in any name other than the name of any Receivership Defendant, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets; or

f.      Doing any act or refraining from any act whatsoever to interfere with the Temporary Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of any Receivership Defendants; or to refuse to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## TRANSFER OF FUNDS TO THE TEMPORARY RECEIVER

### XIII.

**IT IS FURTHER ORDERED** that, upon receiving actual notice of this Order by personal service or otherwise, including by facsimile, all banks, broker-dealers, savings and loan associations, escrow agents, title companies, commodity trading companies, and other financial institutions shall cooperate with all reasonable requests of the Temporary Receiver relating to

implementation of this Order, including transferring funds at his direction and producing records related to the assets of any of the Receivership Defendants. These transfers at the request of the Temporary Receiver do not conflict with Part VI of this Order (Retention of Assets by Third Parties).

## STAY OF ACTIONS

### XIV.

**IT IS FURTHER ORDERED** that, except by leave of this Court and except for any federal, state, or local law enforcement or regulatory authority action against the Receivership Defendants, during the pendency of the receivership, TRO Defendants and all other persons seeking to establish or enforce any claim, right, or interest against or on behalf of any Receivership Defendant, be and hereby are stayed from:

    a.    Commencing, prosecuting, continuing, or enforcing any suit against any Receivership Defendant, except that such actions may be filed to toll any applicable statute of limitations;

    b.    Commencing, prosecuting, continuing, or enforcing any suit or proceeding in the name of or on behalf of any Receivership Defendant;

    c.    Accelerating the due date of any Receivership Defendant's obligation or claimed obligation; enforcing any lien upon, or taking, attempting to take, or retaining possession of any Receivership Defendant's assets; attempting to foreclose, forfeit, alter, or terminate any interests of any Receivership Defendant, whether such acts are part of a judicial proceeding or otherwise;

    d.    Using self-help or executing or issuing any process to impound, take possession

records, ledgers, payroll records, or other documents of any kind, including information stored in computer-maintained form (such as electronic mail), in their possession, and other documents or records of any kind that relate to the business practices or finances of the TRO Defendants; and

3.  failing to maintain complete records of any consumer complaints and disputes, whether coming from the consumer or any intermediary, such as a government agency or Better Business Bureau, and any responses made to those complaints or disputes.

## FINANCIAL STATEMENTS

### XVI.

**IT IS FURTHER ORDERED** that, within three (3) days after entry of this Order:

A.  The TRO Defendants shall serve on the Commission a detailed accounting of:

1.  the names and amounts of all active ingredients in Supreme Greens with MSM;

2.  all gross revenues obtained from the sale of Supreme Greens with MSM from inception of sales through the date of the issuance of this Order;

3.  all net profits obtained from the sale of Supreme Greens with MSM from inception of sales through the date of the issuance of this Order; and

4.  the total amount of Supreme Greens with MSM sold.

B.  The TRO Defendants each shall prepare and provide to the Commission a complete and accurate financial statement, signed under penalty of perjury, on the form attached to this Order as Attachment A (for individual defendants) or Attachment B (for corporate defendants).

## EXPEDITED DISCOVERY

## XVII.

**IT IS FURTHER ORDERED** that the Commission is granted leave at any time after providing notice of this Order by personal service or otherwise, including by facsimile, to depose or demand the production of documents from any person or entity relating to the nature, status, extent, location or other relevant information relating to any assets, income, personal or business financial records of any of the TRO Defendants, or to the location of any potential defendant. Forty-eight (48) hours notice shall be deemed sufficient for any such production of documents from the TRO Defendants, and three (3) business days notice shall be deemed sufficient for any such production of documents from any other person or entity, including but not limited to any bank, savings and loan, financial or brokerage institution, fund, escrow agent, or trustee. The production of documents submitted pursuant to this provision shall not in any way waive Plaintiff's rights to seek the production of additional documents.

## RIGHT OF IMMEDIATE ACCESS

## XVIII.

**IT IS FURTHER ORDERED** that the TRO Defendants and any other person who receives actual notice of this Order by personal service or otherwise, including by facsimile, shall permit the Commission's employees, agents, and assistants immediate access to any business premises and storage facilities, whether owned, controlled or used by the TRO Defendants, in whole or in part, including but not limited to the offices located at 100 Cummings Center, Beverly, MA, 01915, at 20 Oakpoint Ext., Saugus, MA 01906, at 9528 Miramar Rd., # 100, San Diego, CA 92126, and at 16843 Valley Boulevard, Suite 540 E, Fontana, CA 92335. The

purpose of this access shall be to inspect, copy and inventory documents referring or relating to:

    A.    advertising or marketing, including issues relating to safety, of Supreme Greens with MSM;

    B.    any business relationship between any of the TRO Defendants and any other business entity;

    C.    the financial status of the TRO Defendants, including but not limited to the nature or location of any bank account, safe deposit box, or other asset of the TRO Defendants;

    D.    any transaction, correspondence or other communication by or between any consumer and any of the TRO Defendants or any representatives, employees, agents, officers, servants, or assistants of the TRO Defendants; and

    E.    any action, correspondence or other communication by or between any law enforcement agency, consumer group, or Better Business Bureau and the TRO Defendants, or any representatives, employees, agents, officers, servants, or assistants of the TRO Defendants.

The Commission's representatives may remove original documents from the business premises of the TRO Defendants to make photocopies, provided that the originals are returned within a reasonable period of time. The TRO Defendants shall provide Commission employees, agents and assistants with any necessary means of access to these documents, including but not limited to keys and lock combinations, computer access codes, and storage access information. The TRO Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, are hereby enjoined from interfering with the Commission's right of access described herein.

## CONSUMER REPORTS

### XIX.

**IT IS FURTHER ORDERED** that the Commission may obtain consumer reports concerning any TRO Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the Commission.

**IT IS FURTHER ORDERED** that the Commission may provide to the Temporary Receiver copies of any consumer reports it receives pursuant to this Part.

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XX.

**IT IS FURTHER ORDERED** that the TRO Defendants shall immediately provide a copy of this Order to each affiliate, partner, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, fulfillment house, call center, and representative of the TRO Defendants, and within ten (10) calendar days following service of this Order by the Commission, shall provide the Commission with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that the TRO Defendants have served with a copy of this Order in compliance with this provision.

## SERVICE OF THIS ORDER BY PLAINTIFF

### XXI.

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of the

Commission or any state or federal law enforcement agency, on (1) the TRO Defendants, (2) any financial or brokerage institution, entity or person that holds, controls, or maintains custody of any account or asset of the TRO Defendants, or (3) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

## RIGHT TO INVESTIGATE AND ADD ADDITIONAL PARTIES AND CLAIMS

### XXII.

Nothing in this Temporary Restraining Order should be construed as limiting or restricting the Commission's right or ability to investigate, take discovery from, add to this action or bring further actions against any persons or entities not specifically named herein as a defendant who may be in active concert or participation with any of the TRO Defendants.

## EXPIRATION OF TEMPORARY RESTRAINING ORDER

### XXIII.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on _____, 2004 at 11:59 p.m., unless within such time the Order, for good cause shown, is extended, or unless, as the TRO Defendants consent that it should be extended for a longer period of time.

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

### XXIV.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 65(b), that TRO Defendants

shall appear before this Court on the _____ day of _____, 2004, at _____ o'clock ___.m., at the United States District Courthouse, One Courthouse Way, Room ____, Boston, MA, to show cause, if there is any, why this Court should not enter a preliminary injunction against the TRO Defendants, enjoining them from further violations of the Federal Trade Commission Act, and imposing such additional relief as may be appropriate.

## SERVICE OF PLEADINGS, AFFIDAVITS AND EVIDENCE

## XXV.

**IT IS FURTHER ORDERED** that:

1.  The TRO Defendants shall serve any answering pleadings, memoranda, affidavits and other evidence on which they intend to rely at the preliminary injunction hearing set in this matter not later than 4:00 p.m. of the fourth day prior to the hearing date. Service on the Commission shall be performed by personal delivery to the attention of counsel at the Federal Trade Commission, 601 New Jersey Avenue, N.W., Room NJ-3231, Washington, DC 20001, or by facsimile transmission to (202) 326-3259, or pursuant to any arrangement agreed upon by the parties.

2.  The Commission may serve reply memoranda, affidavits, and other evidence no later than 4:00 p.m. of the second day prior to the preliminary injunction hearing date. The Commission may serve supplemental memoranda, affidavits and other evidence on which it intends to rely at the preliminary injunction hearing(s) set in this matter not later than 4:00 p.m. of the seventh day prior to the hearing date(s).

33

## IDENTIFICATION OF HEARING WITNESSES

## XXVI.

**IT IS FURTHER ORDERED** that, if any party to this action intends to present the testimony of any witness at the hearing on a preliminary injunction, that party shall, at least forty-eight (48) hours prior to the scheduled date and time of hearing, file with this Court and serve on all other parties a statement disclosing the name, address, and telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony. Service on the Commission shall be performed by personal delivery to the attention of counsel at the Federal Trade Commission, 601 New Jersey Avenue, N.W., Room NJ-3231, Washington, DC 20001, or by facsimile transmission to (202) 326-3259, or pursuant to any arrangement agreed upon by the parties.

## RETENTION OF JURISDICTION

## XXVII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this ___ day of _____, 2004, at ___.m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_[signature]_

DANIEL KAUFMAN
KIAL S. YOUNG (BBO # 633515)
EDWARD GLENNON
Federal Trade Commission
600 Pennsylvania Avenue, NW
NJ-3212
Washington, DC 20580
(202) 326-2675, - 3525, -3126 (voice)
(202) 326-3259 (fax)
dkaufman@ftc.gov, kyoung@ftc.gov or eglennon@ftc.gov

ATTORNEYS FOR PLAINTIFF