UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.

DIRECT MARKETING CONCEPTS, INC.,      No. 04-CV-11136-GAO
d/b/a TODAY'S HEALTH and
DIRECT FULFILLMENT, et al.

        Defendants.

---

## STIPULATED PRELIMINARY INJUNCTION ORDER
## AS TO DEFENDANTS HEALTH SOLUTIONS, INC., AND ALEJANDRO GUERRERO

WHEREAS, on June 1, 2004, Plaintiff Federal Trade Commission ("Commission" or "Plaintiff") filed a complaint against the above-named defendants pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure permanent injunctive relief, restitution, disgorgement, and other equitable relief against defendants for their alleged deceptive acts or practices and false advertisements in connection with the advertising, promotion, and sale of a dietary supplement called "Supreme Greens with MSM," in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52;

WHEREAS Plaintiff and Defendants Health Solutions, Inc., and Alejandro Guerrero, a/k/a Alex Guerrero (collectively, the "Stipulating Defendants"), without any admission of any wrongdoing or violation of law, voluntarily have stipulated to the entry of the following stipulated order for preliminary injunction ("Order"):

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over the Stipulating Defendants.

2. The complaint states a claim upon which relief may be granted against the Stipulating Defendants under 15 U.S.C. §§ 45(a) and 52.

3. Venue as to the Stipulating Defendants in the District of Massachusetts is proper.

4. The Stipulating Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this stipulation.

5. Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1. "Health Solutions" means Health Solutions, Inc., a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees.

2. "Guerrero" means Alejandro Guerrero a/k/a Alex Guerrero, individually and as an officer and director of Health Solutions.

3. "Stipulating Defendants" means Guerrero and Health Solutions, whether acting individually or through any corporation, subsidiary, division, or other entity.

4. "Assets" means any legal or equitable interest in, right to, or claim to, any real, personal, and intellectual property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and all cash, wherever located.

5.  "Assisting others" means knowingly providing any of the following services to any person or entity: (a) performing customer service functions for any person or entity, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other advertising or marketing material for any person or entity; or (c) performing advertising or marketing services of any kind for any person or entity.

6.  "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7.  "Competent and reliable scientific evidence" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

8.  "Advertising" and "promotion" mean any written or verbal statement, illustration or depiction that is designed to effect a sale or create interest in the purchasing of goods or services, whether it appears in a brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, packaging, package insert, label, film, slide, radio, television or cable television, audio program transmitted over a telephone system, program-length commercial ("infomercial"), the Internet, email, press release, video news release, or in any other medium.

9.  "Endorsement" means as defined in 16 C.F.R. § 255.0(b).

10. "FTC" or "Commission" means the Federal Trade Commission.

11. A requirement that any defendant communicate with the Commission means that the defendant shall send the necessary information via overnight courier, costs prepaid, to:

Daniel Kaufman and Edward Glennon
Federal Trade Commission
601 New Jersey Avenue, NW
Room 3212
Washington, D.C. 20001
Attn: *FTC v. Direct Marketing Concepts, Inc. et al.*

**IT IS STIPULATED, AGREED AND ORDERED:**

**PROHIBITED BUSINESS ACTIVITIES**

**I.**

That the Stipulating Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Supreme Greens with MSM or any substantially similar product in or affecting commerce, are hereby preliminarily enjoined from making, or assisting others in making, directly or by implication, including through the use of endorsements or the product name, any representation that:

    A.    Such product is an effective treatment, cure, or preventative for cancer;

    B.    Such product is an effective treatment, cure, or preventative for heart disease;

    C.    Such product is an effective treatment, cure, or preventative for diabetes;

    D.    Such product is an effective treatment, cure, or preventative for arthritis;

    E.    Such product will cause significant weight loss, such as up to 4 pounds per week

4

and up to 80 pounds in 8 months; and

  F. Such product can be taken safely by pregnant women, children, and/or any person taking any type of medication.

## II.

That the Stipulating Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any food or drug, as defined under 15 U.S.C. § 55, or dietary supplement, in or affecting commerce, are hereby preliminarily enjoined from making, or assisting others in making, directly or by implication, including through the use of endorsements or the product name, any representation that such product can prevent, treat, or cure any disease unless, at the time the representation is made, the Stipulating Defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## PACKAGING AND LABELING RECALL

## III.

That the Stipulating Defendants shall immediately, upon entry of this order, recall from any person, partnership, corporation, or other entity that is offering for sale, selling, or

distributing to consumers Supreme Greens with MSM or any substantially similar product, any packaging, product inserts, and/or labeling for any such product containing, expressly or by implication, any of the representations set forth in Part I above, *provided, however*, that in lieu of a recall, the Stipulating Defendants may immediately repackage and relabel all offending packages, inserts, and labels of such products in such a manner as to ensure that no representations prohibited by this Order are disseminated.

## PROVISO

### IV.

That nothing in this order shall prohibit the Stipulating Defendants from making any representation:

    A.    For any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990; or

    B.    For any drug that is permitted in labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration.

## FINANCIAL STATEMENTS AND INFORMATION

### V.

1.    That for Supreme Greens with MSM and any substantially similar product above that is advertised, marketed, promoted, offered for sale, distributed, or sold by any of the

Stipulating Defendants or their officers, directors, agents, servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates, successors, or assigns, the Stipulating Defendants shall serve on the Commission, within thirty (30) days of entry of this Order, a detailed accounting of:

    A.    The gross revenues obtained from the sale of all such products from inception of sales through the date of the issuance of this Order; and

    B.    The total number of units of all such products sold.

2. That the Stipulating Defendants shall each prepare and provide to the Commission, within ten (10) business days of entry of this Order, a complete and accurate financial statement, signed under penalty of perjury, on the form attached to this Order as Attachment A (for Guerrero) or Attachment B (for Health Solutions). Guerrero also shall include a list of all corporate entities that he has controlled, directly or indirectly, at any point since January 2002 until the present.

3. That the Stipulating Defendants shall each provide the Commission with access to records and documents pertaining to assets of each Stipulating Defendant that are held by financial institutions outside the territory of the United States, by signing a document entitled "Consent to Release of Financial Records" in the form attached to this Order as Attachment C.

4. That, within thirty (30) days of entry of this Order, the Stipulating Defendants shall provide the Commission with copies of documents (including but not limited to cancelled checks, wire transfers or bank account statements) in the Stipulating Defendants' possession or control that are sufficient to show the following information:

    A.    All revenues collected and obtained by the Stipulating Defendants, directly

7

or through any other corporation, partnership, limited liability corporation, or other entity, in connection with the sale in the United States of Supreme Greens with MSM, and the location and/or transfer of all such revenues;

B. All refunds provided by the Stipulating Defendants to consumers, directly or through any corporation, partnership, limited liability corporation, or other entity, in connection with the sale of Supreme Greens with MSM;

C. All costs and expenses incurred by the Stipulating Defendants, directly or through any corporation, partnership, limited liability corporation, or other entity, in connection with the sale and marketing of Supreme Greens with MSM in the United States, including but not limited to the cost of goods sold, salaries, commissions, bonuses, and legal fees;

D. All transfers of assets between any of the Stipulating Defendants and any related or affiliated corporate entities or individuals in excess of $10,000 since January 2003; and

E. All transfers of assets by any of the Stipulating Defendants to any individual or entity in excess of $5,000 since January 2003.

5. That all such information produced pursuant to this Part shall be designated as confidential information.

**RESTRICTION ON DISSIPATION OF CORPORATE ASSETS**

**VI.**

That Health Solutions and its officers, directors, agents, servants, employees,

salespersons, distributors, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby preliminarily enjoined from directly or indirectly selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds, real, personal, or intellectual property, or other assets or any interest therein, wherever located, including any assets outside the territorial United States, which are owned and controlled by, or held for the benefit of, in whole or in part, or in the possession of Health Solutions, or any other corporation owned or controlled by Health Solutions, other than those transfers for actual and necessary business operations and expenses that such corporations will reasonably incur, including legal fees associated with ITV Direct, Inc. v. Healthy Solutions, LLC, 04-CV-10421-JLT (D. Mass), Healthy Solutions, LLC v. ITV Direct, Inc., 04-CV-10829-WGY (D. Mass.), and the instant action, FTC v. Direct Marketing Concepts, Inc., 04-CV-11136-GAO (D. Mass.). Health Solutions shall not purchase or acquire, in whole or in part, directly or indirectly, any real property without prior permission from the Commission.

That Health Solutions shall maintain copies of documents reflecting such transfers or expenditures for actual and necessary business operations and business and personal expenses, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, and bank records (including monthly statements, canceled checks, records of wire transfers, and check registers). These documents shall be produced to the Commission monthly (by the tenth day of the following month) with respect to transfers or expenditures over $5000 from the date of entry of this Order. The funds, property and assets

affected by this Paragraph shall include both existing assets and assets acquired after the date of entry of this Order, including without limitation, those acquired by loan or gift.

## RESTRICTION ON DISSIPATION OF GUERRERO'S ASSETS

### VII.

That Guerrero and his agents, servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby preliminarily enjoined from directly or indirectly selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds, real, personal, or intellectual property, or other assets or any interest therein, wherever located, including any assets outside the territorial United States, which are owned and controlled by, or held for the benefit of, in whole or in part, or in the possession of Guerrero, other than those expenditures or transfers for actual and necessary business operations and business and personal expenses that he will reasonably incur, including legal fees associated with ITV Direct, Inc. v. Healthy Solutions, LLC, 04-CV-10421-JLT (D. Mass), Healthy Solutions, LLC v. ITV Direct, Inc., 04-CV-10829-WGY (D. Mass.), and the instant action, FTC v. Direct Marketing Concepts, Inc., 04-CV-11136-GAO (D. Mass.). Guerrero shall not purchase or acquire, in whole or in part, directly or indirectly, any real property or pay for any home improvements or landscaping without prior permission from the Commission.

That Guerrero shall maintain copies of documents reflecting such transfers or

expenditures for actual and necessary business operations and business and personal expenses, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, and bank records (including monthly statements, canceled checks, records of wire transfers, and check registers). These documents shall be produced to the Commission monthly (by the tenth day of the following month) with respect to transfers or expenditures over $2500 from the date of entry of this Order. The funds, property and assets affected by this Paragraph shall include both existing assets and assets acquired after the date of entry of this Order, including without limitation, those acquired by loan or gift.

## MAINTENANCE OF RECORDS

### VIII.

That the Stipulating Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, trade name, or other entity, are hereby preliminarily enjoined from:

1. Failing to create and maintain documents such as books, records, accounts, bank statements, current accountants' reports, and/or any electronic data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any Stipulating Defendant;

2. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs,

accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, invoices, telephone records, ledgers, payroll records, or other documents of any kind, including information stored in computer-maintained form (such as electronic mail), in their possession, and other documents or records of any kind that relate to the business practices or finances of any Stipulating Defendant; and

    3.    Failing to maintain complete records of any consumer complaints and disputes, whether coming from the consumer or any intermediary, such as a government agency or Better Business Bureau, and any responses made to those complaints or disputes.

## DISTRIBUTION OF ORDER BY THE STIPULATING DEFENDANTS

### IX.

That each Stipulating Defendant shall, no later than five (5) business days following entry of this Order, provide a copy of this Order, or, at a minimum, a copy of the Order other than Parts V, VI, VII, X, XI, XII, and XIII, to each affiliate, partner, subsidiary, division, sales entity, distributor, successor, assign, officer, director, employee, independent contractor, agent, attorney, fulfillment house, call center, and representative of the Stipulating Defendant who engage in conduct related to the subject matter of this Order, and within fifteen (15) business days following entry of this Order, shall provide the Commission with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that each Stipulating Defendant has served with a copy of this Order in compliance with this provision.

## SERVICE OF THIS ORDER BY PLAINTIFF

### X.

That copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of the Commission or any state or federal law enforcement agency, on (1) any Stipulating Defendant, or (2) any other person or entity that may be subject to any provision of this Order, including but not limited to defendants Donald W. Barrett, Direct Marketing Concepts, Inc., d/b/a/ Today's Health and Direct Fulfillment, ITV Direct, Inc., d/b/a Direct Fulfillment, Healthy Solutions, LLC, Michael Howell, Greg Geremesz, Triad ML Marketing, Inc., King Media, Inc., and Alan Stern. Service upon any branch or office of any entity shall effect service upon the entire entity.

## EXPEDITED DISCOVERY

### XI.

1.   That the Commission is granted leave at any time after service of this Order to depose or demand the production of non-privileged documents from any person or entity, other than the Stipulating Defendants, relating to the nature, status, extent, location or other relevant information relating to the Stipulating Defendants' assets, income, personal or business financial records, or the location of any defendant or potential defendant. Six (6) business days shall be deemed sufficient time for the production of any such documents. The production of documents submitted pursuant to this provision shall not in any way waive Plaintiff's rights to seek the production of additional documents.

2.   That the Commission is granted leave at any time after service of this Order to

13

depose or demand the production of non-privileged documents from Stipulating Defendants relating to the nature, status, extent, location or other relevant information relating to the other Defendants' assets, income, personal or business financial records, or the location of any defendant or potential defendant. Five (5) business days shall be deemed sufficient time for the production of any such documents. The production of documents submitted pursuant to this provision shall not in any way waive Plaintiff's rights to seek the production of additional documents.

## CONSUMER REPORTS

### XII.

That the Commission may obtain consumer reports concerning any of the Stipulating Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the Commission.

## RIGHT TO INVESTIGATE AND ADD ADDITIONAL PARTIES AND CLAIMS

### XIII.

That nothing in this Order shall be construed as limiting or restricting the Commission's right or ability to investigate, take discovery from, add to this action, or bring further actions against, any persons or entities not specifically named herein as a defendant who may be in active concert or participation with any Stipulating Defendant.

## RETENTION OF JURISDICTION17 17

### XV.

That this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this ___ day of _____, 2004

_____
George A. O'Toole
UNITED STATES DISTRICT JUDGE

SO STIPULATED:

_[signature]_
DANIEL KAUFMAN
EDWARD GLENNON
KIAL S. YOUNG (Mass. Bar No. 633515)
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop NJ-3212
Washington, DC 20580
(202) 326-2675/3126/3525 (voice)
(202) 326-3259 (fax)
ATTORNEYS FOR PLAINTIFF

ALEJANDRO GUERRERO, individually
and as an officer of Health Solutions, Inc.,
pro se

_[signature]_

HEALTH SOLUTIONS, INC.
By: Alejandro Guerrero, President

_[signature]_

15

# ATTACHMENT A

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

<u>Item 1.</u>     **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

<u>Item 2.</u>     **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

<u>Item 3.</u>     **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

<u>Item 4.</u>     **Contact Information**

Initials _____

Page 2

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

_____

Item 5.    Information About Dependents Who Live With You

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

Item 6.    Information About Dependents Who Do Not Live With You

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

Item 7.    Employment Information

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Item 7. continued

Page 3                                                                                    Initials _____

Income Received:  This year-to-date: $_____        _____: $_____

                        20_____: $_____        _____: $_____

                        _____: $_____        _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date: $_____        _____: $_____

                        20_____: $_____        _____: $_____

                        _____: $_____        _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date: $_____        _____: $_____

                        20_____: $_____        _____: $_____

                        _____: $_____        _____: $_____

**Item 8.**       **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 9.**       **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency.  (List

Page 4                                                                                        Initials _____