a manner that the Temporary Receiver believes is in the best interests of the receivership. The Temporary Receiver shall not be personally liable for the debts of DMC, ITV, or its receivership.

## DELIVERY OF RECEIVERSHIP PROPERTY

### X.

**IT IS FURTHER ORDERED** that DMC and ITV and any other person (including but not limited to Robert Maihos and anyone related to Barrett by marriage or otherwise) or entity who receives actual notice of this Order by personal service or otherwise, including by facsimile, shall immediately deliver or transfer possession, custody, and control of the following to the Temporary Receiver:

  a.  All assets of the Receivership Defendants;

  b.  All documents and records relating to the assets of the Receivership Defendants, including, but not limited to, financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), distributor lists, and title documents;

  c.  All keys, lock combinations, passwords, or codes required to open, gain access to, or secure any of the Receivership Defendants' assets or documents, including, but not limited to, access to their business premises, computer systems or files, telephone or other communication systems, and bank accounts; and

  d.  Information identifying the assets, employees, or obligations of the Receivership Defendants.

**IT IS FURTHER ORDERED** that in the event any person or entity fails to deliver or

20

transfer any asset or otherwise fails to comply with any provision of this Part, the Temporary Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)), or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the receiver.

## COOPERATION WITH THE RECEIVER

### XI.

**IT IS FURTHER ORDERED** that all TRO Defendants, and their agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, and each such person, shall cooperate fully with and assist the Temporary Receiver. Such cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercise the authority and discharge the responsibilities of the Temporary Receiver under this Order; providing any password required to access any computer or electronic files in any medium; or advising all persons who owe money to any of the Receivership Defendants (other than customers) that all debts should be paid directly to the Temporary Receiver. All TRO Defendants are hereby enjoined from directly or indirectly:

    a.    Transacting any of the business of the Receivership Defendants, or transacting

      business under the names DMC, ITV, Today's Health, Direct Fulfillment, or any substantially similar names;

b. Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of any of the Receivership Defendants, including, but not limited to, books, records, accounts, or any other papers of any kind or nature;

c. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, any of the Receivership Defendants, or the Temporary Receiver;

d. Excusing debts owed to any Receivership Defendant;

e. Failing to notify the Temporary Receiver of any asset, including accounts, of any receivership defendant held in the name of any Receivership Defendant or in any name other than the name of any Receivership Defendant, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets; or

f. Doing any act or refraining from any act whatsoever to interfere with the Temporary Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of any Receivership Defendants; or to refuse to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or

authority under any order of this Court.

## TRANSFER OF FUNDS TO THE TEMPORARY RECEIVER

### XII.

**IT IS FURTHER ORDERED** that, upon receiving actual notice of this Order by personal service or otherwise, including by facsimile, all banks, broker-dealers, savings and loan associations, escrow agents, title companies, commodity trading companies, and other financial institutions shall cooperate with all reasonable requests of the Temporary Receiver relating to implementation of this Order, including transferring funds at his direction and producing records related to the assets of any of the Receivership Defendants. These transfers at the request of the Temporary Receiver do not conflict with Part VI of this Order (Retention of Assets by Third Parties).

## STAY OF ACTIONS

### XIII.

**IT IS FURTHER ORDERED** that, except by leave of this Court and except for any federal, state, or local law enforcement or regulatory authority action against the Receivership Defendants, during the pendency of the receivership, TRO Defendants and all other persons seeking to establish or enforce any claim, right, or interest against or on behalf of any Receivership Defendant, be and hereby are stayed from:

    a.    Commencing, prosecuting, continuing, or enforcing any suit against any Receivership Defendant, except that such actions may be filed to toll any applicable statute of limitations;

b. Commencing, prosecuting, continuing, or enforcing any suit or proceeding in the name of or on behalf of any Receivership Defendant;

c. Accelerating the due date of any Receivership Defendant's obligation or claimed obligation; enforcing any lien upon, or taking, attempting to take, or retaining possession of any Receivership Defendant's assets; attempting to foreclose, forfeit, alter, or terminate any interests of any Receivership Defendant, whether such acts are part of a judicial proceeding or otherwise;

d. Using self-help or executing or issuing any process to impound, take possession of, interfere with, create, or enforce a lien upon any asset owned by or in the possession of any Receivership Defendant, the Temporary Receiver, or any agent appointed by the Temporary Receiver; and

e. Committing any act to interfere with the Temporary Receiver's taking control, possession, or management of the Receivership Defendants and their assets and documents, or to interfere with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants.

## MAINTENANCE OF RECORDS

### XIV.

**IT IS FURTHER ORDERED** that the TRO Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, whether acting directly or through any corporation, subsidiary, division or other device, are

24

hereby enjoined from:

1. failing to create and maintain books, records, accounts, bank statements, current accountants' reports, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the TRO Defendants;

2. destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, invoices, telephone records, ledgers, payroll records, or other documents of any kind, including information stored in computer-maintained form (such as electronic mail), in their possession, and other documents or records of any kind that relate to the business practices or finances of the TRO Defendants; and

3. failing to maintain complete records of any consumer complaints and disputes, whether coming from the consumer or any intermediary, such as a government agency or Better Business Bureau, and any responses made to those complaints or disputes.

## FINANCIAL STATEMENTS

### XV.

**IT IS FURTHER ORDERED** that, within three (3) days after entry of this Order:

A. The TRO Defendants shall serve on the Commission a detailed accounting of:

1. the names and amounts of all active ingredients in Supreme Greens with MSM;

2. all gross revenues obtained from the sale of Supreme Greens with MSM from inception of sales through the date of the issuance of this Order;

      3.    all net profits obtained from the sale of Supreme Greens with MSM from inception of sales through the date of the issuance of this Order; and

      4.    the total amount of Supreme Greens with MSM sold.

    B.    The TRO Defendants each shall prepare and provide to the Commission a complete and accurate financial statement, signed under penalty of perjury, on the form attached to this Order as Attachment A (for individual defendant) or Attachment B (for corporate defendants).

## EXPEDITED DISCOVERY

## XVI.

**IT IS FURTHER ORDERED** that the Commission is granted leave at any time after providing notice of this Order by personal service or otherwise, including by facsimile, to depose or demand the production of documents from any person or entity relating to the nature, status, extent, location or other relevant information relating to any assets, income, personal or business financial records of any of the TRO Defendants, or to the location of any potential defendant. Forty-eight (48) hours notice shall be deemed sufficient for any such production of documents from the TRO Defendants, and three (3) business days notice shall be deemed sufficient for any such production of documents from any other person or entity, including but not limited to any bank, savings and loan, financial or brokerage institution, fund, escrow agent, or trustee. The production of documents submitted pursuant to this provision shall not in any way waive Plaintiff's rights to seek the production of additional documents.

## RIGHT OF IMMEDIATE ACCESS

## XVII.

**IT IS FURTHER ORDERED** that the TRO Defendants and any other person who receives actual notice of this Order by personal service or otherwise, including by facsimile, shall permit the Commission's employees, agents, and assistants immediate access to any business premises and storage facilities, whether owned, controlled or used by the TRO Defendants, in whole or in part, including but not limited to the offices located at 100 Cummings Center, Beverly, MA, 01915 or at 20 Oakpoint Ext., Saugus, MA 01906. The purpose of this access shall be to inspect, copy and inventory documents referring or relating to:

    A.    advertising or marketing, including issues relating to safety, of Supreme Greens with MSM;

    B.    any business relationship between any of the TRO Defendants and any other business entity;

    C.    the financial status of the TRO Defendants, including but not limited to the nature or location of any bank account, safe deposit box, or other asset of the TRO Defendants;

    D.    any transaction, correspondence or other communication by or between any consumer and any of the TRO Defendants or any representatives, employees, agents, officers, servants, or assistants of the TRO Defendants; and

    E.    any action, correspondence or other communication by or between any law enforcement agency, consumer group, or Better Business Bureau and the TRO Defendants, or any representatives, employees, agents, officers, servants, or assistants of the TRO Defendants.

The Commission's representatives may remove original documents from the business premises of the TRO Defendants to make photocopies, provided that the originals are returned

within a reasonable period of time. The TRO Defendants shall provide Commission employees, agents and assistants with any necessary means of access to these documents, including but not limited to keys and lock combinations, computer access codes, and storage access information. The TRO Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, are hereby enjoined from interfering with the Commission's right of access described herein.

## CONSUMER REPORTS

### XVIII.

**IT IS FURTHER ORDERED** that the Commission may obtain consumer reports concerning any TRO Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the Commission.

**IT IS FURTHER ORDERED** that the Commission may provide to the Temporary Receiver copies of any consumer reports it receives pursuant to this Part.

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XIX.

**IT IS FURTHER ORDERED** that the TRO Defendants shall immediately provide a copy of this Order to each affiliate, partner, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, fulfillment house, call center, and representative of the TRO Defendants, and within ten (10) calendar days following service of

this Order by the Commission, shall provide the Commission with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that the TRO Defendants have served with a copy of this Order in compliance with this provision.

## SERVICE OF THIS ORDER BY PLAINTIFF

## XX.

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of the Commission or any state or federal law enforcement agency, on (1) the TRO Defendants, (2) any financial or brokerage institution, entity or person that holds, controls, or maintains custody of any account or asset of the TRO Defendants, or (3) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

## RIGHT TO INVESTIGATE AND ADD ADDITIONAL PARTIES AND CLAIMS

## XXI.

Nothing in this Temporary Restraining Order should be construed as limiting or restricting the Commission's right or ability to investigate, take discovery from, add to this action or bring further actions against any persons or entities not specifically named herein as a defendant who may be in active concert or participation with any of the TRO Defendants.

## EXPIRATION OF TEMPORARY RESTRAINING ORDER

### XXII.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on _____, 2004 at 11:59 p.m., unless within such time the Order, for good cause shown, is extended, or unless, as the TRO Defendants consent that it should be extended for a longer period of time.

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

### XXIII.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 65(b), that TRO Defendants shall appear before this Court on the \_\_\_\_\_ day of _____, 2004, at _____ o'clock \_\_\_.m., at the United States District Courthouse, One Courthouse Way, Room \_\_\_\_, Boston, MA, to show cause, if there is any, why this Court should not enter a preliminary injunction against the TRO Defendants, enjoining them from further violations of the Federal Trade Commission Act, and imposing such additional relief as may be appropriate.

## SERVICE OF PLEADINGS, AFFIDAVITS AND EVIDENCE

### XXIV.

**IT IS FURTHER ORDERED** that:

1. The TRO Defendants shall serve any answering pleadings, memoranda, affidavits and other evidence on which they intend to rely at the preliminary injunction hearing set in this matter not later than 4:00 p.m. of the fourth day prior to the hearing date. Service on the Commission shall be performed by personal delivery to the attention of counsel at the Federal

Trade Commission, 601 New Jersey Avenue, N.W., Room NJ-3231, Washington, DC 20001, or by facsimile transmission to (202) 326-3259, or pursuant to any arrangement agreed upon by the parties.

2.      The Commission may serve reply memoranda, affidavits, and other evidence no later than 4:00 p.m. of the second day prior to the preliminary injunction hearing date. The Commission may serve supplemental memoranda, affidavits and other evidence on which it intends to rely at the preliminary injunction hearing(s) set in this matter not later than 4:00 p.m. of the seventh day prior to the hearing date(s).

## IDENTIFICATION OF HEARING WITNESSES

### XXV.

**IT IS FURTHER ORDERED** that, if any party to this action intends to present the testimony of any witness at the hearing on a preliminary injunction, that party shall, at least forty-eight (48) hours prior to the scheduled date and time of hearing, file with this Court and serve on all other parties a statement disclosing the name, address, and telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony. Service on the Commission shall be performed by personal delivery to the attention of counsel at the Federal Trade Commission, 601 New Jersey Avenue, N.W., Room NJ-3231, Washington, DC 20001, or by facsimile transmission to (202) 326-3259, or pursuant to any arrangement agreed upon by the parties.

## RETENTION OF JURISDICTION

### XXVI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this ___ day of _____, 2004, at ___.m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
DANIEL KAUFMAN
KIAL S. YOUNG (BBO # 633515)
EDWARD GLENNON
Federal Trade Commission
600 Pennsylvania Avenue, NW
NJ-3212
Washington, DC 20580
(202) 326-2675, - 3525, -3126 (voice)
(202) 326-3259 (fax)
dkaufman@ftc.gov, kyoung@ftc.gov or eglennon@ftc.gov

ATTORNEYS FOR PLAINTIFF

# **ATTACHMENT A**

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**    **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

**Item 2.**    **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.**    **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

**Item 4.**    **Contact Information**

Initials _____

Page  2

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

_____

**Item 5.**     **Information About Dependents Who Live With You**

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 6.**     **Information About Dependents Who Do Not Live With You**

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

**Item 7.**     **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

**Item 7. continued**

Page 3                                                                                          Initials _____

Income Received:  This year-to-date: $_____        _____: $_____

                      20____: $_____        _____: $_____

                      _____: $_____        _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date: $_____        _____: $_____

                      20____: $_____        _____: $_____

                      _____: $_____        _____: $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date: $_____        _____: $_____

                      20____: $_____        _____: $_____

                      _____: $_____        _____: $_____

**Item 8.**     **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 9.**     **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List

Page 4                                                              Initials _____

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 10.**          **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 11.**          **Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

▸Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

# FINANCIAL INFORMATION: ASSETS AND LIABILITIES

REMINDER: "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

**Item 12.**           **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____   Cash Held For Your Benefit $_____

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

**Item 13.**           **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

**Item 14.**       **Publicly Traded Securities and Loans Secured by Them**

Page 6                                                                                                           Initials _____