UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 04-CV-11136-GAO |
| DIRECT MARKETING CONCEPTS, INC., et al. | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., AND DONALD W. BARRETT'S PROPOSED PRELIMINARY INJUNCTION**

Plaintiff Federal Trade Commission ("Commission") submits this brief response to the proposed Preliminary Injunction Order and Supplemental Affidavit of Donald Barrett submitted by defendants Direct Marketing Concepts, Inc. ("DMC"), ITV Direct, Inc. ("ITV") and Donald W. Barrett ("Barrett") ("defendants") on June 9, 2004. Although much paper has already been submitted in connection with the Commission's motion, plaintiff must provide a brief response to explain the utter inadequacy of the defendants' proposed Preliminary Injunction.

The Commission finds it particularly telling that the Supplemental Affidavit of Donald Barrett (dated June 9, 2004) makes absolutely no effort to refute the undeniable, documentary evidence the Commission submitted showing that funds that should have gone to DMC were instead diverted directly to Barrett and a third company, BP Marketing. Indeed, the Declaration of Gerald Solem demonstrates with documentary evidence that at least $84,083 was wired to Barrett personally, instead of DMC. Similarly showing a pattern and practice of such diversions, the Declaration of Allen Stern submitted at the June 7 hearing demonstrated with documentary evidence that at Barrett's request, $250,000 that should have gone to DMC was

wired to Barrett personally, and an additional $150,973 was wired to BP Marketing instead of DMC.

Barrett's failure to respond to the FTC's evidence of these highly questionable financial transactions is compounded by disingenuously proposing a Preliminary Injunction that omits him – the key player – from an asset restriction and an accounting. Indeed, the proposed asset restriction provisions and accounting would apply only to DMC and ITV and would render the Preliminary Injunction irrelevant as to the person directly responsible for the documented diversion of funds – the President of DMC and ITV – Barrett. *See* Def. Proposed Prelim. Inj. §§ VI, IX. To the extent that money was siphoned off to Barrett before going to DMC or ITV, an accounting limited to DMC and ITC could not provide meaningful results.

Accordingly, the Commission submits that for the above reasons, and for the many additional reasons set forth in the Commission's motion papers, defendants' proposed Preliminary Injunction should be rejected and the proposed Preliminary Injunction submitted by the Commission on June 8, 2004, which contains detailed findings of fact and conclusions of law, should be entered by the Court.

Respectfully Submitted,

_____
DANIEL KAUFMAN
KIAL S. YOUNG (BBO # 633515)
EDWARD GLENNON
Federal Trade Commission
600 Pennsylvania Avenue, NW,
NJ-3212
Washington, DC  20580
(202) 326-2675, - 3525, -3126 (voice)
(202) 326-3259 (fax)
dkaufman@ftc.gov, kyoung@ftc.gov or
eglennon@ftc.gov

ATTORNEYS FOR PLAINTIFF                    Dated June 9, 2004

## CERTIFICATE OF SERVICE

My name is Daniel Kaufman and I am an attorney with Federal Trade Commission. On June 9, 2004, copies of Plaintiff's Plaintiff's Memorandum in Response to Defendant Direct Marketing Concepts, Inc., ITV Direct, Inc., and Donald W. Barrett's Proposed Preliminary Injunction were served via FEDEX as follows:[1]

Corey W. Roush, Esq.  (for Michael Howell, Greg Geremesz, and Health Solutions, LLC)
Hogan & Hartson, LLP
555 Thirteenth St., NW
Washington, D.C. 20004

Barry J. Cutler, Esq.  (for Alejandro Guerrero and Health Solutions, Inc.)
Baker & Hostetler LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036

Peter Brooks, Esq.  (for Direct Marketing Concepts, Inc., ITV Direct, Inc., and Donald Barrett)
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210

Jeffrey D. Knowles, Esq.  (for Triad ML Marketing, Inc., King Media, Inc., and Allen Stern)
Venable LLP
575 7th St., NW
Washington, DC 20004

I declare under penalty of perjury that the foregoing is true and correct. Executed this June 9, 2004 at Washington, D.C.

_____
Daniel Kaufman

---

[1] The Commission has communicated with the listed counsel in relation to the instant case. None of the counsel, however, has made an appearance in this matter, and the Commission is not certain who ultimately will represent the Defendants in this case.