c.   the approximate interval between each shipment;

d.   a description of the billing procedure to be employed, including the total cost to be charged to the subscriber's credit or debit card, or otherwise billed to the subscriber, for each shipment;

e.   the minimum number of purchases required under the program, if any;

f.   all material terms and conditions of a guarantee, refund, or return policy if any representation is made about such a policy, or, if the Defendants have a policy of not making refunds or accepting returns, a statement that this is the Defendants' policy; and

g.   a description of the terms and conditions under which, and the procedures by which, a subscriber may cancel further shipments, as set forth in Part IV.C below. Provided further, that the consumer's consent will be deemed to be express for the purpose of this Part IV only if the Defendants obtained the informed consent in a manner which clearly evidences that the consumer is consenting to the terms of the Continuity Program.

2. Making any representation, in any manner, expressly or by implication, that consumers owe money for Continuity Program merchandise shipped to consumers, unless the Defendants have obtained consumers' express, informed consent to receive and pay for the merchandise.

B. The Defendants shall convey the terms and conditions of the Continuity Program to the consumer in the following manner:

1. For any solicitation initiated or completed by telephone, the terms and conditions set forth in Part IV.A above shall be disclosed during that conversation in clear and understandable language;

2. For any solicitation by a print advertisement, direct mail, electronic mail, or by the Internet, the terms and conditions set forth in Part IV.A above shall be disclosed in a clear and prominent manner in close proximity to the ordering instructions, provided that, if the advertisement or mailing contains an order form or coupon on a separate page or document from the advertising material, the disclosure shall be made both in the advertising materials and on the order form or coupon.

C. The Defendants shall provide, in conjunction with each shipment made pursuant to any Continuity Program, a clear and conspicuous description of the terms and conditions under which, and the procedures by which, the subscriber may cancel future shipments.

D. The Defendants shall not ship any product, program, or service to, or mail any bill or dunning communication to, or bill the credit or debit card of any subscriber who, having once subscribed to a Continuity Program and having fulfilled any minimum purchase requirement to which the subscriber has given express informed consent, notifies the Defendants of the subscriber's cancellation of further shipments.

## MAINTENANCE OF RECORDS

### V.

IT IS FURTHER ORDERED that the Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, whether acting directly or through any corporation, subsidiary, division or other device, are hereby preliminarily enjoined from:

1. failing to create and maintain books, records, accounts, bank statements, current accountants' reports, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the Defendants;

2. destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, invoices, telephone records, ledgers, payroll records, or other documents of any kind, including information stored in computer-maintained form (such as electronic mail), in their possession, and other documents or records of any kind that relate to the business practices or finances of the Defendants; and

3. failing to maintain complete records of any consumer complaints and disputes, whether coming from the consumer or any intermediary, such as a government agency or Better Business Bureau, and any responses made to those complaints or disputes.

## ACCOUNTING

### VI.

IT IS FURTHER ORDERED that:

A. For the purpose of conducting an accounting relating to the Defendants' sale and marketing of Supreme Greens with MSM, and the assets of Barrett, DMC and ITV and related and affiliated corporate entities, within ten (10) days after entry of this Order the Defendants shall retain an accountant and/or accounting firm (hereinafter "accounting firm") to be selected or approved by the Commission. The Defendants shall bear the costs and fees incurred by the accounting firm in conducting this accounting.

B. In this accounting, the accounting firm shall attempt to ascertain, within sixty (60) days from the date of entry of this Order, the following information, whether the information is located in the United States or outside the territorial United States, and shall prepare a report for the Plaintiff and the Defendants describing:

1. all revenues collected and obtained by the Defendants, directly or through any other corporation, partnership, limited liability corporation, or other entity, in connection with the sale in the United States of Supreme Greens with MSM, and the location and/or transfer of all such revenues;

2. the amount of all refunds provided by the Defendants to consumers, directly or through any other corporation, partnership, limited liability corporation, or other entity, in connection with the sale of Supreme Greens with MSM;

3. information sufficient to show the flows of all monies received by the Defendants, directly or indirectly, from the sale in the United States of Supreme Greens with MSM;

4. all costs and expenses incurred by the Defendants, directly or through any other corporation, partnership, limited liability corporation, or other entity, in connection with the sale or marketing of Supreme Greens with MSM in the United States;

5. all net profits collected and obtained by the Defendants, directly or through any other corporation, partnership, limited liability corporation, or other entity, in connection with the sale in the United States of Supreme Greens with MSM;

6. all transfers of assets between the Defendants and any related or affiliated corporate entities or individuals in excess of Ten thousand and 00/100 dollars ($10,000) since January 2003; and

7. the location and amount of all assets of the Defendants, including all assets held either (1) by any Defendant in this action, (2) for Barrett's, DMC's or ITV's benefit, or (3) under any Defendants' direct or indirect control, jointly or severally.

C. Such information gathered by and reports prepared by the accounting firm shall be designated as confidential information.

D. The Defendants and any other person or entity served with a copy of this Order, by personal service, facsimile, or otherwise, shall not interfere with the accounting firm's functions and shall fully cooperate and assist the accounting firm in accomplishing the purposes set forth in this Section, including providing access to documents and information located outside the territorial United States and including the gathering and preserving of documents relating to the Defendants' assets.

E. Should the accounting reveal that the Defendants have concealed, presently are concealing, or are likely to conceal or place assets beyond the Court's reach pending final resolution of this case, the Court will consider additional requests from the Commission for further relief necessary to ensure the enforceability of any judgment, including a freeze of the Defendants' assets and the appointment of a receiver.

## FINANCIAL STATEMENTS

### VII.

IT IS FURTHER ORDERED that:

A. The Defendants each shall prepare and provide to the Commission, within twenty (20) days from entry of this Order, a complete and accurate financial statement, signed under penalty of perjury, on the form attached to this Order as Attachment A (for Barrett) or Attachment B (for DMC and ITV). Barrett also shall include a list of all corporate entities that he has controlled, directly or indirectly, at any point since January 2002 until the present.

B. The Defendants each shall provide the Commission with access to records and documents pertaining to assets of each Defendant that are held by financial institutions outside the territory of the United States, by signing a document entitled "Consent to Release of Financial Records" in the form attached to this Order as Attachment C.

## RESTRICTION ON DISSIPATION OF CORPORATE ASSETS

### VIII.

IT IS FURTHER ORDERED that DMC and ITV and any of their officers, directors, agents, servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with them who

receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby preliminarily enjoined from directly or indirectly selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds, real, personal, or intellectual property, or other assets or any interest therein, wherever located, including any assets outside the territorial United States, which are owned and controlled by, or held for the benefit of, in whole or in part, or in the possession of DMC and/or ITV, or any other corporation owned or controlled by DMC and/or ITV, other than those transfers for actual and necessary business operations and expenses that such corporations will reasonably incur, including legal fees associated with ITV Direct, Inc. v. Healthy Solutions, LLC, 04-CV-10421-JLT (D. Mass.); Trudeau v. Direct Mktg. Concepts, Inc., CV 02-02707 (C.D. Cal.); Triad ML Mktg., Inc. v. Direct Mktg. Concepts, Inc., C.A. 03-CV-4321 (E.D. Pa.); HBA Mktg. v. Marine Coral Calcium, C.A. 03-5995 (E.D. Pa.); Triad ML Mktg. v. MXM Essential Formulas, C.A. 03-6047 (E.D. Pa.); and the instant action, FTC v. Direct Mktg. Concepts, Inc., 04-CV-11136-GAO (D. Mass.). DMC and ITV shall not purchase or acquire, in whole or in part, directly or indirectly, any real property without prior permission from the Commission.

DMC and ITV shall maintain copies of documents reflecting such transfers or expenditures for actual and necessary business operations, including but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, and bank records (including monthly statements, canceled checks, records of wire transfers, and check registers). These documents shall be produced to the Commission monthly (by the tenth day of the following month) with respect to transfers or expenditures over Five thousand and 00/100

dollars ($5,000) from the date of entry of this Order. The funds, property and assets affected by this Paragraph shall include both existing assets and assets acquired after the date of entry of this Order, including without limitation, those acquired by loan or gift.

## RESTRICTION ON DISSIPATION OF BARRETT'S ASSETS

IX.

IT IS FURTHER ORDERED that Barrett and his agents, servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby preliminarily enjoined from directly or indirectly selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing or any funds, real, personal, or intellectual property, or other assets or any interest therein, wherever located, including any assets outside the territorial United States, which are owned and controlled by, or held for the benefit of, in whole or in part, or in the possession of Barrett, other than those expenditures or transfers for actual and necessary business operations and business and personal expenses that he will reasonably incur, including legal fees associated with ITV Direct, Inc. v. Healthy Solutions, LLC, 04-CV-10421-JLT (D. Mass.); Trudeau v. Direct Mktg. Concepts, Inc., CV 02-02707 (C.D. Cal.); Triad ML Mktg., Inc. v. Direct Mktg. Concepts, Inc., C.A. 03-CV-4321 (E.D. Pa.); HBA Mktg. v. Marine Coral Calcium, C.A. 03-5995 (E.D. Pa.); Triad ML Mktg. v. MXM Essential Formulas, C.A. 03-6047 (E.D. Pa.); and the instant action, FTC v. Direct Mktg. Concepts, Inc., 04-CV-11136-GAO (D. Mass.). Barrett shall not purchase or acquire, in whole or

in part, directly or indirectly, any real property or pay for any significant home improvements or landscaping without prior permission from the Commission.

Barrett shall maintain copies of documents reflecting such transfers or expenditures for actual and necessary business operations and business and personal expenses, including but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, and bank records (including monthly statements, canceled checks, records of wire transfers, and check registers). These documents shall be produced to the Commission monthly (by the tenth day of the following month) with respect to transfers or expenditures over Two thousand five hundred and 00/100 dollars ($2,500) from the date of entry of this Order. The funds, property and assets affected by this Paragraph shall include both existing assets and assets acquired after the date of entry of this Order, including, without limitation, those acquired by loan or gift.

## EXPEDITED DISCOVERY

X.

IT IS FURTHER ORDERED that the Commission is granted leave at any time after service of this Order to depose or demand the production of documents from any person or entity relating to the nature, status, extent, location or other relevant information relating to the Defendants' assets, income, personal or business financial records, or the location of any Defendant or potential Defendant. Seven (7) days shall be deemed sufficient for any such production of documents from the Defendants, and ten (10) days shall be deemed sufficient for any such production of documents from any other person or entity, including but not limited to any bank, savings and loan, financial or brokerage institution, fund, escrow agent, or trustee. The

production of documents submitted pursuant to this provision shall not in any way waive Plaintiff's rights to seek the production of additional documents.

## RIGHT OF IMMEDIATE ACCESS

### XI.

IT IS FURTHER ORDERED that the Defendants and any other person who receives actual notice of this Order by personal service or otherwise, including by facsimile, shall permit the Commission's employees, agents, and assistants immediate access to any business premises and storage facilities, whether owned, controlled or used by the Defendants, in whole or in part, including but not limited to the offices located at 100 Cummings Center, Beverly, MA 01915 or at 20 Oakpoint Ext., Saugus, MA 01906. The purpose of this access shall be to inspect, copy and inventory documents referring or relating to:

A. advertising or marketing, including issues relating to safety, of Supreme Greens with MSM;

B. any business relationship between any of the Defendants and any other business entity;

C. the financial status of the Defendants, including but not limited to the nature or location of any bank account, safe deposit box, or other asset of the Defendants;

D. any transaction, correspondence or other communication by or between any consumer and any of the Defendants or any representatives, employees, agents, officers, servants, or assistants of the Defendants; and

E.  any action, correspondence or other communication by or between any law enforcement agency, consumer group, or Better Business Bureau and the Defendants, or any representatives, employees, agents, officers, servants, or assistants of the Defendants.

The Commission's representatives may remove original documents from the business premises of the Defendants to make photocopies, provided that the originals are returned within a reasonable period of time. The Defendants shall provide Commission employees, agents and assistants with any necessary means of access to these documents, including but not limited to keys and lock combinations, computer access codes, and storage access information. The Defendants, and their officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, are hereby preliminarily enjoined from interfering with the Commission's right of access described herein.

## CONSUMER REPORTS

### XII.

IT IS FURTHER ORDERED that the Commission may obtain consumer reports concerning any of the Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the Commission.

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XIII.

IT IS FURTHER ORDERED that the Defendants shall immediately provide a copy of this Order to each affiliate, partner, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, fulfillment house, call center, and representative of the Defendants, and within ten (10) days following entry of this Order, shall provide the Commission with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that the Defendants have served with a copy of this Order in compliance with this provision.

## SERVICE OF THIS ORDER BY PLAINTIFF

### XIV.

IT IS FURTHER ORDERED that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of the Commission or any state or federal law enforcement agency, on (1) any Defendant in this action, or (2) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

## RIGHT TO INVESTIGATE AND ADD ADDITIONAL PARTIES AND CLAIMS

### XV.

Nothing in this Order shall be construed as limiting or restricting the Commission's right or ability to investigate, take discovery from, add to this action, or bring further actions against any persons or entities not specifically named herein as a Defendant who may be in active concert or participation with any of the Defendants.

## RETENTION OF JURISDICTION

### XVI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

It is SO ORDERED.

_____June 23, 2004_____          _____[signature]_____
DATE                                  DISTRICT JUDGE

Attachments A-C