UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br>    Plaintiff,<br>v.<br><br>DIRECT MARKETING CONCEPTS, INC.,<br>dba TODAY'S HEALTH and DIRECT<br>FULFILLMENT, ITV DIRECT INC., dba<br>DIRECT FULFILLMENT, DONALD W.<br>BARRETT, HEALTHY SOLUTIONS LLC<br>dba DIRECT BUSINESS CONCEPTS,<br>HEALTH SOLUTIONS INC.,<br>ALEJANDRO GUERRERO, MICHAEL<br>HOWELL, GREG GEREMESZ, TRIAD ML<br>MARKETING, INC., KING MEDIA, INC.,<br>and ALLEN STERN,<br>    Defendants.<br><br>HEALTHY SOLUTIONS, LLC dba DIRECT<br>BUSINESS CONCEPTS, a California limited<br>liability company;;<br>    Counterclaimant,<br>v.<br>ITV DIRECT, INC., a Massachusetts corporation;<br>DIRECT FULFILLMENT LLC, a Massachusetts<br>limited liability company, and DOES 1-10,<br>inclusive,<br>    Counterdefendants. | Civil Action No. 04-CV-11136-GAO<br><br>Judge George O'Toole<br><br>ANSWER OF DEFENDANTS HEALTHY<br>SOLUTIONS, LLC, HEALTH SOLUTIONS,<br>INC., ALEJANDRO GUERRERO,<br>MICHAEL HOWELL, AND GREG<br>GEREMESZ |

Defendants Healthy Solutions, LLC, Health Solutions, Inc., Alejandro Guerrero, individually as an officer and director of Health Solutions, Inc., Michael Howell, individually and as a member of Healthy Solutions, LLC, and as an officer of Health Solutions, Inc., and Greg Geremesz, individually and as a member of Healthy Solutions, LLC, and as an officer of Health Solutions, Inc., (collectively "Defendants") plead by way of Answer to the Complaint and in allegation of various causes of action pleads:

## JURISDICTION AND VENUE

1. Defendants deny the allegations of Paragraph 1, except to the extent that the allegations relate to other defendants for whom Defendants lack sufficient information to form a belief and therefore deny the same.

2. Defendants admit the allegations of Paragraph 2.

3. Defendants admit the allegations of Paragraph 3.

## THE PARTIES

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit, on information and belief, that DMC has promoted, marketed, offered for sale, and/or distributed a dietary supplement called "Supreme Greens with MSM" ("Supreme Greens") to consumers throughout the United States through the use of one or more nationally disseminated infomercials, over which DMC had complete editorial control, and that Defendants Donald Barrett and Alejandro Guerrero appear in a Supreme Greens infomercial(s) promoting Supreme Greens and that DMC transacts or has transacted business in the District of Massachusetts. Defendants lack sufficient information to form a belief as to the remaining allegations of Paragraph 5 and therefore deny the same.

6. Defendants, on information and belief, admit the allegations of Paragraph 6.

7. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 7 and therefore deny the same.

8. Defendant Healthy Solutions LLC denies that the distribution agreement for Supreme Greens was exclusive, and denies that the promotional and marketing efforts of this answering defendant over which this answering defendant had control are the subject of Plaintiff's Complaint; but admits the remaining allegations of Paragraph 8.

9. Defendant Health Solutions Inc. denies that the promotional and marketing efforts of this answering defendant over which this answering defendant had control are the subject of Plaintiff's Complaint; but admits the remaining allegations of Paragraph 9.

10. Defendant Alejandro Guerrero denies that he personally or, in concert with others, personally disseminated infomercials or has engaged in any unlawful acts and practices alleged in this complaint or transacts or has personally transacted business in the District of Massachusetts, but he admits the remaining allegations of Paragraph 10.

11. Defendant Michael Howell denies that he personally, or in concert with others has promoted, marketed, offered for sale, and/or distributed Supreme Greens through the use of infomercials or other means and denies that the distribution agreement with ITV was exclusive and that he has personally transacted business in the District of Massachusetts, but he admits the remaining allegations of Paragraph 11.

12. Defendant Greg Geremesz denies that he personally, or in concert with others has promoted, marketed, offered for sale, and/or distributed Supreme Greens through the use of infomercials or other means and that he has personally transacted business in the District of Massachusetts, but he admits the remaining allegations of Paragraph 12.

13. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 13, and therefore deny the same.

14. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 14, and therefore deny the same.

15. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 15, and therefore deny the same.

16. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 16, and therefore deny the same.

## COMMERCE

17. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 17 with respect to other defendants and, therefore, deny same. Defendants admit the remaining allegations of Paragraph 17.

## DEFENDANTS' COURSE OF CONDUCT

18. Defendants lack sufficient information to form a belief as to the allegations of Paragraph 18, and therefore deny the same.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, deny same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, deny same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, deny same.

22.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, deny same.

**Supreme Greens with MSM**

23.   Defendants deny that they have promoted the product as an effective treatment, cure and preventative for cancer, heart disease, arthritis, and diabetes, or as a means of achieving substantial weight loss. Defendants also deny that they claim that Supreme Greens can be taken safely by all pregnant women and all persons taking any type of medication without consultation with a physician. Defendants admit the remaining allegations of Paragraph 23.

24.   Defendants, on information and belief, admit the allegations of Paragraph 24.

25.   Defendants deny that they have promoted the product through the Internet website www.todayshealth.com, and deny that the defendants were responsible for the acts complained of herein on wwww.supremegreens.com. Defendants deny having control over the content or form of any infomercials. Defendants admit the remaining allegations of Paragraph 25.

26.   Defendants deny the allegations of Paragraph 26 to the extent that Exhibits 5 through 7 and the text thereof are taken out of context and therefore misleading.

27.   Defendants admit the allegations of Paragraph 27.

28.   Defendants lack sufficient information to admit or deny the allegations of Paragraph 28, and therefore deny the same.

## SECTIONS 5 AND 12 OF THE FTC ACT

29.   Defendants deny the allegations of Paragraph 29.

## DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE FTC ACT

### COUNT I

**Unlawful Claims Regarding the Health Benefits of Coral Calcium Daily**

30.   Defendants lack sufficient information to admit or deny the allegations of Paragraph 30, and therefore deny the same.

31.   Defendants lack sufficient information to admit or deny the allegations of Paragraph 31, and therefore deny the same.

### COUNT II

**Unlawful Claims Regarding the Bioavailability and Superiority**

**of Coral Calcium Daily**

32.  Defendants lack sufficient information to admit or deny the allegations of Paragraph 32, and therefore deny the same.

33.  Defendants lack sufficient information to admit or deny the allegations of Paragraph 33, and therefore deny the same.

### COUNT III

**Unlawful claims Regarding Certain Scientific Studies on Calcium**

34.  Defendants lack sufficient information to admit or deny the allegations of Paragraph 34, and therefore deny the same.

35.  Defendants lack sufficient information to admit or deny the allegations of Paragraph 35, and therefore deny the same.

### COUNT IV

**Unlawful Claims Regarding the Health Benefits of Supreme Greens**

36.  Defendants deny the allegations of Paragraph 36.

37.  Defendants deny the allegations of Paragraph 37.

### COUNT V

**Unlawful Weight Loss Claim Regarding Supreme Greens**

38.  Defendants deny the allegations of Paragraph 38.

39.  Defendants deny the allegations of Paragraph 39.

### COUNT VI

**Unlawful Safety Claims Regarding Supreme Greens**

40.  Defendants deny the allegations of Paragraph 40.

41.  Defendants deny the allegations of Paragraph 41.

### COUNT VII

**Deceptive Format**

42.  Defendants lack sufficient information to admit or deny the allegations of Paragraph 42, and therefore deny the same.

43.  Defendants lack sufficient information to admit or deny the allegations of Paragraph 43, and therefore deny the same.

### COUNT VIII

**Unfair Practice Regarding Unauthorized Credit and Debit Charges**

44. Defendants lack sufficient information to admit or deny the allegations of Paragraph 44, and therefore deny the same.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and therefore deny same.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and therefore deny same.

## CONSUMER INJURY

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny that these answering defendants have violated the FTC Act, but admit the remaining allegations of Paragraph 48.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

A. Plaintiff takes nothing by way of its Complaint;

B. Defendants be awarded its costs, including attorney fees as allowed by the law; and

C. For such other and further relief as allowed by the law.

DATED: July 28th, 2004

Respectfully submitted,
HEALTHY SOLUTIONS, LLC,
HEALTH SOLUTIONS, INC.,
ALEJANDRO GUERRERO,
MICHAEL HOWELL,
GREG GEREMESZ
By its and their attorneys,

Becky V. Christensen, Esq. CA State Bar # 147013
Craig McLaughlin, Esq. CA State Bar #182876
LEVIN & O'CONNOR
384 Forest Avenue, Suite 13
Laguna Beach, CA 92651
(949) 497-7676

Dustin F. Hecker, Esq.
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-8004
(617) 973-6100

CERTIFICATE OF SERVICE

I hereby certify that on ~~July 29~~ Aug 2, 2004, a copy of foregoing ANSWER OF DEFENDANTS HEALTHY SOLUTIONS, LLC, HEALTH SOLUTIONS, INC., ALEJANDRO GUERRERO, MICHAEL HOWELL, AND GREG GEREMESZ was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Daniel Kaufman<br>Kial S. Young (BBO # 633515)<br>Edward Glennon<br>FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, NW,<br>NJ-3212<br>Washington, DC 20580<br>(202) 326-2675, -3525, -3126 (voice)<br>(202) 326-3259 (fax)<br>dkaufman@ftc.gov, kyoung@ftc.gov or<br>eglennon@ftc.gov<br><br>ATTORNEYS FOR PLAINTIFF | Peter Brooks, Esq.<br>SEYFARTH SHAW, LLP<br>WORLD TRADE CENTER EAST<br>TWO SEAPORT LAND<br>SUITE 300<br>BOSTON, MA 02210<br>Facsimile: (617) 946-4801<br><br>pbrooks@seyfarth.com<br><br>ATTORNEYS FOR DIRECT<br>MARKETING CONCEPTS, INC., ITV<br>DIRECT, INC., and DONALD BARRETT |

_/s/ Dustin F. Hecker_

Dustin F. Hecker, Esq.
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-8004
(617) 973-6100