**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECT MARKETING CONCEPTS, INC., et al.,<br><br>    Defendants.<br><br>DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., and DONALD W. BARRETT,<br><br>    Cross-Claimant,<br><br>v.<br><br>HEALTHY SOLUTIONS, LLC, HEALTH SOLUTIONS, INC., ALEJANDRO GUERRERO, MICHAEL HOWELL, GREG GEREMESZ, ALLEN STERN<br><br>    Cross-Defendants. | CIVIL ACTION NO. 04-CV-11136-GAO |

**ANSWER AND CROSS-COMPLAINT OF DIRECT MARKETING CONCEPTS,
ITV DIRECT, INC. AND DONALD W. BARRETT TO THE COMPLAINT**

Defendants Direct Marketing Concepts, Inc. ("DMC"), ITV Direct, Inc. ("ITV"), and Donald W. Barrett ("Barrett") (collectively "DMC Defendants") by and through their undersigned attorneys, answer the Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") filed by the Plaintiff Federal Trade Commission ("FTC").

1. Paragraph 1 of the Complaint is a statement of relief sought and purports to state a legal conclusion to which no response is required. To the extent a response is required, the DMC Defendants admit that FTC alleges violation of Sections 5(a) and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 52, but deny that they violated these laws

BO1 15659203.1

or any other. DMC Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.     Paragraph 2 of the Complaint states a legal conclusion to which no response is required.

3.     Paragraph 3 of the Complaint states a legal conclusion to which no response is required.

## THE PARTIES

4.     DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.     DMC Defendants admit that DMC is a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. DMC Defendants admit that DMC has sold a product known as Coral Calcium Daily and produced an infomercial featuring Robert Barefoot discussing his personal opinions regarding the possible health benefits of coral calcium. DMC Defendants admit that ITV has sold a product known as Supreme Greens with MSM and produced an infomercial featuring Alejandro Guerrero discussing his opinions regarding the possible health benefits of Supreme Greens with MSM. DMC Defendants admit that Donald Barrett appears in this infomercial, but further respond that all of the health claims made in the infomercial are made by Guerrero and constitute his opinion. DMC Defendants admit that DMC has transacted business in Massachusetts. The remainder of the allegations contained in Paragraph 5 are denied.

6.     DMC Defendants admit that ITV is a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. DMC Defendants admit that ITV has sold a product known as Supreme Greens with MSM and produced an infomercial featuring Alejandro

Guerrero discussing his opinions regarding the possible health benefits of Supreme Greens with MSM. DMC Defendants admit that ITV has transacted business in Massachusetts. The remainder of the allegations contained in Paragraph 6 are denied.

7.    DMC Defendants admit that Donald Barrett is the President and a Director of DMC and ITV. DMC Defendants admit that DMC has sold a product known as Coral Calcium Daily and produced an infomercial featuring Robert Barefoot discussing his personal opinions regarding the possible health benefits of coral calcium. DMC Defendants admit that ITV has sold a product known as Supreme Greens with MSM and produced an infomercial featuring Alejandro Guerrero discussing his opinions regarding the possible health benefits of Supreme Greens with MSM. DMC Defendants admit that Donald Barrett appears in this infomercial, but further respond that all of the health claims made in the infomercial are made by Guerrero and constitute his opinion. DMC Defendants state that Barrett's companies, DMC and ITV, have transacted business in Massachusetts. The remainder of the allegations contained in Paragraph 7 of the Complaint are denied.

8.    DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 8 of the Complaint. DMC Defendants admit that in or about April 2003, Healthy Solutions entered into a distribution agreement with ITV for the Supreme Greens product, granting ITV the right to market and sell Supreme Greens and designating Guerrero as the "spokesperson." DMC Defendants admit the allegations contained in the fifth sentence of Paragraph 8, and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 8. The remainder of the allegations contained in Paragraph 8 of the Complaint are denied.

3

9. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 11 of the Complaint. DMC Defendants admit the allegations contained in the third sentence of Paragraph 11, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. DMC Defendants admit that it was a business partner of King Media, and that King Media financed the dissemination of an infomercial for Coral Calcium Daily. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

15. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

**COMMERCE**

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, DMC Defendants admit that Plaintiff alleges that

4

DMC Defendants are or have been in or affecting commerce pursuant to Section 4 of the FTC Act, 15 U.S.C. § 44. DMC Defendant deny the remaining allegations contained in Paragraph 17 of the Complaint.

<b>DEFENDANTS' COURSE OF CONDUCT</b>

**Coral Calcium Daily**

18. DMC Defendants admit that Defendant DMC has advertised, offered for sale, sold, and/or distributed Coral Calcium Daily. DMC Defendants further admit that, according to research provided by Robert Barefoot, Coral Calcium Daily is a dietary supplement that contains a form of calcium derived from marine coral and, in his opinion, has possible health benefits. DMC Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. DMC Defendants admit that Coral Calcium Daily has been sold at prices between $14.95 and $39.95 and that bottles of Coral Calcium Daily typically contain 90 capsules. DMC Defendants further state that the labels on the bottles speak for themselves regarding the contents of each capsule and daily serving size information. DMC Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. DMC Defendants admit that an infomercial was produced featuring Robert Barefoot in which Barefoot discusses his opinions regarding the possible benefits of coral calcium. DMC Defendants admit that this infomercial was aired on various national and local networks, and that a toll-free telephone number appeared during the course of the infomercial to call to purchase Coral Calcium Daily. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of information regarding advertisements produced and disseminated by Defendants Triad, King Media and Stern and current retail sales of Coral Calcium Daily. DMC Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     DMC Defendants deny that the statements set forth in Paragraph 21(A) – (H) were made by or on behalf the DMC Defendants, and deny that these statements are complete or representative of the claims made in the infomercial and transcript attached as exhibits 1 and 2 to the Complaint, which exhibits speak for themselves.  DMC Defendants deny that the statements set forth in Paragraph 21(I) are complete or representative of claims made in promotional materials, and deny they disseminated the document attached as exhibit 3 to the Complaint.  DMC Defendants deny the allegations of Paragraph 21(J) to the extent exhibit 4 is taken out of context and is therefore misleading, and state that the document speaks for itself.  DMC Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint as they relate to the DMC Defendants.  As to the other defendants, DMC Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 21 of the Complaint.

22.     DMC Defendants admit to selling Coral Calcium Daily through distributors and providing those distributors with information about Coral Calcium Daily.  DMC Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

**Supreme Greens with MSM**

23.     DMC Defendants admit that ITV has advertised, offered for sale, sold, and/or distributed Supreme Greens.  DMC Defendants state that the labeling on the bottles of Supreme Greens reflects the contents of the product.  DMC Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint as they relate to the DMC Defendants.  As to the other defendants, DMC Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 23 of the Complaint.

24.     DMC Defendants admit that Supreme Greens has been sold at prices between $32.98 and $49.99 and that bottles of Supreme Greens typically contain 180 capsules.  DMC

6

Defendants further state that the labels on the bottles speak for themselves regarding the contents of each capsule and daily serving size information. DMC Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.    DMC Defendants admit that an infomercial was produced by ITV featuring Alejandro Guerrero, in which Guerrero discusses his opinions regarding the possible benefits of Supreme Greens. DMC Defendants further admit that this infomercial was aired on various national and local networks. DMC Defendants admit that a toll-free number was provided in the infomercial for viewers to obtain more information about the product. DMC Defendants further admit that information regarding Supreme Greens was available through the Internet. DMC Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.    DMC Defendants deny that the statements set forth in Paragraph 26(A) through (M) are complete or representative of the claims made in the infomercial or other advertising for Supreme Greens, which feature the opinions of Guerrero. Further responding, DMC Defendants state that the tape and transcript of one version of the infomercial are attached as exhibits 5 and 6 to the Complaint and speak for themselves. DMC Defendants deny that any of the claims in Paragraph 26 were made by DMC Defendants, and deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.    DMC Defendants deny the allegations contained in Paragraph 27 of the Complaint, except to admit that a toll-free telephone number was provided for viewers to obtain more information about or to order the Supreme Green product. Further responding, DMC Defendants state that there were numerous versions of the infomercial, each containing specific disclosure that the infomercial was a paid advertisement.

7

28. DMC Defendants deny the allegations contained in Paragraph 28 of the Complaint.

## SECTIONS 5 AND 12 OF THE FTC ACT

29. The first three sentences of Paragraph 29 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, DMC Defendants deny the allegations contained in the first three sentences of Paragraph 29, and deny the allegations contained in the last sentence of Paragraph 29.

## DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE FTC ACT

## COUNT I

**Unlawful Claims Regarding the Health Benefits of Coral Calcium Daily**

30. DMC Defendants deny the allegations contained in Paragraph 30 of the Complaint as they relate to the DMC Defendants.

31. DMC Defendants deny the allegations contained in Paragraph 31 of the Complaint.

## COUNT II

**Unlawful Claims Regarding the Bioavailability and Superiority of Coral Calcium Daily**

32. DMC Defendants deny the allegations contained in Paragraph 32 of the Complaint as they relate to the DMC Defendants.

33. DMC Defendants deny the allegations contained in Paragraph 33 of the Complaint.

## COUNT III

**Unlawful Claims Regarding Certain Scientific Studies on Calcium**

34. DMC Defendants deny the allegations contained in Paragraph 34 of the Complaint as they relate to the DMC Defendants.

35. DMC Defendants deny the allegations contained in Paragraph 35 of the Complaint.

## COUNT IV

### Unlawful Claims Regarding the Health Benefit of Supreme Greens

36. DMC Defendants deny the allegations contained in Paragraph 36 of the Complaint as they relate to the DMC Defendants.

37. DMC Defendants deny the allegations contained in Paragraph 37 of the Complaint.

## COUNT V

### Unlawful Weight Loss Claim Regarding Supreme Greens

38. DMC Defendants deny the allegations contained in Paragraph 38 of the Complaint as they relate to the DMC Defendants.

39. DMC Defendants deny the allegations contained in Paragraph 39 of the Complaint.

## COUNT VI

### Unlawful Safety Claims Regarding Supreme Greens

40. DMC Defendants deny the allegations contained in Paragraph 40 of the Complaint as they relate to the DMC Defendants.

41. DMC Defendants deny the allegations contained in Paragraph 41 of the Complaint.

## COUNT VII

### Deceptive Format

42. DMC Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. DMC Defendants deny the allegations contained in Paragraph 43 of the Complaint, except to admit that the infomercial was paid commercial advertising and was represented as such through disclaimers contained within the infomercial.

## COUNT VIII

### Unfair Practice Regarding Unauthorized Credit and Debit Charges

44. DMC Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. DMC Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. DMC Defendants deny the allegations contained in Paragraph 46 of the Complaint.

## CONSUMER INJURY

47. DMC Defendants deny the allegations contained in Paragraph 47 of the Complaint.

## THIS COURT'S POWER TO GRANT RELIEF

48. Paragraph 48 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, DMC Defendants admit that FTC seeks relief from this Court pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), but denies that such relief should be granted. DMC Defendants deny the remaining allegations contained in Paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiff's causes of action fail to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has not been damaged by any acts of the DMC Defendants.

**THIRD AFFIRMATIVE DEFENSE**

The allegedly deceptive statements were not made by the DMC defendants, but were made by others over which the DMC Defendants exerted no authority or control and for which DMC Defendants have never had responsibility. All of Plaintiff's claims against the DMC Defendants, therefore, are derivative of claims against other parties or third-parties.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because each of the allegedly deceptive advertisements contained disclaimers.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the First Amendment to the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, DMC Defendants demand judgment of dismissal with prejudice as to all counts of Plaintiff's claims, plus costs and attorneys' fees.

**CROSS-CLAIM**

Pursuant Rule 13(g) of the Federal Rules of Civil Procedure, DMC Defendants bring a Cross-Claim against Cross-Defendants Healthy Solutions, LLC d/b/a Direct Business Concepts, Health Solutions, Inc., Alejandro Guerrero a/k/a Alex Guerrero, Michael Howell, and Greg Geremesz (collectively, "Healthy Solutions Defendants").

## PARTIES

1. The cross-claimant ITV Direct, Inc. ("ITV") is a Massachusetts corporation with a principal place of business at 100 Cummings Center, Suite 506E, Beverly, Massachusetts.

2. The cross-claimant Direct Marketing Concepts, Inc. ("DMC") is a Massachusetts corporation with a principal place of business in Beverly, Massachusetts.

3. The cross-claimant Donald Barrett ("Barrett") is a Massachusetts resident and is the President and a Director of DMC and ITV.

4. The cross-defendant Healthy Solutions, LLC ("Healthy Solutions") is a California limited liability company with a principal place of business at 9528 Mirimar Road, No. 100, San Diego, California.

5. The cross-defendant Health Solutions, Inc. ("HS") is a California corporation with a principal place of business at 16843 Valley Boulevard, Suite 540 E, Fontana, California.

6. The cross-defendant Alejandro Guerrero ("Guerrero") is a California resident doing business at 9528 Mirimar Road, No. 100, San Diego, California and 16843 Valley Boulevard, Suite 540 E, Fontana, California.

7. The cross-defendant Michael Howell ("Howell") is a California resident doing business at 9528 Mirimar Road, No. 100, San Diego, California and 16843 Valley Boulevard, Suite 540 E, Fontana, California.

8. The cross-defendant Greg Geremesz ("Geremesz") is a California resident doing business at 9528 Mirimar Road, No. 100, San Diego, California and 16843 Valley Boulevard, Suite 540 E, Fontana, California.

## FACTS

9. ITV, among other things, markets and distributes various healthcare related products to individual and retail consumers.

10.  Since its inception, ITV has utilized infomercials for the promotion of a variety of nutritional products.  To this day, a substantial portion of ITV's revenues is derived from telephone orders for products that are advertised on 30-minute infomercials that are produced and owned by ITV or its affiliated companies.  As a result of its success, ITV is considered a leader in the development and use of infomercials to market vitamin and mineral supplements.

11.  In or around late 2002, Howell and Geremesz began purchasing products from ITV and, thereafter, were in frequent contact with one of ITV's sales managers to request additional sales and product information.

12.  In or around early 2003, Howell and Geremesz advised ITV's sales manager that their friend and business associate, Guerrero, had recently developed an organic dietary supplement known as "Supreme Greens with MSM" and suggested that there be a meeting with ITV's principals to discuss ITV developing a market for the new product (the "Product").  Howell and Geremesz repeatedly referred to Guerrero as a doctor and an OMD, which is a designation under California law that required a medical degree or a doctorate degree from an accredited university in the State of California.

13.  Over the following months, ITV's principals met with Guerrero, Howell, and Geremesz to explore whether a financial commitment by ITV was possible to develop a market for the product.  During these meetings, Guerrero repeatedly referred to himself as a doctor and as an OMD, and stated that he operated an active clinic with a number of patients.  Guerrero also made numerous claims regarding the health benefits of Supreme Greens with MSM, including its benefits to terminally ill patients, which he claimed were based on a study he had conducted on over 200 patients through his clinic.  Healthy Solutions, through Guerrero, Howell and Geremesz, also represented on several occasions that Guerrero and Healthy Solutions possessed

13

competent and reliable documentary and clinical support for each and every representation they made about the health benefits of the Product.

14.  Based upon the prior representations made by Guerrero and Healthy Solutions, ITV agreed to produce an infomercial featuring Guerrero, in which Guerrero would discuss his opinions about the possible health benefits of Supreme Greens. Every statement regarding possible health benefits was made by Guerrero and he repeatedly confirmed that he had competent and reliable scientific support for these statements.

15.  In or around April 2003, and based on the Healthy Solutions Defendants' representations about the Product, an agreement ("Agreement") was finalized between Healthy Solutions and ITV, whereby ITV would become the exclusive infomercial distributor of "Supreme Greens with MSM." The Agreement contained an indemnification clause, providing, among other things, that Healthy Solutions would indemnify and hold ITV harmless from any claims or actions based upon the health claims made by Guerrero in the infomercial.

16.  Guerrero provided ITV with the information regarding the ingredients contained within the Product but did not disclose the precise formula that he used to manufacture the Product. Guerrero also reconfirmed that he was a doctor, as well as the health claims he had made in the infomercial. These representations were then included in certain promotional materials provided with the Product. All recommended dosage information and information regarding the contents of the product was provided by Guerrero and Healthy Solutions.

17.  In reliance on the Healthy Solutions Defendants' representations, ITV spent millions of dollars promoting and marketing of "Supreme Greens with MSM." This investment in marketing included arranging for the infomercial to air simultaneously on major cable and television networks.

18. On April 7, 2004, the Federal Trade Commission ("FTC") contacted DMC Defendants in connection with the Guerrero/Supreme Greens with MSM infomercial and other marketing materials featuring Guerrero, and notified DMC Defendants that it was conducting an investigation of the claims made by Guerrero concerning the health and curative benefits of the Product.

19. On April 8, 2004, ITV notified the Healthy Solutions Defendants of the FTC investigation and requested that they provide substantiation for the health claims made by Guerrero in the infomercial and in other media. Although the Healthy Solutions Defendants stated that they "stand behind" the health claims made by Guerrero, no such substantiation has been provided.

20. The FTC also raised concerns that Guerrero is not a doctor, despite his representations to that effect directly to ITV, on his website, in the infomercial and in other media. Upon information and belief, Guerrero is not a doctor or an OMD and his representations to that effect are false. Upon information and belief, Guerrero continues to this day to claim on his website and elsewhere that he is a doctor who "treats patients" in violation of California law.

21. In light of the FTC investigations and subsequent filing of the present action challenging the health claims made by Guerrero concerning Supreme Greens with MSM, and the prospect that Guerrero is not a doctor as he has repeatedly represented to ITV and publicly, on April 21, 2004, ITV sent an indemnification demand to Healthy Solutions seeking indemnification of all liabilities and expenses it may incur in connection with the pending FTC investigation and lawsuit.

22. By way of a facsimile dated April 29, 2004, Healthy Solutions rejected ITV's demand for indemnification.

## COUNT I – MISREPRESENTATION AND FRAUD

23. The DMC Defendants restate and reallege paragraphs 1 through 22 as set forth above.

24. The Healthy Solutions Defendants fraudulently represented that Guerrero was a doctor and OMD.

25. The Healthy Solutions Defendants fraudulently represented that they possessed competent and reliable scientific evidence for the health claims made by Guerrero concerning the Supreme Greens with MSM product.

26. The Healthy Solutions Defendants made these fraudulent representations with the intent that the DMC Defendants would rely on this information and enter into the Distribution Agreement.

27. In reliance on the Healthy Solutions Defendants' fraudulent representations, the DMC Defendants entered into the Distribution Agreement and spent millions of dollars marketing and branding the "Supreme Greens with MSM" trademark and product only to discover that the representations regarding Guerrero's status as a doctor and the scientific substantiation possessed by the Healthy Solutions Defendants was false.

28. As a result of the Healthy Solutions Defendants' misrepresentations and fraud, the DMC Defendants have sustained damage.

## COUNT II – INDEMNIFICATION

29. The DMC Defendants restate and reallege paragraphs 1 through 28 as set forth above.

30. Healthy Solutions Defendants agreed to indemnify and hold harmless the DMC Defendants from any and all claims, lawsuits, actions and proceedings in any court or by any governmental unit arising out of the manufacture and contents of Supreme Greens with MSM and the health and safety claims made by Healthy Solutions Defendants concerning the product.

31.    The DMC Defendants are currently defendants in the present action by the FTC concerning the health claims made by Guerrero concerning Supreme Greens with MSM.

32.    As a result of the present action, the DMC Defendants are incurring and will continue to incur expenses and damages, which are the responsibility of the Healthy Solutions Defendants.

33.    In breach of their indemnification obligations, the Healthy Solutions Defendants have refused to indemnify the DMC Defendants for any damages incurred as a result of these governmental investigations.

34.    As a result of the Healthy Solutions Defendants' breach of their indemnification obligation, the DMC Defendants will sustain damage.

WHEREFORE, the DMC Defendants request this Court to:

a. Determine the damages sustained by the DMC Defendants and enter judgment against the Healthy Solutions Defendants jointly and severally in that amount together with interest and costs;

b. Find that Healthy Solutions Defendants must indemnify and hold harmless the DMC Defendants from any claims, lawsuits, actions or proceedings commenced by the FTC, including the present action; and

c. Grant such other and further relief deemed appropriate and just.

>Respectfully submitted,
>
>DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC. and DONALD W. BARRETT
>
>By their attorney(s),
>
> /s/ Peter S. Brooks
>Peter S. Brooks, BBO #058980
>Christopher F. Robertson, BBO #642094
>Susan W. Gelwick, BBO #567115
>SEYFARTH SHAW LLP
>World Trade Center East
>Two Seaport Lane, Suite 300
>Boston, MA 02210-2028
>Telephone:    (617) 946-4800
>Telecopier:    (617) 946-4801

Dated:  August 6, 2004