## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>             Plaintiff,<br><br>v.<br><br>DIRECT MARKETING CONCEPTS, INC., et al.,<br><br>             Defendants. | CIVIL ACTION NO. 04-CV-11136-GAO |
| DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., and DONALD W. BARRETT,<br><br>             Cross-Claimant,<br><br>v.<br><br>HEALTHY SOLUTIONS, LLC, HEALTH SOLUTIONS, INC., ALEJANDRO GUERRERO, MICHAEL HOWELL, GREG GEREMESZ, ALLEN STERN<br><br>             Cross-Defendants. | |

## ANSWER OF ITV DIRECT, INC. TO THE CROSS-COMPLAINT

Cross-Defendant ITV Direct, Inc. ("ITV") by and through its undersigned attorneys, answers the Cross-Complaint filed by the Cross-Claimants Healthy Solutions, LLC ("Healthy Solutions"), Health Solutions Inc. ("Health Solutions"), Alejandro Guerrero ("Guerrero"), Michael Howell ("Howell") and Greg Geremesz ("Geremesz") (collectively "Cross-Claimants") as follows:

## JURISDICTION

1.      Paragraph 1 of the Cross-Complaint states a legal conclusion to which no response is required.

2.      Paragraph 2 of the Cross-Complaint states a legal conclusion to which no response is required.

## VENUE

3.      Paragraph 3 of the Cross-Complaint states a legal conclusion to which no response is required.

## PARTIES

4.      ITV admits that ITV Direct, Inc. is a Massachusetts corporation with its principal place of business in Beverly, Massachusetts.

5.      ITV is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Cross-Complaint.

6.      ITV is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Cross-Complaint.

7.      ITV is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Cross-Complaint.

8.      ITV is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Cross-Complaint.

## FACTS

9.      ITV admits the allegations of Paragraph 9 of the Cross-Complaint.

10.     ITV admits that it entered into a Distribution Agreement with Healthy Solutions. ITV admits that the document attached as Exhibit A purports to be a copy of the Distribution Agreement, which is a document that speaks for itself.  The remaining allegations of Paragraph 10 of the Cross-Complaint purport to state a legal conclusion to which no response is required. Further answering, ITV states that the Distribution Agreement was subsequently amended by the parties.

2

11.     ITV denies that the allegations of Paragraph 11 of the Cross-Complaint are complete or representative of the language set forth in paragraph 24 of the Distribution Agreement, which is a document that speaks for itself.  The remaining allegations of Paragraph 11 purport to state a legal conclusion to which no response is required.  To the extent a response is required, ITV denies the allegations of Paragraph 11 of the Cross-Complaint.

12.     ITV admits that an infomercial was produced by ITV featuring Guerrero, in which Guerrero discusses his opinions regarding the possible benefits of Supreme Greens in or around April 2003.  ITV denies the remaining allegations contained in Paragraph 12 of the Cross-Complaint.

13.     ITV admits that on April 7, 2004, the Federal Trade Commission ("FTC") contacted ITV in connection with the Guerrero/Supreme Greens with MSM infomercial and other marketing materials featuring Guerrero, and notified that it was conducting an investigation of the claims made by Guerrero concerning the health and curative benefits of the Product.  ITV states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Cross-Complaint.

14.     ITV admits that on April 8, 2004, ITV notified the Cross-Claimants of the FTC investigation and requested that they provide substantiation for the health claims made by Guerrero in the infomercial and in other media, which was not provided to ITV.  ITV further admits that it produced a revised version of the infomercial to address the concerns raised by the FTC.  ITV denies the remaining allegations contained in Paragraph 14 of the Cross-Complaint.

15.     ITV admits that the FTC filed this instant action on or about June 1, 2004.  ITV denies the remaining allegations contained in Paragraph 15 of the Cross-Complaint.

16.     ITV denies the allegations contained in Paragraph 16 of the Cross-Complaint.

17.    ITV denies the allegations contained in Paragraph 17 of the Cross-Complaint.

18.    ITV denies the allegations contained in Paragraph 18 of the Cross-Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more of Cross-Claimants' causes of action fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Cross-Claimants has not been damaged by any acts of the Cross-Defendant.

### THIRD AFFIRMATIVE DEFENSE

Cross-Claimants' claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Cross-Claimants' own acts are the cause of any alleged damages they have suffered, and, therefore, the Cross-Claimants are barred from recovery.

### FIFTH AFFIRMATIVE DEFENSE

Cross-Claimants' claims are barred in whole or part by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Cross-Claimants' claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Cross-Claimants' breach of contract claims are barred by a lack of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

Cross-Claimants' claims are barred by the doctrines of fraud and fraud in the inducement.

### NINTH AFFIRMATIVE DEFENSE

Cross-Claimants' claims are barred by the doctrines of anticipatory beach and repudiation.

## TENTH AFFIRMATIVE DEFENSE

Any damages incurred by Cross-Claimants are set-off entirely by the indemnification and other claims brought by Cross-Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Cross-Claimants' claims are barred by their own illegal acts.


WHEREFORE, Cross-Defendant ITV Direct, Inc. request this Court to:

a. Determine the damages sustained by the Cross-Defendant and enter judgment against the Cross-Claimants jointly and severally in that amount together with interest and costs;

b. Find that Cross-Claimants must indemnify and hold harmless the Cross-Defendant from any claims, lawsuits, actions or proceedings commenced by the FTC, including the present action; and

c. Grant such other and further relief deemed appropriate and just.

Respectfully submitted,

ITV DIRECT, INC.

By their attorney(s),

 /s/ Peter S. Brooks
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801


Dated:  August 23, 2004

BO1 15663210.1