UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

DIRECT MARKETING CONCEPTS, INC., et al.

Defendants.

Civ. No. 04-CV-11136-GAO

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF THE FEDERAL TRADE COMMISSION'S MOTION TO STRIKE FIVE OF THE AFFIRMATIVE DEFENSES OF DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., AND DONALD BARRETT**

The Federal Trade Commission ("FTC" or "Commission") respectfully requests this Court, pursuant to Fed. R. Civ. P. 12(f), to strike five of the seven affirmative defenses raised by defendants Donald Barrett, Direct Marketing Concepts, Inc. and ITV Direct, Inc. ("Barrett Defendants") in this consumer protection action concerning defendants' fraudulent marketing of Supreme Greens and Coral Calcium Daily. The Barrett Defendants' defenses are insufficient as a matter of law and, by striking these defenses now, the Court can prevent the prejudice that would necessarily result from these defenses, such as unnecessary discovery and delay. Elimination of these defenses also would reduce the number of issues for trial or summary judgment.

**ARGUMENT**

Rule 12(f) of the Federal Rules of Civil Procedure authorizes district courts to strike redundant or legally insufficient defenses, such as those that the Barrett Defendants now raise. The rule states that "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Moreover, a defense that would not, under the facts alleged, constitute a valid defense to the action can and should be struck. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (2d ed. 1990) §1381.[1] An affirmative defense should "give[] plaintiff fair notice of the nature of the defense." *Rivera v. Corporacion Insular De Seguros*, 998 F.2d 1001, 1993 WL 285882, at *1 (1st Cir. July 30, 1993) (unpublished opinion) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274.

**A. The Defense that Plaintiff has not been Damaged is Invalid and Should be Stricken**

The Barrett Defendants' second affirmative defense is that "Plaintiff has not been damaged by any acts of the DMC Defendants." The Commission assumes that this defense is designed to question whether the Commission -- as an independent government agency – is authorized to seek the kind of relief it is seeking on behalf of United States consumers. Whether or not the FTC as an agency was "damaged" by defendants is not the issue here – this affirmative defense is legally deficient and irrelevant in this FTC Act action.[2]

---

[1] The Commission is not moving to strike two of the Barrett Defendants' affirmative defenses. Their first defense is the vague contention that "One or more of Plaintiff's causes of action fail to state a claim for which relief can be granted." Their fifth defense – which was unsuccessful at the preliminary injunction stage in this litigation – is that "Plaintiff's claims are barred because each of the allegedly deceptive advertisements contained disclaimers." *See* Preliminary Injunction at 11 ("As demonstrated by the infomercial and website excerpts above, and despite the use of infrequent and/or inconspicuous disclaimers, the Defendants have made the claims that Supreme Greens can cure, treat or prevent cancer, diabetes, arthritis and heart disease, and that Supreme Greens can be safely used by pregnant women, children, and consumers taking any medications."). No affirmative defenses were raised by defendants Alejandro Guerrero, Health Solutions, Inc., Healthy Solutions LLC, Michael Howell and Greg Geremesz.

[2] If Defendants are instead arguing that consumers were not "damaged" because the challenged claims were not false, such an argument is covered by the denials in their Answer, and thus still is not a proper affirmative defense. If their argument is that an agency of the United States government cannot bring a law enforcement action unless that agency itself has been

The FTC is an independent agency of the United States Government created by the FTC Act, 15 U.S.C. §§ 41-58. The Commission is charged, among other things, with enforcement of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, which respectively prohibit deceptive acts or practices in or affecting commerce, and false advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce. The FTC has alleged that the Barrett Defendants have violated these provisions of the FTC Act.

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the Commission to initiate federal district court proceedings to enjoin violations of the FTC Act and to secure such equitable relief, including consumer redress, as may be appropriate. Section 13(b) provides that "in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction." 15 U.S.C. § 53(b). The federal courts, including the courts of this District, have held uniformly that Section 13(b) authorizes the Commission to seek, and the courts to grant, permanent injunctive relief against practices that violate any of the laws enforced by the Commission. *See FTC v. Patriot Alcohol Testers, Inc.*, No. 91-11812-C, 1992 WL 27334 *3 (D. Mass. Feb. 13, 1992) (J.Caffrey) ("[T]he Court is authorized to issue a preliminary injunction as well as an order freezing assets when the attendant facts and circumstances so warrant as an exercise of its broad equitable powers."); *see also FTC v. Gem Merchandising Corp.*, 87 F.3d 466, 468 (11th Cir. 1996); *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1026 (7th Cir. 1989).

This uniform view is grounded in both the language of Section 13(b) and the purpose of the FTC Act, which is "to protect consumers, not to punish wrong-doers." *FTC v. Minuteman*

---

injured – *e.g.*, by breach of contract – the defense is clearly ludicrous.

*Press*, 53 F. Supp. 2d 248, 260 (E.D.N.Y. 1998). Federal courts have routinely awarded equitable remedies, including consumer redress, in Section 13(b) cases. *See, e.g., FTC v. Pantron I Corp.*, 33 F.3d 1088, 1096, 1102-04 (9th Cir. 1994) (redress awarded for deceptive advertising for baldness cure product); *FTC v. Gill*, 71 F. Supp. 2d 1030, 1047-49 (C.D. Cal. 1999), *aff'd* 265 F.3d 944 (9th Cir. 2001) (awarding redress for misleading claims); *FTC v. US Sales Corp.*, 785 F. Supp. 737, 752-53 (N.D. Ill. 1992) (awarding redress for deceptive advertisements). In none of these cases was the Commission itself injured by the challenged practices; rather, as here, it was acting on behalf of American consumers who had been harmed by those practices.

Accordingly, an affirmative defense that "Plaintiff has not been damaged" is inapposite in this litigation and should be stricken.

**B. The Barrett Defendants' Attempt to Shift Blame to their Co-defendants Should be Stricken**

The Barrett Defendants' third affirmative defense states:

> The allegedly deceptive statements were not made by the DMC defendants, but were made by others over which the DMC Defendants exerted no authority or control and for which DMC Defendants have never had responsibility. All of Plaintiff's claims against the DMC Defendants, therefore, are derivative of claims against other parties or third-parties.

This affirmative defense – an apparent attempt to shift the blame from the Barrett Defendants to their co-defendants – is an invalid affirmative defense that should be stricken. It is undisputed, for example, that these defendants spent millions of dollars disseminating the infomercials that are at the core of the Commission's Complaint. These are the infomercials that make the claims challenged by the FTC. Indeed, in the Preliminary Injunction, the Court has initially found – based upon the affidavits presented – that Barrett, DMC and ITV produced and disseminated the

Supreme Greens infomercial. Preliminary Injunction at 2. In addition to disseminating the challenged infomercials, the Complaint clearly sets forth concrete facts that show the direct involvement of the Barrett Defendants in other challenged actions. Exhibit 4 to the Complaint is a marketing letter signed by Mr. Barrett and sent to consumers that conveys the strong claim that coral calcium can cure cancer. Exhibit 7 to the Complaint is a copy of the Barrett Defendants' website which contains the following challenged statements:

> A number of health problems and degenerative conditions have been **linked to highly acidic cell pH:**
>
> - Cancer
> - Arthritis
>
> * * *
>
> - High Blood Pressure
> - High Cholesterol
>
> * * *
>
> - Diabetes
>
> * * *
>
> - Endometriosis
>
> * * *
>
> - Overweight
> - Heart Disease
>
> So How Do You Rebalance Your Cells pH Levels and Get the Minerals and Nutrients You Need?
>
> According to Health professionals, supplements are needed to give the body what it needs. But where most supplements either provide vitamins or proteins, Supreme Greens works to help rebalance your cell pH.
>
> * * *
>
> Supreme Greens was formulated by Dr. Alex Guerrero, a renowned physician who has focused his career on working with people with various degenerative and chronic ailments. His breakthrough supplement has already helped thousands of people with cancer, diabetes, arthritis, lupus, fibromyalgia, chronic fatigue syndrome, and many others.

As this Court recognized in the Preliminary Injunction in this matter, alleged reliance

upon the statements of a co-defendant is not a valid defense to the Commission's charges. *See* Preliminary Injunction at 12 ("The Defendants' purported reliance upon co-defendant Alex Guerrero's representations – even if true is not a valid defense to a violation of the FTC Act.")

Other courts have frequently stricken "blame the co-defendants" affirmative defenses in FTC cases. In *FTC v. American Microtel, Inc.*, No. CV-S-92-178-LDG(RJJ), 1992 WL 184252, at *1-2 (D. Nev. June 10, 1992), two defendants asserted as an affirmative defense that the challenged representations were created by their co-defendants and that the two defendants had been assured by the co-defendants that the representations were lawful. The court struck this affirmative defense because it "would not extinguish the defendants' liability even if the facts alleged therein were proven." *Id.* at *2. *See also FTC v. Publishing Clearing House, Inc.*, 106 F.3d 407, 1997 WL 22245, at *1 (9th Cir. Jan. 15, 1997) (unpublished opinion) (after district court granted summary judgment to FTC, court of appeals affirmed the inadequacy of telemarketer's defense that he read the telemarketing script "word for word" and "did not participate in the business affairs" of his co-defendant employer); *FTC v. American Standard Credit Systems, Inc.*, 874 F. Supp. 1080, 1088 (C.D. Cal. 1994) ("it is no defense for Defendants to argue that the advertising was sanctioned by" a third party). Accordingly, under the facts alleged by the Commission, this defense is invalid and should be stricken.

### C. The Defense of Accord and Satisfaction is Irrelevant in this Litigation

Defendants' fourth affirmative defense is that "Plaintiff's claims are barred by the doctrine of accord and satisfaction." Although accord and satisfaction can be a legitimate affirmative defense, Fed. R. Civ. P. 8(c), the Commission is candidly perplexed as to how any of the allegations in this litigation could be defended under an accord and satisfaction theory.

To prove a defense of accord and satisfaction, defendants must prove:

> (1) that there has arisen between the parties a bona fide dispute as to the existence or extent of liability; (2) that subsequent to the arising of that dispute the parties entered into an agreement under the terms of which the dispute is compromised by the payment by one party of a sum in excess of that which he admits he owes and the receipt by the other party of a sum less in amount that he claims is due him, all for the purpose of settling the dispute; and (3) a performance by the parties of that agreement.

*Rust Engineering Co. v. Lawrence Pumps, Inc.*, 401 F. Supp. 328, 333 (D. Mass. 1975). The Commission has not entered into any agreement with the Barrett Defendants that would somehow negate any of the claims set forth in the Complaint. Accordingly, this defense should be stricken or at a minimum, defendants should be required to set forth additional factual information to give the Commission fair notice as to the nature and basis of this defense.

**D. The First Amendment Defense Should be Stricken**

The Barrett Defendants' sixth affirmative defense is that "Plaintiff's claims are barred by the First Amendment to the United States Constitution."[3] This defense is legally unsound, as the Commission has challenged false and misleading commercial speech made by the Barrett Defendants and has alleged that the advertising violates the Federal Trade Commission Act. *See United States v. Raymond*, 228 F.3d 804, 815 (7th Cir. 2000) ("It is permissible for the government to prevent the dissemination of false or misleading commercial speech.").

The representations challenged – television and Internet advertisements – are quintessential commercial speech. It is well-established that commercial speech receives protection under the First Amendment only if it concerns lawful activity and is not misleading.

---

[3] Plaintiff assumes that this affirmative defense only pertains to Counts I through VII, which challenge the advertising claims made for Coral Calcium Daily and Supreme Greens. We assume that it does not pertain to Count VIII, which alleges that Defendants engaged in unauthorized billing practices that violated the FTC Act.

*Central Hudson Gas & Elec Corp. v. Public Service Comm. of New York*, 447 U.S. 557, 563, 564 (1980).[4]  *See Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 638 (1985) ("The States and the Federal Government are free to prevent the dissemination of commercial speech that is false, deceptive or misleading.") (citation omitted).  Under *Central Hudson*, if the Barrett Defendants' representations about Coral Calcium Daily or Supreme Greens communicate false or misleading messages to consumers, they have no constitutional protection.

Indeed, if the Court were to find that the Commission failed to prove that the Barrett Defendants' advertising claims were false or misleading, then it will not have proved the predicate for establishing a violation of Counts I through VII of the Complaint.  Accordingly, no First Amendment concerns would arise because no restrictions would be imposed on the Barrett Defendants' future marketing statements.  Conversely, if the Court were to find that the Commission proved that the Barrett Defendants' advertising claims were false or misleading, there still would be no First Amendment concerns because the First Amendment does not protect false or misleading commercial speech.

The Commission's initiation of this lawsuit has not restricted in any way Defendants' ability to engage in truthful, non-misleading speech.  Unlike cases in which broad *prior* restraints have been placed on *entire categories* of commercial speech,[5] this law enforcement proceeding

---

[4] Even if commercial speech is not misleading, the government can regulate it if the criteria articulated by the Supreme Court in *Central Hudson* are satisfied: the asserted governmental interest is substantial; the regulation directly advances the governmental interest asserted; and is not more extensive than is necessary to serve that interest.  *Id.* at 566.

[5] *E.g.*, *Pearson v. Shalala*, 164 F.3d 650 (D.C. Cir. 1999) (Food and Drug Administration prohibition on all health claims for dietary supplements, except when the agency determined *a priori* that there was "significant scientific agreement" that evidence supported a particular claim); *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484 (1996) (state law banning advertising of the retail price of alcoholic beverages); *Edenfield v. Fane*, 507 U.S. 761 (1993)

challenges as misleading commercial speech that was already disseminated by one particular advertiser. Notably, the Commission's advertising substantiation requirements have withstood three separate First Amendment challenges in the circuit courts over the past 20 years.[6]

Accordingly, the Barrett Defendants attempt to shield their fraudulent conduct through assertions of non-existent First Amendment protections must fail and the affirmative defense should be stricken.

**E. The Defense of Laches is Improper in an FTC action**

The Barrett Defendants assert as their seventh affirmative defense that the causes of action asserted in the Complaint are "barred by the doctrine of laches." It is well-established that laches is not a defense to a civil suit to enforce a public right or to protect a public interest. *See, e.g., Nevada v. United States,* 463 U.S. 110, 141 (1983); *Costello v. United States,* 365 U.S. 265, 281 (1961); *United States v. Summerlin,* 310 U.S. 414, 416 (1940).

Such affirmative defenses have frequently been struck in cases brought by the

---

(ban on all direct, in-person solicitations by certified public accountants); *Peel v. Attorney Registration & Disciplinary Comm. of Illinois*, 496 U.S. 91 (1990) (Illinois Bar rule prohibiting attorneys from holding themselves out as certified or specialists).

[6] In *Sears, Roebuck & Co. v. FTC*, 676 F.2d 385, 399-400 (9th Cir. 1982), Sears challenged an FTC order requiring that it have substantiation for its claims prior to disseminating them, arguing that it chilled its First Amendment rights. The Ninth Circuit rejected these arguments, stating: "The Commission may require prior reasonable substantiation of product performance claims after finding violations of the [FTC] Act, without offending the first amendment." *Id.* The Ninth Circuit similarly rejected Sears' argument that the order "chilled" its ability to engage in lawful advertising. *Id.* The Second Circuit has also twice rejected First Amendment challenges to Commission orders requiring that advertisers have substantiation prior to dissemination of advertisements. *See Bristol-Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984) ("Nor is the prior substantiation doctrine as applied here in violation of the First Amendment."); and *Jay Norris, Inc. v. FTC*, 598 F.2d 1244, 1251-52 (2d Cir. 1979) ("[W]e hold only that because the FTC here imposes the requirements of prior substantiation as a reasonable remedy for past violations of the Act, there is no constitutional prior restraint of petitioners' protected speech.").

Commission. *See FTC v. Image Sales & Consultants, Inc.*, No. 97-CV-131, 1997 U.S. Dist.

LEXIS 18902, at *3-4 (N.D. Ind. Nov. 17, 1997) (upholding magistrate's decision striking laches

affirmative defense); *FTC v. North East Telecomms., Ltd.*, No. 96-6081-CIV, 1997 WL 599357,

at *3 (S.D. Fla. June 23, 1997) (striking laches affirmative defense); *FTC v. American Microtel,

Inc.*, No. CV-S-92-178-LDG(RJJ), 1992 WL 184252, at *1 (D. Nev. June 10, 1992) (striking

laches affirmative defense); *FTC v. U.S. Oil & Gas Corp.*, 1987 U.S. Dist. LEXIS 16137, at *81-

82 (S.D. Fla. July 10, 1987) (striking laches affirmative defense). Therefore, the Barrett

Defendants' affirmative defense of latches should be stricken.

<h2 style="text-align:center">CONCLUSION</h2>

For all of the above stated reasons, the FTC respectfully requests that its motion to strike

five of the Barrett Defendants' seven affirmative defenses be granted. A proposed order is

enclosed.

Respectfully Submitted,

DANIEL KAUFMAN
KIAL S. YOUNG (BBO # 633515)
EDWARD GLENNON
Federal Trade Commission
600 Pennsylvania Avenue, NW, NJ-3212
Washington, DC 20580
(202) 326-2675, -3126 (voice)
(202) 326-3259 (fax)
dkaufman@ftc.gov, kyoung@ftc.gov or
eglennon@ftc.gov

ATTORNEYS FOR PLAINTIFF

Dated August 25, 2004