UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br>  Plaintiff<br>    v.<br><br>DIRECT MARKETING CONCEPTS, INC., d/b/a<br>TODAY'S HEALTH and DIRECT FULFILLMENT,<br>ITV DIRECT, INC., d/b/a DIRECT FULFILLMENT,<br>DONALD W. BARRETT,<br>HEALTHY SOLUTIONS, LLC d/b/a DIRECT<br>BUSINESS CONCEPTS,<br>HEALTH SOLUTIONS, INC.,<br>ALEJANDRO GUERRERO, a/k/a ALEX GUERRERO,<br>MICHAEL HOWELL, GREG GEREMESZ,<br>TRIAD ML MARKETING, INC., KING MEDIA, INC.,<br>and ALLEN STERN,<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> Civ. No. 04-11136-GAO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Federal Rules of Civil Procedure 26(f) and Local Rule 16.1(d), the undersigned parties submit the following proposed pretrial schedule setting forth a joint discovery plan and a proposed schedule for the filing of motions.[1]

### I. DISCOVERY

#### A. JOINT DISCOVERY PLAN

The undersigned parties submit the following joint discovery plan. These parties believe that the proposed schedule and length of the discovery period are appropriate in light of the

---

[1] The Commission presently is engaged in settlement negotiations with defendants Allen Stern, King Media, Inc., and Triad ML Marketing, Inc. and hopes to reach a final settlement agreement with these defendants by approximately mid-October. If the Commission is unable to reach an agreement in this time frame, these defendants will then answer or otherwise respond to the Commission's complaint.

number of parties, claims, and cross-claims at issue in this matter.

1. The parties will make their Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), on **or before August 30, 2004** (14 days after the deadline for the required meeting of counsel, August 16, 2004);

2. Plaintiff shall make its disclosures concerning experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before **February 2, 2005** and defendants shall make such disclosures on or before **March 2, 2005**. Plaintiff shall make its disclosures concerning rebuttal experts on or before **April 4, 2005**;

3. The cut-off date for fact and expert discovery shall be **May 17, 2005.**

4. Pursuant to Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(c), the parties shall serve and file their pretrial disclosures no later than 30 days prior to the final pretrial conference.

**B.    SUBJECTS AND STAGES OF DISCOVERY**

The parties anticipate that discovery primarily will concern the liability of the defendants for the claims alleged, and the relief requested, in Plaintiff's Complaint. The parties agree that the nature of the case does not require discovery to be conducted in phases.

The Commission anticipates that, in light of the number of defendants and issues involved in this matter, it will seek leave of court at the appropriate time to exceed the limitation on the number of depositions.

The defendants in this matter have filed cross-claims amongst themselves regarding, inter alia, indemnification for the costs arising from the Commission's lawsuit. The discovery schedule proposed above relates only to the Commission's complaint. The Commission does not

oppose discovery on defendants' cross-claims proceeding at the same time discovery takes place for the Commission's counts. The Commission takes the position, however, that given the different nature of its action and the cross-claims and the fact that, pursuant to the Federal Trade Commission Act, its action will not be a jury trial, the Commission's complaint and the cross-complaints should be adjudicated separately.

## II. FILING OF MOTIONS

    A.    The final date for filing to amend the pleadings or to add parties shall be **April 17, 2005**;

    B.    The final date for filing dispositive motions shall be **June 16, 2005** (30 days after the close of discovery);

    C.    Oppositions to any dispositive motions must be filed no later than 30 days after the filing of the relevant motion.

    D.    The final date for filing motions in limine shall be **July 18, 2005** (60 days after the close of discovery).

## III. TRIAL BY MAGISTRATE JUDGE

The parties at this time do not consent to a trial by a magistrate judge.

## IV. ALTERNATIVE DISPUTE RESOLUTION PROGRAMS

The parties would consider participating in mediation and, possibly, other non-binding alternative dispute resolution programs.

## V. CERTIFICATIONS PURSUANT TO LOCAL RULE 16.1(d)(3)

The certifications required by Local Rule submitted pursuant to Local Rule 16.1(d)(3) will be filed prior to or at the scheduling conference.

08-26-'04 13:18 FROM-Levin & Hawes, LLP 9494977679 T-630 P02/02 U-322
Case 1:04-cv-11136-GAO Document 42 Filed 08/27/2004 Page 4 of 5

Dated: August 26, 2004

Respectfully submitted,

| *(signature)* | *(signature)* Christopher Robertson by Edward Henno- |
|---|---|
| DANIEL KAUFMAN<br>KIAL S. YOUNG (Mass. Bar No. 633515)<br>EDWARD GLENNON<br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>Mail Drop NJ-3212<br>Washington, DC 20580<br>Tel: (202) 326-2675/3525/3126<br>Fax: (202) 326-3259<br><br>ATTORNEYS FOR PLAINTIFF | Peter S. Brooks, BBO #05890<br>Christopher F. Robertson, BBO #642094<br>Susan W. Gelwick, BBO #567115<br>SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210<br>Tel.: (617) 946-4800<br>Fax: (617) 946-4801<br><br>ATTORNEYS FOR DIRECT MARKETING CONCEPTS, INC.; ITV DIRECT, INC.; and DONALD W. BARRETT |
| *(signature)* Craig McLaughlin for Becky Christensen August 26, 2004<br>Becky V. Christensen<br>Craig McLaughlin<br>LEVIN & O'CONNOR<br>384 Forest Avenue, Suite 13<br>Laguna Beach, CA 92651<br>Tel.: (949) 497-7676<br><br>ATTORNEYS FOR HEALTHY SOLUTIONS, LLC; HEALTH SOLUTIONS, INC.; ALEJANDRO GUERRERO; MICHAEL HOWELL; and GREG GEREMESZ | |

4

## CERTIFICATE OF SERVICE

My name is Edward Glennon and I am an attorney with Federal Trade Commission. On August 26, 2004, copies of the Joint Statement Pursuant to Local Rule 16.1 were served via facsimile and first class United States mail as follows:

Becky V. Christensen, Esq.   (for Michael Howell, Greg Geremesz, Health Solutions, LLC,
Levin & O'Connor                     Alejandro Guerrero and Health Solutions, Inc)
384 Forest Avenue, Suite 13
Laguna Beach, CA 92651
Facsimile: (949) 497-7679

Dustin F. Hecker                           (for Michael Howell, Greg Geremesz, Health Solutions,
Posternak Blankstein & Lund LLP    LLC, Alejandro Guerrero and Health Solutions, Inc)
The Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-8004
Facsimile: (617) 722-4927

Corey W. Roush, Esq.
Hogan & Hartson, LLP
555 Thirteenth St., NW
Washington, D.C. 20004
Facsimile: (202) 637-5910

Barry J. Cutler, Esq.
Baker & Hostetler LLP
1050 Connecticut Avenue, NW; Suite 1100
Washington, D.C. 20036
Facsimile: (202) 861-1783

Peter Brooks, Esq. (for Direct Marketing Concepts, Inc., ITV Direct, Inc., and Donald Barrett)
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Facsimile: (617) 946-4801

Jeffrey D. Knowles, Esq. (for Triad ML Marketing, Inc., King Media, Inc., and Allen Stern)
Venable LLP
575 7th St., NW
Washington, DC 20004
Facsimile: (202) 344-8300

I declare under penalty of perjury that the foregoing is true and correct. Executed this August 26, 2004 at Washington, D.C.

Edward Glennon