# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>　　　Plaintiff<br>　　　　　v.<br><br>DIRECT MARKETING CONCEPTS, INC., d/b/a<br>TODAY'S HEALTH and DIRECT FULFILLMENT,<br>ITV DIRECT, INC., d/b/a DIRECT FULFILLMENT,<br>DONALD W. BARRETT,<br>HEALTHY SOLUTIONS, LLC d/b/a DIRECT<br>BUSINESS CONCEPTS,<br>HEALTH SOLUTIONS, INC.,<br>ALEJANDRO GUERRERO, a/k/a ALEX GUERRERO,<br>MICHAEL HOWELL, GREG GEREMESZ,<br>TRIAD ML MARKETING, INC., KING MEDIA, INC.,<br>and ALLEN STERN,<br>　　　Defendants. | ）<br>）<br>）<br>）<br>）<br>）<br>）　Civ. No. 04-11136 - GAO<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） |

## FEDERAL TRADE COMMISSION'S MEMORANDUM
## IN SUPPORT OF MOTION FOR LEAVE
## TO NAME ADDITIONAL DEFENDANT AND RELIEF DEFENDANTS AND
## TO FILE FIRST AMENDED COMPLAINT

Plaintiff Federal Trade Commission ("FTC" or "Commission"), by its undersigned

attorneys and pursuant to Federal Rules of Civil Procedure 15 and 21, respectfully submits this

memorandum in support of its Motion for Leave to Name Additional Defendant and Relief

Defendants and to File First Amended Complaint ("Motion"). The proposed First Amended

Complaint: (1) names one additional individual as a liability defendant and two individuals and

one corporation as relief defendants; (2) makes conforming and correcting changes; and (3)

modifies allegations with respect to unauthorized billing practices to reflect the allegation that

certain Defendants engaged in deceptive billing practices in connection with the sale of the Coral Calcium Daily product as well as Supreme Greens.

## I.     BACKGROUND FACTS

The Complaint was filed and served on or about June 1, 2004. The Commission has not previously amended its Complaint.

After filing the Complaint, the Commission learned that Robert Maihos, co-owner of defendants Direct Marketing Concepts and ITV Direct, played a more prominent role in the operation of those corporations than the Commission had previously understood, and was actively involved in the marketing of Supreme Greens and Coral Calcium Supreme and the dissemination of the challenged infomercial in the United States; he should therefore be added as a liability defendant. Moreover, the Commission has learned that, during the applicable period: (1) Defendant Barrett caused substantial assets attributable to the sales of Coral Calcium Daily to be transferred to an additional company (BP International, Inc.); and (2) Defendants Alan Stern and Triad caused substantial assets attributable to the sales of Coral Calcium Daily to be transferred to two individuals (Lisa Stern and Steven Ritchey). Finally, subsequent to the filing of the Complaint, the Commission discovered that certain defendants engaged in unfair billing practices in connection with the sale of Coral Calcium Daily.

This proceeding is still in its initial phases. Discovery has just recently begun, there is no Federal Rule 16(b)(1) deadline "to join other parties and amend the pleadings," no potentially dispositive motions have been submitted, and trial has not been scheduled.

## II.    ANALYSIS

### A.    Applicable Standards for Amending Complaint and Adding Defendants and Relief Defendants

Although leave of court is now required to amend the Complaint because Answers have

been served, that "leave shall be freely given when justice so requires." Federal Rule 15(a).[1]  The

Supreme Court has made clear that the standard for amending complaints under Federal Rule 15

is extremely liberal:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject
> of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the
> absence of any apparent or declared reason – such as undue delay, bad faith or dilatory
> motive on the part of the movant, repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party by virtue of allowance of the
> amendment, futility of the amendment, etc. – the leave sought should, as the rules require,
> be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  "The key consideration is whether the defendants

will be prejudiced if the motion to amend is allowed." *Nasson v. Van Winkle*, Civ. No. 91-

11823-WF, 1994 WL 175049 *1 (D. Mass. April 19, 1994) (J. Wolf) (finding that seven month

delay did not cause prejudice to defendants).  As demonstrated below, no circumstances weigh

against amendment of the Complaint and no prejudice will ensue from the proposed

amendments.

The motion to amend a complaint to name additional parties is subject not only to Federal

Rule 15 but also to Federal Rule 21.  *See City of Worcester v. HCA Management Co.*, Civ. No.

90-40012-GN, 1994 WL 123629 *2  (Apr. 7, 1994 D. Mass) (J. Gorton).  Rule 21 permits the

---

[1]    All defendants have filed answers except for Allen Stern, King Media and Trial
ML Marketing.  The Court recently granted an unopposed motion that gives them until
December 1, 2004 to answer the complaint.

addition of new parties "at any stage of the action and on such terms as are just." In *Worcester,* the Court allowed a party to be added even though the case had been pending for three years, after noting that discovery had not yet closed and the joinder of the new defendant "serves the goal of judicial economy." *Id.*

Naming entities as relief defendants serves the salutary purpose of putting them on notice that assets they received from the liability defendants are potentially subject to disgorgement. *See, e.g., SEC v. Cherif*, 933 F.2d 403, 413 n. 11 (7th Cir. 1991) ("A court can obtain equitable relief from a non-party defendant against whom no wrongdoing is alleged if it is established that the non-party possesses illegally obtained profits but has no legitimate claim to them.") (citations omitted); *see also Commodity Futures Trading Commission v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002) ("the nominal defendant is joined purely as a means of facilitating collection"); *FTC v. Think Achievement Corp.,* 144 F. Supp.2d 1013, 1020 (N.D. Ind. 2000) ("A court may grant equitable relief against a relief defendant against whom no wrongdoing is alleged if it is established that the relief defendant possesses property or profits illegally obtained and the relief defendant has no legitimate claim to them."), *aff'd* 312 F.3d 259 (7th Cir. 2002).

Although the Commission is not required to name relief defendants for purposes of potential future collection actions until it establishes the liability of the defendants and proposed defendants, nothing precludes it from doing so at this stage of the litigation. *See, e.g., EEOC v. JRG Fox Valley, Inc.*, 976 F. Supp. 1161, 1164 (N.D. Ill. 1997) ("plaintiff does not need to obtain a judgment against [liability defendant] JRG before joining the [relief defendants] Grassfields"). Moreover, based on defendants' current assets, the Commission believes that it is

highly likely that defendants cannot pay the full extent of any court ordered restitution. As demonstrated below, no circumstances weigh against amending the complaint to name relief defendants.

**B.      Robert Maihos, the Proposed Liability Defendant, Actively Participated in the Challenged Acts and Practices**

Robert Maihos owns 50% of the stock of both DMC and ITV and is an officer and director of both companies. Kaufman Decl., ¶ 6. In addition to being an owner – and having received substantial income and distributions from the corporate entities – the Commission has also learned through discovery that Maihos plays an active role in the corporations' daily operations from his office adjacent to the ITV customer service center.

Maihos is a signatory on at least one company bank account and some internal emails suggest that he has authority over some corporate financial matters. *Id.* ¶ 7, Ex. 4. Maihos himself has – in his own affidavit – acknowledged his general role in management and his personal familiarity with his companies' marketing of Supreme Greens. In an affidavit submitted in opposition to the Commission's motion for a Temporary Restraining Order, Maihos said that he was "responsible for day-to-day operations of both [DMC and ITV]," and discussed in some detail the manner in which both companies kept their financial records. He also discussed the contents of the Supreme Greens infomercial, stated that he had had personal conversations with Alex Guerrero about the purported clinical study that Guerrero discusses in the Supreme Greens infomercial, and said that in response to requests for substantiation for his claims about Supreme Greens' efficacy, "Guerrero confirmed to me that he possessed such documentary and clinical support." *See id.*, ¶ 4, Ex. 2.

Further, Mr. Maihos was the direct recipient of a transcript of the Supreme Greens infomercial that contained comments from DMC's counsel raising numerous direct questions about many of the claims in the infomercial. *See id.,* ¶ 5, Ex. 3 at 6, 7, 10 (October 3, 2003 fax from counsel for DMC to Mr. Maihos, with a cover sheet stating "We need to talk about this"; fax attaches a transcript of the Supreme Greens infomercial that contains handwritten comments from DMC's attorney such as "sounds like BS," "need scientific support for this" and "the study says it worked for pigs"). DMC and Robert Maihos continued running the infomercial long after receiving these comments from their own counsel.

Given these facts, as well as those that the Commission expects to glean during discovery as the litigation proceeds, the Commission anticipates being able to demonstrate that Maihos meets the legal standard for individual liability under Section 5 of the FTC Act. *See FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 573 (7th Cir. 1989) (individuals are liable under the FTC Act if they "participated directly in the practices or acts or had authority to control them," and had some knowledge of the practices); *accord FTC v. Patriot Alcohol Testers, Inc.*, 798 F. Supp. 851, 859-860 (D. Mass. 1992) (J. Caffrey) (an individual is liable for a corporation's deceptive acts if he (1) knew of the material misrepresentations, was recklessly indifferent to their truth or falsity, or was aware of high probability of fraud and intentionally avoided the truth; (2) participated in the acts or had authority to control the conduct; and (3) customers relied on the misrepresentations) (citing *Amy Travel*).

**C.    Defendants Caused Significant Assets to Be Transferred to Two Additional Individuals and One Related Company, the Proposed Relief Defendants**

1.    Proposed Relief Defendant Lisa Stern

Lisa Stern, defendant Allen Stern's former wife, owned at least one-third of the stock of both King Media, Inc. and Triad ML Marketing, Inc. during the period that those Defendants were involved in the marketing and sale of Coral Calcium Daily. Kaufman Decl., ¶¶ 9-10. Ms. Stern received substantial funds, which the Commission believes represent proceeds from the sale of the coral calcium product, from Triad ML Marketing, Inc to which she has no legitimate claim. *See id.*, ¶ 10. During the period of time that Triad ML Marketing was involved in the sale of Coral Calcium Daily through the challenged infomercial, substantial subchapter-S distributions were made to Lisa Stern that were far in excess of what one would reasonably assume to be salaries for work performed. *See id.* As a recipient of funds derived directly from Defendants' unlawful conduct, Ms. Stern is an appropriate relief defendant.

2.    Proposed Relief Defendant Steven Ritchey

Tax records indicate that Steven Ritchey owned one-third of both King Media, Inc. and Triad ML Marketing, Inc. during the period that those Defendants were involved in the marketing and sales of Coral Calcium Daily. *See id.*, ¶¶ 9-10. As is the case with Lisa Stern, tax records reveal that Mr. Ritchey received substantial income, which the Commission has reason to believe represent proceeds from the sale of Coral Calcium Daily from Triad ML Marketing, Inc. during that time. *See id.*, ¶ 10. During the period of time that Triad ML Marketing was involved in the sale of Coral Calcium Daily through the challenged infomercial, substantial subchapter-S distributions were made to Mr. Ritchey that were far in excess of what one

would reasonably assume to be salaries for work performed. *See id.* Mr. Ritchey, as a recipient of funds derived directly from Defendants' illegal activity is thus an appropriate relief defendant.

> 3.    Proposed Relief Defendant BP International, Inc.

At the June 7 TRO hearing, the Commission provided the Court with the Declaration of Allen Stern, a defendant in this action. *See id.,* ¶8, Ex. 5. Mr. Stern voluntarily cooperated with the Commission in providing this declaration. Mr. Stern's declaration stated that during the time period that he worked with defendant Donald Barrett in connection with the challenged coral calcium infomercial, Mr. Barrett directed Mr. Stern where to send coral calcium proceeds payments. As stated in his declaration, and as evidenced by several of the wire transfer forms attached to his declaration, Stern transferred more than $150,000 to BP International at the request of Mr. Barrett. *See id.* Because this money – and possibly additional funds transferred by defendants to BP International – derive directly from the challenged unlawful activities and is not based on any legitimate claim, BP International is an appropriate relief defendant.

> 4.    No Circumstances Preclude Naming Relief Defendants

Because proposed Relief Defendants otherwise would become involved in this proceeding only if the Commission receives a court order granting monetary relief, if that order is not satisfied by the named defendants, and if the Commission demonstrates that recovery from the proposed relief defendants is proper, none of the proposed relief defendants would suffer any undue prejudice, surprise, or delay as a result of being named at this stage of the proceeding. *See, e.g., Cherif*, 933 F.2d at 414-15 ("the nominal defendant is a 'trustee, agent, or depositary' who has possession of funds which are the subject of litigation . . . [but] is not a real party in

interest, however, because he has no interest in the subject matter litigated") (citations omitted).

For the same reasons, their addition as relief defendants in anticipation of a possible future

collection action would not unduly delay or prejudice the Court's ongoing proceedings regarding

the merits of the claims asserted against the defendants and proposed defendant Maihos.

Moreover, it is likely that defendants will not fully satisfy any monetary judgment and adding the

proposed Relief Defendants would put Ms. Stern, Mr. Ritchey and BP International on notice of

their potential monetary liability.

### D.    Defendants Engaged in Unauthorized Billing Practices in Connection with Coral Calcium Daily and the Proposed Amended Complaint Amends Count VIII and the Course of Conduct Section

The Commission's original complaint alleges that defendants Barrett, ITV and DMC

unfairly charged consumers' credit cards for additional shipments of products that consumers had

not authorized. This count is based on the Commission's experience in ordering Supreme

Greens, as well as several consumer complaints filed with the Commission, and is also supported

by the staff's conversations with several former employees of DMC. Indeed, the court found in

the Preliminary Injunction that the Defendants' practice of "causing charges for automatic

shipments of E-8 Daily dietary supplement to be billed to consumers' credit cards without the

consumers' authorization has caused or is likely to cause substantial injury to consumers . . . and

likely constitutes an unfair practice . . . in violation of Section 5(a) of the FTC Act."

Documents obtained by the Commission since the filing of the Complaint show dozens of

consumer complaints about unauthorized shipments of Coral Calcium in the period from May to

June 2003. Kaufman Decl., ¶ 3, Ex. 1.[2] The Commission has no reason to believe that this period was an aberration, and suspects that discovery will show evidence of such practices throughout the period in which DMC and ITV heavily marketed Coral Calcium. Accordingly, we propose amending Count VIII to include allegations regarding the unauthorized billing practices in connection with the sale of Coral Calcium Daily and add an additional paragraph addressing these practices in the course of conduct section.

## III.    CONCLUSION

For all of the reasons stated above, the Motion should be granted and the Commission should be permitted to file and serve the First Amended Complaint.

Respectfully Submitted,

DANIEL KAUFMAN
KIAL S. YOUNG (BBO # 633515)
EDWARD GLENNON
Federal Trade Commission
600 Pennsylvania Avenue, NW, NJ-3212
Washington, DC  20580
(202) 326-2675,  -3126 (voice)
(202) 326-3259 (fax)
dkaufman@ftc.gov, kyoung@ftc.gov or eglennon@ftc.gov

ATTORNEYS FOR PLAINTIFF

Dated November 18, 2004

---

[2]    To protect consumer privacy, we have redacted identifying information from the consumer complaints. The Commission will make the unredacted complaints available to defendants at their request.