UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION ) <br>         Plaintiff, ) <br> v. ) <br> ) <br> DIRECT MARKETING CONCEPTS, INC., ) <br> d/b/a TODAY'S HEALTH and DIRECT ) <br> FULFILLMENT, ITV DIRECT INC., d/b/a ) <br> DIRECT FULFILLMENT, DONALD W. ) <br> BARRETT, HEALTHY SOLUTIONS LLC ) <br> d/b/a DIRECT BUSINESS CONCEPTS, ) <br> HEALTH SOLUTIONS INC., ) <br> ALEJANDRO GUERRERO a/k/a ALEX GUERRERO, ) <br> MICHAEL HOWELL, GREG GEREMESZ, TRIAD ML ) <br> MARKETING, INC., KING MEDIA, INC., ) <br> and ALLEN STERN ) <br>         Defendants. ) <br> _____) <br> ) <br> HEALTHY SOLUTIONS, LLC d/b/a DIRECT ) <br> BUSINESS CONCEPTS, a California limited ) <br> Liability company; ) <br>         Counterclaimant, ) <br> v. ) <br> ) <br> ITV DIRECT, INC., a Massachusetts ) <br> corporation; DIRECT FULFILLMENT LLC, ) <br> and DOES 1-10, INCLUSIVE, ) <br>         Counterdefendants. ) <br> _____) | Civil Action No. 04-CV-11136-GAO <br><br> Judge George O'Toole <br><br><br><br> ANSWER OF DEFENDANTS <br> TRIAD ML MARKETING, INC., <br> KING MEDIA, INC., and <br> ALLEN STERN |

      Defendants Triad Marketing ML Marketing, Inc., King Media, Inc., and Allen Stern (collectively "Defendants"), for their Answer to the numbered paragraphs of the Complaint state as follows:

      1.   Defendants admit that the Federal Trade Commission ("FTC") purportedly brings this action under Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) to seek the relief specified. Defendants deny the allegations of paragraph 1 of the complaint as to them.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 insofar as they relate to other defendants and therefore deny the same.

## JURISDICTION AND VENUE

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

## THE PARTIES

4. Defendants admit the allegations of paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore deny the same.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore deny the same.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore deny the same.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore deny the same.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore deny the same.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore deny the same.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore deny the same.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore deny the same.

13. Defendants admit that Triad ML Marketing, Inc. ("Triad") is a Pennsylvania corporation with its principal place of business at 656 East Swedesford Road, Suite 330, Wayne, Pennsylvania 19087, that Triad contracted for and oversaw fulfillment of consumer orders for the Coral Calcium Daily product and its merchant account was used to process credit card transactions for consumer orders and to administer consumer refunds, and that the Company transacted business in Massachusetts. Defendants deny the remaining allegations of paragraph 13.

14. Defendants admit that King Media, Inc. ("King Media") is a Pennsylvania corporation with its principle place of business at 656 East Swedesford Road, Suite 330, Wayne, Pennsylvania 19087, that the Company transacted business in Massachusetts, and that King Media purchased media time for an infomercial entitled "Coral Calcium Daily." Defendants deny the remaining allegations of paragraph 14.

15. Defendants admit that Allen Stern is President of Triad and King Media and that he directs, controls, formulates or participates in the acts and practices of Triad and King Media. Defendants deny the remaining allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

## COMMERCE

17. Defendants admit the allegations of paragraph 17 as to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 with respect to other defendants, and therefore deny the same.

## DEFENDANTS' COURSE OF CONDUCT

**Coral Calcium Daily**

18. Defendants deny the allegations of paragraph 18 as to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 18 with respect to other defendants, and therefore deny the same.

19. Defendants admit the allegations of paragraph 19.

20. Defendants deny the allegations that they have advertised Coral Calcium. Defendants admit that an infomercial advertising Coral Calcium has aired on national cable networks, including those specified in paragraph 20 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as the truth of the remaining allegations of paragraph 20, and therefore deny the same.

21. Defendants deny that they have made the advertising claims specified in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21, except Defendants respectfully refer the Court to the referenced advertisements and promotional materials for Coral Calcium Daily for the complete text of the advertising claims for that product.

22. Defendants deny that they have marketed Coral Calcium Daily in the manner specified in paragraph 22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 as to the other defendants and therefore deny the same.

Supreme Greens with MSM

23. The allegations of paragraph 23 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 as to the other defendants and therefore deny the same.

24. The allegations of paragraph 24 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 as to the other defendants and therefore deny the same.

25. The allegations of paragraph 25 are not directed at Defendants. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 as to the other defendants and therefore deny the same.

26. The allegations of paragraph 26 are not directed at Defendants. . Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 as to the other defendants and therefore deny the same.

27. The allegations of paragraph 27 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 as to the other defendants and therefore deny the same.

28. The allegations of paragraph 28 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28as to the other defendants and therefore deny the same.

## SECTIONS 5 AND 12 OF THE FTC ACT

29. Defendants admit the first two sentences of paragraph 29, lack knowledge or information sufficient to form a belief as to the truth of whether Coral Calcium Daily or Supreme Greens are either a "food" or a "drug" as defined in the Federal Trade Commission Act, and deny the remaining allegations of paragraph 29.

## DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE FTC ACT
## COUNT I

**Unlawful Claims Regarding the Health Benefits of Coral Calcium Daily**

30. Defendants deny the allegations of paragraph 30 as to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 as to other defendants and therefore deny same.

31. Defendants deny the allegations of paragraph 31 as to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 31 as to other defendants and therefore deny same

## COUNT II

**Unlawful Claims Regarding the Bioavailability and Superiority of Coral Calcium Daily**

32. Defendants deny the allegations of paragraph 32 as to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 as to other defendants and therefore deny same.

33. Defendants deny the allegations of paragraph 33 as to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 as to other defendants.

## COUNT III

**Unlawful Claims Regarding Certain scientific Studies on Calcium**

34. Defendants deny the allegations of paragraph 34 as to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 as to other defendants and therefore deny same.

35. Defendants deny the allegations of paragraph 35 as to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 as to other defendants and therefore deny same.

## COUNT IV

**Unlawful Claims Regarding the Health Benefit of Supreme Greens**

36. The allegations of paragraph 36 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 as to the other defendants and therefore deny the same.

37. The allegations of paragraph 37 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 37 as to the other defendants and therefore deny the same.

## COUNT V

### Unlawful Weight Loss claim Regarding Supreme Greens

38. The allegations of paragraph 38 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 as to the other defendants and therefore deny the same.

39. The allegations of paragraph 39 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 as to the other defendants and therefore deny the same.

## COUNT VI

### Unlawful Safety Claims Regarding Supreme Greens

40. The allegations of paragraph 40 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 as to the other defendants and therefore deny the same.

41. The allegations of paragraph 41 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 as to the other defendants and therefore deny the same.

## COUNT VII

### Deceptive Format

42. The allegations of paragraph 42 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 as to the other defendants and therefore deny the same.

43. The allegations of paragraph 43 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 as to the other defendants and therefore deny the same.

## COUNT VIII

### Unfair Practice Regarding Unauthorized Credit and Debit charges

44. The allegations of paragraph 44 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 as to the other defendants and therefore deny the same.

45. The allegations of paragraph 45 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 as to the other defendants and therefore deny the same.

46. The allegations of paragraph 46 are not directed at Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 as to the other defendants and therefore deny the same.

### CONSUMER INJURY

47. Defendants deny the allegations of paragraph 47 as to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 with respect to other defendants, and therefore deny the same.

## THIS COURT'S POWER TO GRANT RELIEF

48. Defendants deny that these answering Defendants have violated the Federal Trade Commission Act. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 and therefore deny same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

49. Plaintiff has not suffered any damages on account of any acts of these Defendants.

### Second Affirmative Defense

50. The allegedly deceptive statements were not made by these Defendants, but were made by others over whom these Defendants exerted no authority or control and for whom these Defendants never have had responsibility, and hence are not responsible for the actions of these others.

### Third Affirmative Defense

51. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### Fourth Affirmative Defense

52. Plaintiff's claims are barred because each of the allegedly deceptive advertisements contained disclaimers.

### Fifth Affirmative Defense

53. Plaintiff's claims are barred by the First Amendment to the Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that the Complaint be dismissed as against them with prejudice and that they be awarded their costs and expenses of this action, including reasonable

counsel fees, and such other and further relief as may be allowed by law.


DATED:  January 31, 2005          Respectfully submitted,
                                  TRIAD ML MARKETING, INC.
                                  KING MEDIA, INC.
                                  ALLEN STERN

                                  By their attorneys,


                                  _____
                                  Joseph F. Ryan BBO# 435720
                                  Lyne Woodworth & Evarts LLP
                                  600 Atlantic Avenue
                                  Boston, MA 02210
                                  Telephone 617/523-6655 - Telecopy 617/248-9877
                                  E-mail: Jryan@LWELaw.com


Of Counsel:

   Edward F, Glynn, Jr.
   VENABLE LLP
   575 7th Street, N.W.
   Washington, D.C.  20004-1601
   (202) 344-4805



Certificate of Service: I certify that I served counsel of record for the Federal Trade Commission by mailing a copy of this Answer this date.

January 31, 2005                  _____
                                       Joseph F. Ryan