FILED
UNITED STATES DISTRICT COURT IN CLERKS OFFICE
For the District of Massachusetts

2005 FEB -3 P 2: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECT MARKETING CONCEPTS, INC., d/b/a | ) | |
| TODAY'S HEALTH and DIRECT FULFILLMENT, | ) | |
| ITV DIRECT, INC., d/b/a DIRECT | ) | |
| FULFILLMENT, DONALD W. BARRETT, | ) | |
| HEALTHY SOLUTIONS, L.L.C., HEALTH | ) | C. A. No. 04-11136-GAO |
| SOLUTIONS, INC., ALEJANDRO GUERRERO, | ) | |
| a/k/a ALEX GUERRERO, MICHAEL HOWELL, | ) | |
| GREG GEREMESZ, TRIAD ML MARKETING, | ) | |
| INC., KING MEDIA, INC., and ALLEN STERN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MOTION FOR ACCESS TO CONFIDENTIAL MATERIAL

Pursuant to a February 1, 2005 Order of the Court (Tauro, J. )(attached as **Exhibit A**) in a

related and parallel civil action entitled *ITV Direct, Inc. v. Healthy Solutions, L.L.C.*, Civil

Action No.04-10421-JLT (the "Payment Proceeding"), Cappseals Inc. ("Cappseals") seeks an

amendment of *this* Court's June 23, 2004 Preliminary Injunction Order (the "Preliminary

Injunction Order") so that ITV Direct, Inc. ("ITV") can produce material that has been deemed

confidential under the Preliminary Injunction Order.[1]  Specifically, as part of its discovery efforts

in the Payment Proceeding, Cappseals sought production of the accounting report of ITV's

---

[1] See Exhibit A. ("By February 3, 2005, Plaintiff-In-Intervention may file a motion with District Judge O'Toole['s]
seeking permission to obtain the confidential financial report prepared by ITV Direct for the FTC. . . ITV Direct
shall give Plaintiff-In-Intervention a copy of the abovementioned financial report provided that District Judge
O'Toole allows access to the report.")

records (the "Report") prepared in compliance with the Preliminary Injunction Order. ITV opposed this effort. Thereafter, Judge Tauro has determined the Report is discoverable in the Payment Proceeding, while also acknowledging the need to seek leave of this Court to account for the confidentiality concerns raised by the Preliminary Injunction Order. This Court should amend the Preliminary Injunction Order to allow production of the Report as the documentation has already been deemed discoverable, and, any confidentiality concerns of ITV are resolved by a Protective Order ITVendorsed covering confidential information exchanged in the Payment Proceeding.

The Federal Trade Commission ("FTC") and Healthy Solutions have agreed not to oppose this motion.

## I.    GENERAL BACKGROUND

Within the Payment Proceeding Cappseals has initiated claims against ITV and Healthy Solutions based upon their failure to pay Cappseals for almost one million dollars of dietary supplements called Supreme Greens with MSM ("Supreme Greens"). The Supreme Greens were manufactured and shipped to ITV by Cappseals at the request of defendant Healthy Solutions. The marketing practices of ITV and Healthy Solutions in promoting Supreme Greens are part of what form the basis for the FTC's allegations in the present matter.

## II.    RELEVANT FACTS

In or around August 2003, Healthy Solutions began issuing purchase orders to Cappseals, on a weekly or near weekly basis, requesting that Cappseals manufacture and bottle Supreme Greens. On or about November 11, 2003, Healthy Solutions issued a standing purchase order to Cappseals requesting that Cappseals manufacture 50,000 bottles of Supreme Greens per week for shipment directly to ITV.

Between December 29, 2003 and February 5, 2004, Cappseals made six weekly

B0400545v1

shipments to ITV containing a total of approximately 303,644 bottles of Supreme Greens. For each of the six weekly shipments of Supreme Greens to ITV by Cappseals, Healthy Solutions issued an invoice to ITV noting the specific date and quantity of goods shipped to ITV by Cappseals. The total amount due and owing to Healthy Solutions by ITV for the 303,644 bottles of Supreme Greens shipped by Cappseals is $1,821,864.

Neither Healthy Solutions nor ITV has ever notified Cappseals of any non-conformity relating to the 303,644 bottles of Supreme Greens shipped to ITV. However, neither Healthy Solutions or ITV has paid for these goods, despite Healthy Solutions acknowledgement to Cappseals that it has an outstanding balance owed to Cappseals for these goods. Healthy Solutions, however, asserts that it is without resources to pay Cappseals because of ITV's refusal to pay Healthy Solutions for these same goods.

## III.    PROCEDURAL HISTORY

On May 24, 2004, Judge Tauro issued a Discovery Order in the Payment Proceeding which required, among other things, all parties to: (i) submit sworn statements in accordance with Local Rule 26.1(B), which statements were to provide an itemization of all economic losses and a computation of damages, and (ii) produce and/or make available "all documents, data compilations and tangible things…that are relevant to disputed facts alleged with particularity in the pleadings". The broad scope of the Judge Tauro's Order was further expounded upon at a status conference in August 2004, during which the Court noted that no document requests should be necessary in this case given the breadth of the Discovery Order.

In conjunction with discovery in the Payment Proceeding, the parties negotiated a Protective Order covering the anticipated production of confidential information. This "proposed" Protective Order was submitted to the Court by the parties – including ITV – on

B0400545v1

August 10, 2004.  The Protective Order was endorsed by Judge Tauro on August 18, 2004.[2]

On July 7, 2004, counsel for Cappseals requested that ITV's counsel produce the accounting report that was ordered to be compiled in this proceeding.[3]  ITV's counsel responded that the Report was not called for by the Discovery Order, nor was it relevant to their claims or defenses, and therefore refused to produce it.

On December 13, 2004, counsel for Cappseals again requested production of the Report, as well as requesting that ITV supplement its damages disclosures.  When ITV failed to respond to Cappseals' December 13, 2004 correspondence, Cappseals moved to compel production of the Report.  After oral arguments were presented by the parties during a status conference on February 1, 2005, Judge Tauro issued his February 2nd Order (**Exhibit A**).

## IV.    ARGUMENT

### A.    Confidential Material is Not Prohibited From Discovery

Cappseals seeks an amendment of the Preliminary Injunction Order so that ITV may produce discoverable documents without violating this Court's mandate of confidentiality.  ITV has voiced general concern during discovery over the disclosure of purported "confidential information."  However, the fact that compliance with discovery obligations might result in the disclosure of confidential information or commercially sensitive information does not provide an automatic basis for denying discovery.  *Baker v. Liggett Group, Inc.,*132 F.R.D. 123, 125-126 (D. Mass. 199); See also *Novell, Inc. v. Pacific DataWare, Inc.*, 1988 LEXIS 8905  *6 (D. Or.

---

[2]    A true and accurate copy of the Protective Order is attached as **Exhibit B**.

[3]    The Report that Cappseals seeks was to provide, among other things, an accounting relating to ITV's sale of Supreme Greens, which accounting was to include: (i) all revenues collected by ITV regarding its sale of Supreme Greens, (ii) the amount of all refunds provided by ITV to customers, (iii) information sufficient to show the flow of all monies from the sale of Supreme Greens, (iv) all costs and expenses incurred by ITV in connection with the sale of Supreme Greens, (v) net profits obtained by ITV in connection with the sale of Supreme Greens, and (vi) the location and amount of assets of ITV.

1988)(citing *Burroughs v. Warner Bros. Pictures, Inc.*, 12 F.R.D. 491 (D. Mass. 1952)(antitrust)). If necessary, the proper protection for such concerns is a protective order. *Baker*, 132 F.R.D. at 126; See also F.R.C.P. 45(c)(3)(A). When protective orders are in place, the disclosure of confidential information in related cases furthers the Court's desire for "just, speedy, and inexpensive determination of every action." *Baker*, 132 F.R.D. at 126.

**B.     The Parties Have Already Adopted an Appropriate Protective Order.**

The parties in the Payment Proceeding (***including ITV***) have already agreed upon a protective order endorsed by Judge Tauro that should address any confidentiality concerns of ITV and the Court. This Order provides for a "Confidential Information" designation that affords the highest protection for confidential information - alleviating any concerns of ITV that its financial information may be inappropriately disclosed. See **Exhibit B**, p. 3 (listing the limitation on the use and dissemination of "Confidential Information"). Accordingly, the Preliminary Injunction Order should be amended to allow ITV to produce the Report subject to the confidentiality provisions in the Protective Order issued in the Payment Proceeding.

## V.    CONCLUSION

For the reasons set forth herein, this Court should modify or amend the Preliminary

Injunction Order to allow for the production of the Report in the Payment Proceeding subject to

the confidentiality protections already in place in the Payment Proceeding.

> Healthy Solutions, LLC d/b/a Direct Business
> Concepts
> By its attorneys,
>
> Daniel J. Kelly, BBO # 553926
> dkelly@ghlaw.com
> Scot A. Silverman, BBO # 638087
> ssilverman@ghlaw.com
> Gadsby Hannah LLP
> 225 Franklin Street
> Boston, MA  02110
> (617) 345-7000

February 3, 2005

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the Motion for Access to Confidential Material was served upon the attorney of record for each party in this action, and, in *ITV Direct, Inc. v. Healthy Solutions, L.L.C.*, Civil Action No.04-10421-JLT, by mail/by hand/electronically.

By: _____

Date: _____2 - 3 - 0 5_____

B0400545v1