ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

No. 04-CV-11136-GAO

DIRECT MARKETING CONCEPTS, INC., et al.,

Defendants.

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION
## AND SETTLEMENT OF CLAIMS FOR MONETARY RELIEF
## AS TO DEFENDANTS HEALTH SOLUTIONS, INC. AND ALEJANDRO GUERRERO

On June 1, 2004, Plaintiff the Federal Trade Commission ("Commission," or "FTC") filed

a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") against Health

Solutions, Inc., and Alejandro Guerrero (collectively "Stipulating Defendants"), pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging

deceptive acts or practices and false advertisements in violation of Sections 5(a) and 12 of the FTC

Act, 15 U.S.C. §§ 45(a) and 52.

The Commission and the Stipulating Defendants have now agreed to the entry of the

following Stipulated Final Order ("Order") in settlement of the Commission's Complaint against

the Stipulating Defendants. The Stipulating Defendants expressly deny liability for any of the

matters alleged in the Complaint. The Court, being advised in the premises, finds:

### FINDINGS

1.      This Court has jurisdiction over the subject matter of this case, and over the

Stipulating Defendants.

    2.     Venue as to the Stipulating Defendants in the District of Massachusetts is proper.

    3.     The complaint states a claim upon which relief may be granted against the

Stipulating Defendants under 15 U.S.C. §§ 45(a) and 52, and the Commission has the authority to

seek the relief stipulated to in this Order.

    4.     The acts and practices of the Stipulating Defendants were and are in or affecting

commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

    5.     The Stipulating Defendants waive all rights to seek judicial review or otherwise

challenge or contest the validity of this Order. The Stipulating Defendants also waive any claim

they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the

prosecution of this action to the date of this Order.

    6.     Each party shall bear its own costs and attorneys' fees.

    7.     Entry of this Order is in the public interest.

    8.     Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are

binding upon the Stipulating Defendants, and their officers, agents, servants, employees and all

other persons or entities in active concert or participation with them, who receive actual notice of

this Order by personal service or otherwise.

    9.     Stipulating Defendants do not admit, and no findings are made regarding, any of the

allegations set forth in the Complaint, other than jurisdictional facts.

    10.    This Order does not constitute, nor shall it be interpreted to constitute, either an

admission by the Stipulating Defendants of any wrongdoing or a finding by the Court that the

Stipulating Defendants have engaged in any violation of law.

    11.    Nothing in this Order obviates the Stipulating Defendants' obligation to comply

2

with Section 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45, 52.

12.     This Order was drafted jointly by the Commission and the Stipulating Defendants, and reflects the negotiated agreement of the parties.

13.     The paragraphs of this Order shall be read as the necessary requirements for compliance, and not as alternatives for compliance, and no paragraph serves to modify another paragraph unless expressly so stated.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.     "Health Solutions" means Health Solutions, Inc., a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees.

2.     "Guerrero" means Alejandro Guerrero a/k/a Alex Guerrero, individually and as an officer and director of Health Solutions.

3.     "Stipulating Defendants" means Guerrero and Health Solutions, whether acting individually or together.

4.     "Advertising" mean any written or verbal statement, illustration or depiction that is designed to effect a sale or create interest in the purchasing of goods or services, whether it appears in a brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, packaging, package insert, label, film, slide, radio, television or cable television, audio program transmitted over a telephone system, program-length commercial ("infomercial"), the Internet, or in any other medium.

5.     "Asset" means any legal or equitable interest in, right to, or claim to, any real,

3

personal, or intellectual property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), shares of stock, and all cash, wherever located.

      6.     "Assisting others" means knowingly providing any of the following services to any person or entity: (a) performing customer service functions for any person or entity, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other advertising or marketing material for any person or entity; or (c) performing advertising, marketing or consulting services of any kind for any person or entity.

      7.     "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

      8.     "Competent and reliable scientific evidence" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

      9.     "Covered product" means any food, drug or dietary supplement (including but not limited to Supreme Greens with MSM or any substantially similar product).

      10.    "Endorsement" means as defined in 16 C.F.R. § 255.0(b).

      11.    "Food" and "drug" mean as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

      12.    "FTC" or "Commission" means the Federal Trade Commission.

      13.    "Distributor, reseller, or sales agent" means any person other than the Stipulating Defendants who: (a) sells any dietary supplement through, in accordance with, or by permission of the Stipulating Defendants; or (b) refers the names of prospective customers to the Stipulating

4

Defendants and receives compensation as a result of the Stipulating Defendants' sale of any dietary

supplement to such customers.

14.     "Person" or "persons" shall mean all natural persons, corporations, partnerships, or

other business associations and all other legal entities, including all members, officers,

predecessors, assigns, divisions, affiliates and subsidiaries.

15.     A requirement that any defendant "notify," "furnish," "provide," or "submit" to the

Commission means that the defendant shall send the necessary information to:

>       Associate Director for Advertising Practices
>       Federal Trade Commission
>       600 Pennsylvania Avenue, N.W.
>       Washington D.C. 20580
>       Attn: *FTC v. Direct Marketing Concepts, Inc., et al.,* (D. Mass)

16.     The terms "and" and "or" in this Order shall be construed conjunctively or

disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than

exclusive.

17.     The term "including" in this Order means "including without limitation."

18.     The paragraphs of this Order shall be read as the necessary requirements for

compliance and not as alternatives for compliance and no paragraph serves to modify another

paragraph unless expressly so stated.


## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS HEREBY ORDERED** that the Stipulating Defendants, directly or through any

corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents,

servants, employees, and all persons and entities in active concert or participation with them who

5

receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Supreme Greens with MSM or any substantially similar product, in or affecting commerce, are hereby permanently enjoined from making, or assisting others in making, in any manner, directly or by implication, including through the use of endorsements or the product name, any representation that such product:

    A.    Is an effective treatment, cure, or preventative for cancer;

    B.    Is an effective treatment, cure, or preventative for heart disease;

    C.    Is an effective treatment, cure, or preventative for diabetes;

    D.    Is an effective treatment, cure, or preventative for arthritis;

    E.    Will cause significant weight loss, such as up to 4 pounds per week and up to 80 pounds in 8 months; and

    F.    Can be taken safely by pregnant women, children, and/or any person taking any type of medication.

## II.

**IT IS FURTHER ORDERED** that the Stipulating Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any dietary supplement, in or affecting commerce, are hereby permanently enjoined from misrepresenting, or assisting others in misrepresenting, in any manner, expressly or by

6

implication, including through the use of endorsements or the product name, that:

A.      Such dietary supplement can prevent, treat, or cure any disease; or

B.      Alejandro Guerrero is a medical doctor, Doctor of Oriental Medicine, or Ph.D.

## III.

**IT IS FURTHER ORDERED** that the Stipulating Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, in or affecting commerce, are hereby permanently enjoined from making, or assisting others in making, any representation, in any manner, expressly or by implication, including through the use of endorsements or the product name, about the health benefits, performance, efficacy, or safety of that product unless the representation is true, non-misleading, and, at the time the representation is made, the Stipulating Defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## MISREPRESENTATION OF TESTS OR STUDIES

## IV.

**IT IS FURTHER ORDERED** that the Stipulating Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in

7

connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, in or affecting commerce, are hereby permanently enjoined from misrepresenting, or assisting others in misrepresenting, in any manner, expressly or by implication, the existence, contents, validity, results, conclusions, or interpretations of any test or study.

## PROVISO

### V.

**IT IS FURTHER ORDERED** that nothing in this order shall prohibit the Stipulating Defendants from making any representation:

A.    For any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990; or

B.    For any drug that is permitted in the labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration.

## MONETARY JUDGMENT AND CONSUMER REDRESS

### VI.

**IT IS FURTHER ORDERED** that judgment in the amount of sixty-five thousand dollars ($65,000) is hereby entered in favor of the Commission and against the Stipulating Defendants, jointly and severally, for consumer redress.

A.    The judgment shall be satisfied as follows:

8

1.   By payment within ten (10) days from the date of entry of this Order, such payment to be made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in accord with instructions provided by the Commission; or

2.   By Guerrero transferring to the Commission, free and unencumbered by any liens, title to the 2004 Cadillac Escalade ESV (VIN # 3GYFK66NX4G125206) and delivering the car to a location in Los Angeles, California that will be specified by the Commission, within ten (10) days from the date of entry of this Order.

B.   All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.

C.   In the event that the Commission in its sole discretion determines that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Stipulating Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. The Stipulating Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph or the manner of distribution chosen by the Commission. No portion of any payments under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

D.   The Stipulating Defendants relinquish all dominion, control, and title to the funds paid to the Commission, for use according to the terms of this Order. The Stipulating Defendants

9

shall make no claim to or demand for the return of the funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any defendant, the Stipulating Defendants acknowledge that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

E.  In accordance with 31 U.S.C. § 7701, the Stipulating Defendants are hereby required, unless they have done so already, to furnish to the Commission their respective taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of the Stipulating Defendants' relationship with the government.

## RIGHT TO REOPEN

### VII.

## IT IS FURTHER ORDERED that:

A.  The Commission's agreement to this Order requiring that the Stipulating Defendants be liable for less than the full amount of consumer injury is expressly premised upon the truthfulness, accuracy and completeness of: (1) their sworn financial statements and supporting documents submitted to the Commission on August 4, 2004, including, but not limited to (a) the Financial Statement of Individual Defendant Alejandro Guerrero, attachments 1 through 5 thereto, and the tax returns attached thereto, and (b) the Corporate Financial Statement of Health Solutions, Inc. and attachments 1 through 3 thereto; and (2) the information and documents submitted on October 5, 2004 by counsel for the Stipulating Defendants. Such financial statements and supporting documents contain material information upon which the FTC relied in negotiating and agreeing to this Order.

10

B.      If, upon motion by the Commission, this Court finds that the Stipulating Defendants failed to disclose any material asset, or made any other material misrepresentation or omission that understates the value of their assets or the amount of compensation they have received from any person or entity, or that misrepresents the value or nature of their liabilities or of any transfers they have made to any person or entity, the Court shall enter judgment against the Stipulating Defendants, jointly and severally, in favor of the Commission, in the amount of one million, four hundred seventy-three thousand, eight hundred and eighty-three dollars ($1,473,883) in U.S. currency, minus any payments previously made under Part VI of this Order, which amount would be rendered immediately due and payable.  For the purposes of this paragraph, the Stipulating Defendants waive any right to contest the allegations in the Complaint filed in this action.

C.      Proceedings under this Part VII are in addition to, and not in lieu of, any civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

# COOPERATION WITH COMMISSION COUNSEL

## VIII.

**IT IS FURTHER ORDERED** that the Stipulating Defendants must, in connection with this action or any subsequent proceedings regarding the transactions or occurrences that are the subject of the Commission's Complaint, cooperate in good faith with the Commission's reasonable requests for documents and testimony. The Stipulating Defendants shall be available at such times as the Commission shall reasonably request for interviews, conferences, and pretrial discovery, and shall make documents available for review and copying, after written notice to the Stipulating Defendants and their counsel of record.  If requested in writing by the Commission by means of a

11

subpoena or civil investigative demand, the Stipulating Defendants shall appear and provide

truthful testimony in any trial, deposition, or other proceeding regarding the transactions or

occurrences that are the subject of the Commission's Complaint. For purposes of such

appearances, service of said subpoena or civil investigative demand may be perfected by delivery

via overnight courier (signature required) to a Stipulating Defendant's address as reported in Part

XII of this Order. The Stipulating Defendants also shall produce for copying and inspection such

documents and other information as may reasonably be requested by the Commission , after

written notice to the Stipulating Defendants and to their counsel of record. *Provided* that nothing

in this Part VIII constitutes or will be deemed to require a waiver by Guerrero of his constitutional

rights under the Fifth Amendment.


# NOTICE TO RESELLERS, DISTRIBUTORS, AND SALES AGENTS

## IX.

**IT IS FURTHER ORDERED** that the Stipulating Defendants shall:

A.    Send, within thirty (30) days of entry of this Order, by first class mail, postage

prepaid, an exact copy of the notice attached hereto as Exhibit A, showing the date of mailing, to

each distributor, reseller, or sales agent. This mailing will notify each distributor, reseller, or sales

agent that the Stipulating Defendants will stop doing business with that distributor, reseller, or

sales agent if it uses any advertisement or promotional material containing any representation

prohibited by this Order, in the event the Stipulating Defendants become aware that the distributor,

reseller, or sales agent is using or disseminating any such advertisement or promotional material

subsequent to receipt of Exhibit A. The mailing shall not include any other document or enclosure.

B.    For a period of five (5) years following the date of entry of this Order, the

12

Stipulating Defendants shall send by first class mail, postage prepaid, an exact copy of the notice attached hereto as Exhibit B, showing the date of mailing, to each distributor, reseller, or sales agent with whom the Stipulating Defendants first do business after the date of entry of this Order. The Stipulating Defendants shall send this notice within twenty (20) days after first engaging in any transaction concerning any covered product. This mailing shall not include any other document or enclosure.

C.     The Stipulating Defendants may, as an alternative to first class mailing required in Parts IX. A and B, make Exhibits A and B available by email to any distributor, reseller or sales agent for whom the Stipulating Defendants have a valid email address.

D.     The Stipulating Defendants, shall, within thirty (30) days of providing notice pursuant to Parts IX. A, B, or C, secure from each distributor, reseller or sales agent to whom a notice has been sent a signed and dated statement acknowledging receipt of such and, as to any distributor, reseller or sales agent who has not provided such a statement, shall not sell or distribute any covered product to any such distributor, reseller or sales agent, accept any orders for any covered product submitted by or on behalf of such distributor, reseller or sales agent, or pay any commission, bonus or other compensation to any such distributor, reseller, or sales agent. The Stipulating Defendants shall retain the original of each acknowledgment for a period of five (5) years following the date of entry of this Order.

E.     Terminate any distributor, reseller, or sales agent within ten (10) days after the Stipulating Defendants become aware that the distributor, reseller, or sales agent has used any advertisement or promotional material that contains any representation prohibited by this Order after receipt of the notice required by subparagraph A or B of this Part.

F.     Provide to the Commission, within thirty (30) days of entry of this Order for the

13

notices required by subparagraph A and within ten (10) days after such notice has been sent for the notices required by subparagraph B, the name and address of each and every distributor, reseller and sales agent to whom the notices attached as Exhibits A and B are sent.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY STIPULATING DEFENDANTS

### X.

**IT IS FURTHER ORDERED** that Defendants Health Solutions and Guerrero, within five (5) business days of receipt of this Order as entered by the Court, must each submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## DISTRIBUTION OF ORDER

### XI.

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, the Stipulating Defendants shall deliver copies of the Order as directed below:

A.    Defendant Health Solutions must deliver a copy of this Order to all of its principals, officers, directors, and managers. Defendant Health Solutions also must deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct relating to the subject matter of the Order (the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any covered product) or in recordkeeping within the scope of Part XIV. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant Health Solutions. For new personnel, delivery shall occur prior to them assuming their responsibilities.

14

B.  Defendant Guerrero as Control Person: For any business engaged in the advertising, marketing, promotion, offering for sale, distribution or sale of any food, drug or dietary supplement that Defendant Guerrero controls, directly or indirectly, or in which Defendant Guerrero has an ownership interest of at least fifty (50) percent, Defendant Guerrero must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Guerrero must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order (the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any covered product) or in recordkeeping within the scope of Part XIV. For current personnel, delivery shall be within (5) days of service of this Order upon Guerrero. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.  Defendant Guerrero as employee or non-control person: For any business where Guerrero is not a controlling person of a business but he engages in conduct related to the subject matter of this Order (the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any covered product), Guerrero must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.  Defendants Health Solutions and Guerrero each must secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the Order pursuant to this Part.

15

## COMPLIANCE REPORTING BY THE STIPULATING DEFENDANTS

### XII.

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this

Order may be monitored:

A.   For a period of five (5) years from the date of entry of this Order:

1.   Defendant Guerrero shall notify the Commission of the following:

a.   Any changes in residence, mailing address, and telephone numbers
of Guerrero, within ten (10) days of the date of such change;

b.   Any changes in employment status (including self-employment) of
Guerrero, and any change in Guerrero's ownership of any business
entity, within ten (10) days of such change. Such notice shall include
the name and address of each business that Guerrero is affiliated
with, employed by, creates or forms, or performs services for; a
statement of the nature of the business; and a statement of Guerrero's
duties and responsibilities in connection with the business or
employment; and

c.   Any changes in Guerrero's name or use of any aliases or fictitious
names, within ten (10) days of such change or use; and

2.   The Stipulating Defendants shall notify the Commission of any changes in
the corporate structure of Health Solutions or any business entity that
Guerrero directly or indirectly controls, or has an ownership interest in, that
may affect compliance obligations arising under this Order, including but
not limited to a dissolution, assignment, sale, merger, or other action that

16

would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change about which the Stipulating Defendants learn less than thirty (30) days prior to the date such action is to take place, the Stipulating Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.     Sixty (60) days after the date of entry of this Order, the Stipulating Defendants each shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1.     For Guerrero:

    a.     The then-current residence address, mailing addresses, and telephone numbers of Guerrero;

    b.     The then-current employment and business addresses and telephone numbers of Guerrero, a description of the business activities of each such employer or business, and the title and responsibilities of Guerrero, for each such employer or business; and

    c.     Any other changes required to be reported under subparagraph A of this part;

2.     For Defendants Health Solutions and Guerrero:

    a.     A copy of each acknowledgment of receipt of this Order, obtained

17

pursuant to the Parts X and XI above;

b. Any other changes required to be reported under subparagraph A of this part; and

c. Copies of all sales scripts, training materials, advertisements, or other marketing materials relating to any covered product.

C. For the purposes of this Order, the Stipulating Defendants shall, unless otherwise directed by the Commission's authorized representatives, send all written notifications to the Commission to:

Associate Director for Advertising Practices
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington D.C. 20580
Attn: *FTC v. Direct Marketing Concepts, Inc., et al.,* (D. Mass)

D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with the Stipulating Defendants.

## COMPLIANCE MONITORING

### XIII.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants Health Solutions and Guerrero each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation;

18

B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

> 1.    obtaining discovery from any person, without further leave of court, using the procedures prescribed by Federal Rules of Civil Procedure 30, 31, 33, 34, 36, and 45.
>
> 2.    posing as consumers and suppliers to Health Solutions and Guerrero, their employees, or any other entity managed or controlled in whole or in part by Health Solutions or Guerrero, without the necessity of identification or prior notice; and

C.    Health Solutions and Guerrero shall permit representatives of the Commission to interview any officer, director, employee, employer, consultant, independent contractor, representative, or agent who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided,* however, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## RECORD KEEPING PROVISIONS

### XIV.

**IT IS FURTHER ORDERED** that for a period of eight (8) years from the date of entry of this Order, the Stipulating Defendants, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive

19

actual notice of this Order by personal service or otherwise, including by facsimile, in connection with any business where: (1) any Stipulating Defendant is the majority owner of the business, or directly or indirectly manages or controls the business, and (2) the business is engaged, participating, or assisting in any manner whatsoever, directly or indirectly, in the advertising, marketing, promotion, offering for sale, distribution, or sale of any covered product, are hereby permanently restrained and enjoined from failing to create and retain the following records:

> A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;
>
> B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;
>
> C.    Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;
>
> D.    Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;
>
> E.    All documents referring or relating to the advertisement, marketing, promotion, offering for sale, distribution or sale of any covered product;
>
> F.    All documents upon which Stipulating Defendants rely to substantiate any representation covered by Part III above; and

20

G.    Copies of all sales scripts, training materials, advertisements, or other

marketing materials.

### SCOPE OF ORDER

#### XV.

**IT IS FURTHER ORDERED** that this Order resolves only claims against Defendants

Health Solutions and Guerrero as alleged in the Complaint. This Order does not preclude the

Commission from initiating further action or seeking any remedy against any other persons or

entities, including without limitation persons or entities who may be subject to portions of this

Order by virtue of actions taken in concert or participation with the Stipulating Defendants, and

persons or entities in any type of indemnification or contractual relationship with the Stipulating

Defendants.

## RETENTION OF JURISDICTION

### XVI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.


**SO ORDERED,** this ___ day of _____, 2005.


_____

George A. O'Toole

UNITED STATES DISTRICT JUDGE


**SO STIPULATED AND AGREED:**


DANIEL KAUFMAN
EDWARD GLENNON
SHIRA D. MODELL
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop NJ-3212
Washington, DC 20580
(202) 326-2675/3126/3116 (voice)
(202) 326-3259 (fax)

KIAL S. YOUNG (Mass. Bar # 633515)
Federal Trade Commission
914 Second Avenue
Seattle, WA 98174
(206) 220-6351 (voice)
(206) 220-6366 (fax)

Attorneys for Plaintiff

ALEJANDRO GUERRERO, individually
and as an officer of Health Solutions, Inc.


HEALTH SOLUTIONS, INC.
By: Alejandro Guerrero, President


BECKY V. CHRISTENSEN
O'Connor Christensen & McLaughlin, LLP

Attorney for Defendants Alejandro Guerrero
and Health Solutions, Inc.

22