UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
FEDERAL TRADE COMMISSION,           )
                                    )
        Plaintiff,                  )
                                    )
            v.                      )
                                    )   Civ. No. 04-11136-GAO
DIRECT MARKETING CONCEPTS, INC., et al., )
                                    )
        Defendants.                 )
_____ )

**SUPPLEMENTAL DECLARATION OF CHRISTINA E. TURNER
PURSUANT TO 28 U.S.C. § 1746**

1. My name is Christina E. Turner. I am a citizen of the United States and over twenty-one years of age. I am employed by the Federal Trade Commission ("FTC") as a Paralegal Specialist in the Division of Advertising Practices of the Bureau of Consumer Protection. My business address is 600 Pennsylvania Ave., N.W., Room NJ-3212, Washington, D.C., 20580.

2. My duties include investigating possible violations of the Federal Trade Commission Act. I have been assigned to the Commission's litigation, *FTC v. Direct Marketing Concepts, Inc., et al.* I have personal knowledge of the facts stated herein. If called to testify, I could and would competently testify to the facts set forth below.

3. I have previously submitted two Declarations in this case in support of the Commission's motion for a Temporary Restraining Order and one Declaration in support of the Commission's motion for a modification of the June 23, 2004 Preliminary Injunction as to Defendants Direct Marketing Concepts, Inc., ITV Direct, Inc., and Donald Barrett.

## INFOMERCIAL MONITORING SERVICE REPORTS

4.  As I stated in my previous declaration in support of the Commission's motion for a modification of the preliminary injunction, the Infomercial Monitoring Service ("IMS") monitors 39 national cable channels twenty-four hours a day, seven days a week, and compiles data on the paid programming aired. IMS issues a report each month which, among other things, identifies new infomercials that IMS has detected and reports the 100 most frequently aired infomercials for that month.

5.  According to IMS's monthly reports of the 100 most frequently aired infomercials, the Sea Vegg infomercial was ranked number 14 in May 2005 and the Renuva infomercial was ranked 75. True and correct copies of excerpts from the May 2005 IMS report showing this rankings are included in Attachment 1 to this Declaration.

6.  This is the highest ranking I have seen reported for the Sea Vegg infomercial. As I stated in my most recent declaration, Sea Vegg was ranked number 67 in February 2005, number 28 in March 2005, and number 26 in April 2005.

## SEA VEGG

7.  Using the transcript of the Sea Vegg infomercial that was included as Attachment 2 to my May 24, 2005 Declaration, I manually counted the number of times the words, "cancer," "arthritis," "diabetes," and "fibromyalgia" appeared. I then verified my tallies using the using Wordperfect's electronic word finding function. My results were as follows:

    Cancer -- 18 times

    Arthritis -- 4 times

    Diabetes -- 7 times

    Fibromyalgia -- 4 times

In addition, the word "disease" was used 30 times, 11 of which were as part of the phrase "degenerative disease."

8.  Attachment 2 to this Declaration is a true and correct copy of the label from a bottle of Sea Vegg.

9.  Prior to receiving the Defendants' Opposition to the Commission's motion, I was not aware of the existence of the revised Sea Vegg infomercial referred to by Mr. Sciucco. Nor do I believe that any of the Commission staff attorneys working on this case were aware of it, because the standard procedure would have been for that attorney to have directed me to obtain a copy of that infomercial.

10. On June 23, 2005, I received a copy of a Sea Vegg infomercial videotape from a sales manager at a San Francisco-based television station, KRON4. Based on my conversation with this individual, it is my understanding that the copy of the infomercial that I received was made from a master tape of the infomercial that aired as recently as yesterday, June 22, 2005. Shortly after receiving the tape on June 23rd, I reviewed the tape and compared it to the transcript of the version of the Sea Vegg infomercial that was attached to the Commission's motion for a modification of the June 23, 2004 Preliminary Injunction. In watching the new tape I did not observe any differences in dialogue between Donald Barrett and Scott Kennedy from the transcript of the original version of the infomercial. A true and correct copy of the videotape of the Sea Vegg infomercial that I received on June 23, 2005 is attached this Declaration as Attachment 3.

## ADDITIONAL DOCUMENTS AND MATERIALS

11. Attachment 4 to this Declaration contains a true and correct copy of a June 1, 2005 press release issued by the Electronic Retailing Self-Regulation Program ("ERSP")

announcing ERSP's referral of the Renuva Anti-Aging System to the FTC for non-compliance with ERSP's previous decision.

12. Attachment 5 to this Declaration contains a true and correct copy of a June 3, 2005 letter and attachment from Peter C. Marinello of ERSP to Michael Sciucco of ITV Direct, Inc., which was provided to the FTC on June 21, 2005 from a confidential source other than ERSP.

13. Attachment 6 to this Declaration contains a true and correct copy of ERSP's decision on the Sea Vegg infomercial.

## UNDERCOVER CALLS MADE TO DEFENDANTS

14. Since the June 23, 2004 entry of the Preliminary Injunction, I have made a total of nine (9) taped, undercover calls to ITV to place product orders. I did make untaped calls to cancel autoships and inquire when I would be getting refunds for returned product.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the statements made in this Declaration are true and correct.

Executed on June 23, 2005                                          *Christina E. Turner*

                                                                   Christina E. Turner