| ERSP NEWS<br><br>For Immediate Release | Contact: Tessa Barrera<br>Phone:  212.705.0104<br>Email:   tbarrera@narc.bbb.org |
|---|---|

# NEWS RELEASE
For Immediate Release
Contact: 212.705.0104

## ANTI-AGING FORMULAS, LLC REFERRED TO GOVERNMENT FOR NON-COMPLIANCE WITH ERSP

*ERSP Announces it will refer the Renuva Anti-Aging System to the FTC for non-compliance with previous decision*

*New York, NY – June 1, 2005* – The Electronic Retailing Self-Regulation Program ("ERSP"), the electronic direct-response industry's self-regulatory forum, announced that Anti-Aging Formulas, LLC, marketer for Renuva Anti-Aging System has been referred to the Federal Trade Commission ("FTC") for noncompliance. This compliance proceeding stemmed from an earlier inquiry in which ERSP requested substantiation for several core claims identified in advertising for the Renuva Anti-Aging System that came to ERSP through its ongoing monitoring program.

In the original inquiry, ERSP requested that the marketer provide substantiation for several core claims that were communicated in the thirty-minute infomercial. The core claims at issue included: comparative claims *("I started taking the injectible HGH…it's just great with Renuva not to have to take the injections anymore… it's all there)* performance claims ( *"Increased energy and stamina; decreased weight and body fat; restored muscle mass; reduction of aches and pains, younger, thicker skin; improved quality of sleep; fewer skin wrinkles."*) and age related claims (*"Reversing the effects of aging"* ).

ERSP determined at the conclusion of the first inquiry that **the claims made in the infomercial could be reasonably interpreted by consumers as unqualified superiority claims and as a direct comparison of product performance with professionally administered injections of HGH. Therefore, ERSP recommended that Anti-Aging Formulas discontinue** these express and implied comparative performance claims. ERSP further determined that until Anti-Aging Formulas conducted additional testing on either its product or the ingredients contained therein, these performance claims should be discontinued. In a marketer's statement to ERSP following the decision, Anti-Aging Formulas stated that "In the spirit of self regulation, AAF will take ERSP's recommendations under consideration for all future modification or edits of the advertisement."

ERSP, through its on-going monitoring program, continued to track the exact same infomercial six weeks after the case closed, and after continuing to see the unedited version, opened a compliance inquiry. In response, Anti-Aging Formulas stated that the show in question was "in the process of being pulled from the airwaves," and that "[Anti-Aging Formulas] has had discussions with their producer and they intend to edit the show while taking ERSP's recommendations into consideration." However, the marketer added that it could not provide "an exact time frame" when final modifications of its advertisement would occur nor could it specify that the claims at issue in the original inquiry would be discontinued.

ERSP remained concerned with the marketer's commitment to make changes consistent with the spirit of the decision and pursuant to Section 4.1 (B) of the ERSP Policy and Procedures, referred the matter to the Federal Trade Commission for possible enforcement action.

*For a complete case report of the ERSP Decision, please contact Tessa Barrera at 212.705.0104.*

ERSP was launched on August 1, 2004 with policy oversight provided by National Advertising Review Council ("NARC") to look at the truth and accuracy of claims in direct response marketing. The direct response industry includes long form (infomercial) productions, short-form commercials, live home shopping channels, print advertising, Internet marketing and radio advertising. This self-regulatory forum inquires about the evidentiary support that a marketer possess for product claims being communicated in direct response advertising and are brought to ERSP's attention through competitive challenges and ERSP's own ongoing monitoring program. ERSP's inquiry was conducted under the NARC/ERA Policy and Procedures for The Electronic Retailing Self-Regulation Program. Details of the initial inquiry, ERSP's decision, and the marketer's response will be included on the NARC website.

The National Advertising Review Council (NARC) was formed in 1971 by the Association of National Advertisers, Inc. (ANA), the American Association of Advertising Agencies, Inc. (AAAA), the American Advertising Federation, Inc. (AAF), and the Council of Better Business Bureaus, Inc. (CBBB). Its purpose is to foster truth and accuracy in national advertising through voluntary self-regulation. NARC is the body that supervises and administers the policies and procedures for the Electronic Retailing Self-Regulation Program (ERSP).

NAD, CARU, and ERSP are the investigative arms of the advertising industry's voluntary self-regulation program. Their casework results from competitive challenges from other advertisers, consumers and also from self-monitoring traditional and new media, including the Internet. The National Advertising Review Board (NARB), the appeals body, is a peer group from which ad-hoc panels are selected to adjudicate those cases that are not resolved at the NAD/CARU level. This unique, self-regulatory system is funded entirely by the business community.