# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br>  )<br>        Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DIRECT MARKETING CONCEPTS, INC., et )<br>al.,  )<br>  )<br>        Defendants.  )<br>  )<br>DIRECT MARKETING CONCEPTS, INC., )<br>ITV DIRECT, INC., and DONALD W. )<br>BARRETT,  )<br>  )<br>        Cross-Claimant,  )<br>  )<br>v.  )<br>  )<br>HEALTHY SOLUTIONS, LLC, HEALTH )<br>SOLUTIONS, INC., ALEJANDRO )<br>GUERRERO, MICHAEL HOWELL, GREG )<br>GEREMESZ, ALLEN STERN  )<br>  )<br>        Cross-Defendants.  )<br>  ) | CIVIL ACTION NO. 04-CV-11136-GAO |

## ANSWER OF DIRECT MARKETING CONCEPTS, ITV DIRECT, INC., DONALD W. BARRETT AND ROBERT MAIHOS TO THE AMENDED COMPLAINT

Defendants Direct Marketing Concepts, Inc. ("DMC"), ITV Direct, Inc. ("ITV"), Donald W. Barrett ("Barrett") and Robert Maihos ("Maihos") (collectively "DMC Defendants") by and through their undersigned attorneys, answer the Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") filed by the Plaintiff Federal Trade Commission ("FTC").

1.      Paragraph 1 of the Complaint is a statement of relief sought and purports to state a legal conclusion to which no response is required. To the extent a response is required, the DMC Defendants admit that FTC alleges violation of Sections 5(a) and 12 of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 52, but deny that they violated these laws or any other. DMC Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.  Paragraph 2 of the Complaint states a legal conclusion to which no response is required.

3.  Paragraph 3 of the Complaint states a legal conclusion to which no response is required.

## THE PARTIES

4.  DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.  DMC Defendants admit that DMC is a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. DMC Defendants admit that DMC has sold a product known as Coral Calcium Daily and produced an infomercial featuring Robert Barefoot discussing his personal opinions regarding the possible health benefits of coral calcium. DMC Defendants admit that ITV has sold a product known as Supreme Greens with MSM and produced an infomercial featuring Alejandro Guerrero discussing his opinions regarding the possible health benefits of Supreme Greens with MSM. DMC Defendants admit that Donald Barrett appears in this infomercial, but further respond that all of the health claims made in the infomercial are made by Guerrero and constitute his opinion. DMC Defendants admit that DMC has transacted business in Massachusetts. The remainder of the allegations contained in Paragraph 5 are denied.

6.  DMC Defendants admit that ITV is a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. DMC Defendants admit that ITV has sold a

product known as Supreme Greens with MSM and produced an infomercial featuring Alejandro Guerrero discussing his opinions regarding the possible health benefits of Supreme Greens with MSM.  DMC Defendants admit that ITV has transacted business in Massachusetts.  The remainder of the allegations contained in Paragraph 6 are denied.

7.     DMC Defendants admit that Barrett is the President and a Director of DMC and ITV.  DMC Defendants admit that DMC has sold a product known as Coral Calcium Daily and produced an infomercial featuring Robert Barefoot discussing his personal opinions regarding the possible health benefits of coral calcium.  DMC Defendants admit that ITV has sold a product known as Supreme Greens with MSM and produced an infomercial featuring Alejandro Guerrero discussing his opinions regarding the possible health benefits of Supreme Greens with MSM.  DMC Defendants admit that Barrett appears in this infomercial, but further respond that all of the health claims made in the infomercial are made by Guerrero and constitute his opinion.  DMC Defendants state that Barrett's companies, DMC and ITV, have transacted business in Massachusetts.  The remainder of the allegations contained in Paragraph 7 of the Complaint are denied.

8.     DMC Defendants admit that Robert Maihos is an officer and director of DMC and ITV.  DMC Defendants admit that DMC has sold a product known as Coral Calcium Daily and produced an infomercial featuring Robert Barefoot discussing his personal opinions regarding the possible health benefits of coral calcium.  DMC Defendants admit that ITV has sold a product known as Supreme Greens with MSM and produced an infomercial featuring Alejandro Guerrero discussing his opinions regarding the possible health benefits of Supreme Greens with MSM.  DMC Defendants state that DMC and ITV have transacted business in Massachusetts.  The remainder of the allegations contained in Paragraph 8 of the Complaint are denied.

3

9. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 9 of the Complaint. DMC Defendants admit that in or about April 2003, Healthy Solutions entered into a distribution agreement with ITV for the Supreme Greens product, granting ITV the right to market and sell Supreme Greens and designating Guerrero as the "spokesperson." DMC Defendants admit the allegations contained in the fifth sentence of Paragraph 8, and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 8. The remainder of the allegations contained in Paragraph 8 of the Complaint are denied.

10. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 12 of the Complaint. DMC Defendants admit the allegations contained in the third sentence of Paragraph 12, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint.

13. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. DMC Defendants admit that DMC was a business partner of King Media, and that King Media financed the dissemination of an infomercial for Coral Calcium Daily. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint.

16. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. DMC Defendants admit that BP International is a Nevada corporation with its principal place of business in Reno, Nevada. DMC Defendants admit that Steve Paris is a relative of Barrett. The remainder of the allegations in Paragraph 20 are denied.

## COMMERCE

21. Paragraph 21 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, DMC Defendants admit that Plaintiff alleges that DMC Defendants are or have been in or affecting commerce pursuant to Section 4 of the FTC Act, 15 U.S.C. § 44. DMC Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

**DEFENDANTS' COURSE OF CONDUCT**

**Coral Calcium Daily**

22.     DMC Defendants admit that Defendant DMC has advertised, offered for sale, sold, and/or distributed Coral Calcium Daily.  DMC Defendants further admit that, according to research provided by Robert Barefoot, Coral Calcium Daily is a dietary supplement that contains a form of calcium derived from marine coral and, in his opinion, has possible health benefits.  DMC Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     DMC Defendants admit that Coral Calcium Daily has been sold at prices between $14.95 and $39.95 and that bottles of Coral Calcium Daily typically contain 90 capsules.  DMC Defendants further state that the labels on the bottles speak for themselves regarding the contents of each capsule and daily serving size information.  DMC Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.     DMC Defendants admit that an infomercial was produced featuring Robert Barefoot in which Barefoot discusses his opinions regarding the possible benefits of coral calcium.  DMC Defendants admit that this infomercial was aired on various national and local networks, and that a toll-free telephone number appeared during the course of the infomercial to call to purchase Coral Calcium Daily.  DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of information regarding advertisements produced and disseminated by Defendants Triad, King Media and Stern and current retail sales of Coral Calcium Daily.  DMC Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     DMC Defendants deny that the statements set forth in Paragraph 25(A) – (H) were made by or on behalf the DMC Defendants, and deny that these statements are complete or representative of the claims made in the infomercial and transcript attached as exhibits 1 and 2 to

the Complaint, which exhibits speak for themselves.  DMC Defendants deny that the statements set forth in Paragraph 25(I) are complete or representative of claims made in promotional materials, and deny they disseminated the document attached as exhibit 3 to the Complaint.  DMC Defendants deny the allegations of Paragraph 25(J) to the extent exhibit 4 is taken out of context and is therefore misleading, and state that the document speaks for itself.  DMC Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint as they relate to the DMC Defendants.  As to the other defendants, DMC Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 25 of the Complaint.

26.  DMC Defendants admit to selling Coral Calcium Daily through distributors and providing those distributors with information about Coral Calcium Daily.  DMC Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.  DMC Defendants admit that customers were afforded the opportunity to purchase Coral Calcium Daily under a program through which product was shipped monthly to the customer.  The remainder of the allegations of Paragraph 27 are denied.

**Supreme Greens with MSM**

28.  DMC Defendants admit that ITV has advertised, offered for sale, sold, and/or distributed Supreme Greens.  DMC Defendants state that the labeling on the bottles of Supreme Greens reflects the contents of the product.  DMC Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint as they relate to the DMC Defendants.  As to the other defendants, DMC Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 28 of the Complaint.

29.  DMC Defendants admit that Supreme Greens has been sold at prices between $32.98 and $49.99 and that bottles of Supreme Greens typically contain 180 capsules.  DMC

Defendants further state that the labels on the bottles speak for themselves regarding the contents of each capsule and daily serving size information. DMC Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30.     DMC Defendants admit that an infomercial was produced by ITV featuring Alejandro Guerrero, in which Guerrero discusses his opinions regarding the possible benefits of Supreme Greens. DMC Defendants further admit that this infomercial was aired on various national and local networks. DMC Defendants admit that a toll-free number was provided in the infomercial for viewers to obtain more information about the product. DMC Defendants further admit that information regarding Supreme Greens was available through the Internet. DMC Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31.     DMC Defendants deny that the statements set forth in Paragraph 31(A) through (M) are complete or representative of the claims made in the infomercial or other advertising for Supreme Greens, which feature the opinions of Guerrero. Further responding, DMC Defendants state that the tape and transcript of one version of the infomercial are attached as exhibits 5 and 6 to the Complaint and speak for themselves. DMC Defendants deny that any of the claims in Paragraph 31 were made by DMC Defendants, and deny the remaining allegations contained in Paragraph 31 of the Complaint.

32.     DMC Defendants deny the allegations contained in Paragraph 32 of the Complaint, except to admit that a toll-free telephone number was provided for viewers to obtain more information about or to order the Supreme Green product. Further responding, DMC Defendants state that there were numerous versions of the infomercial, each containing specific disclosure that the infomercial was a paid advertisement.

33. DMC Defendants deny the allegations contained in Paragraph 33 of the Complaint.

## SECTIONS 5 AND 12 OF THE FTC ACT

34. The first three sentences of Paragraph 34 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, DMC Defendants deny the allegations contained in the first three sentences of Paragraph 34, and deny the allegations contained in the last sentence of Paragraph 34.

## DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE FTC ACT

### COUNT I

**Unlawful Claims Regarding the Health Benefits of Coral Calcium Daily**

35. DMC Defendants deny the allegations contained in Paragraph 35 of the Complaint as they relate to the DMC Defendants.

36. DMC Defendants deny the allegations contained in Paragraph 36 of the Complaint.

### COUNT II

**Unlawful Claims Regarding the Bioavailability and Superiority of Coral Calcium Daily**

37. DMC Defendants deny the allegations contained in Paragraph 37 of the Complaint as they relate to the DMC Defendants.

38. DMC Defendants deny the allegations contained in Paragraph 38 of the Complaint.

### COUNT III

**Unlawful Claims Regarding Certain Scientific Studies on Calcium**

39. DMC Defendants deny the allegations contained in Paragraph 39 of the Complaint as they relate to the DMC Defendants.

9

40.   DMC Defendants deny the allegations contained in Paragraph 40 of the Complaint.

## COUNT IV

### Unlawful Claims Regarding the Health Benefit of Supreme Greens

41.   DMC Defendants deny the allegations contained in Paragraph 41 of the Complaint as they relate to the DMC Defendants.

42.   DMC Defendants deny the allegations contained in Paragraph 42 of the Complaint.

## COUNT V

### Unlawful Weight Loss Claim Regarding Supreme Greens

43.   DMC Defendants deny the allegations contained in Paragraph 43 of the Complaint as they relate to the DMC Defendants.

44.   DMC Defendants deny the allegations contained in Paragraph 44 of the Complaint.

## COUNT VI

### Unlawful Safety Claims Regarding Supreme Greens

45.   DMC Defendants deny the allegations contained in Paragraph 45 of the Complaint as they relate to the DMC Defendants.

46.   DMC Defendants deny the allegations contained in Paragraph 46 of the Complaint.

## COUNT VII

### Deceptive Format

47.   DMC Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. DMC Defendants deny the allegations contained in Paragraph 48 of the Complaint, except to admit that the infomercial was paid commercial advertising and was represented as such through disclaimers contained within the infomercial.

## COUNT VIII

### Unfair Practice Regarding Unauthorized Credit and Debit Charges

49. DMC Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. DMC Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. DMC Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. DMC Defendants deny the allegations contained in Paragraph 52 of the Complaint.

## COUNT IX

### DISGORGEMENT OF RELIEF DEFENDANTS'

### ILL GOTTEN GAINS

### BENEFIT FROM FUNDS DIRECTLY TRACEABLE TO CONSUMERS

53. DMC Defendants incorporate their responses to Paragraphs 1 through 52 above.

54. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint as they relate to Lisa Stern and Steven Ritchey. The remainder of the allegations are denied.

55. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint as they relate to Lisa Stern and Steven Ritchey. The remainder of the allegations are denied.

56. DMC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint as they relate to Lisa Stern and Steven Ritchey. The remainder of the allegations are denied.

## CONSUMER INJURY

57. DMC Defendants deny the allegations contained in Paragraph 57 of the Complaint.

## THIS COURT'S POWER TO GRANT RELIEF

58. Paragraph 58 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, DMC Defendants admit that FTC seeks relief from this Court pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), but denies that such relief should be granted. DMC Defendants deny the remaining allegations contained in Paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiff's causes of action fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not been damaged by any acts of the DMC Defendants.

### THIRD AFFIRMATIVE DEFENSE

The allegedly deceptive statements were not made by the DMC defendants, but were made by others over which the DMC Defendants exerted no authority or control and for which DMC Defendants have never had responsibility. All of Plaintiff's claims against the DMC Defendants, therefore, are derivative of claims against other parties or third-parties.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because each of the allegedly deceptive advertisements contained disclaimers.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the First Amendment to the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

WHEREFORE, DMC Defendants demand judgment of dismissal with prejudice as to all counts of Plaintiff's claims, plus costs and attorneys' fees.

Respectfully submitted,

DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., DONALD W. BARRETT, and ROBERT MAIHOS,

By their attorney(s),

 /s/ Christopher F. Robertson
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

Dated:  July 6, 2005