**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 04-CV-11136GAO |
| | ) |
| DIRECT MARKETING CONCEPTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**DMC DEFENDANTS' MOTION FOR CONTINUANCE AND FOR SANCTIONS**

**REQUEST FOR ORAL ARGUMENT**

The defendants Direct Marketing Concepts, Inc. ("DMC"), ITV Direct, Inc. ("ITV Direct"), and Donald W. Barrett ("Barrett") (collectively, "DMC Defendants") hereby move for a continuance of the hearing on the FTC's motion for appointment of receiver presently scheduled for October 3, 2005, and for sanctions.

Briefly, the basis for the within motion is the production within the last week of over 6,000 pages of documents called for under the automatic discovery procedures in the Rules and long-standing document requests, including the transcripts of numerous investigative calls made by the FTC to the defendants' sales force. The DMC Defendants' limited review of the documents thus far confirms that these documents are relevant and material not only to the FTC's original allegations and claims, but also to the FTC's new allegations and claims which form the basis for its May 25th motion to appoint a receiver. The additional time is required for the DMC Defendants to fully review and evaluate the 6,000 pages of documents and to follow up on the new information contained therein in order for the DMC Defendants to challenge the allegations and issues raised by the FTC, most especially with respect to those allegations and

claims upon which the FTC relies in seeking the appointment of a receiver. Indeed, the transcripts clearly establish the Commission's manipulation and selective disclosure of information to the Court in support of its contention that the DMC Defendants are not appropriately disclosing the terms of the autoship program to consumers. Without the requested relief, the DMC Defendants will suffer substantial prejudice in their ability to defend against the merits of the FTC's claims and its pending motion for a receiver.

WHEREFORE, the DMC Defendants pray the Court to:

1.      Dismiss the FTC's motion seeking the appointment of a receiver; or in the alternative,

2.      Continue the hearing on the FTC's receivership motion until 30 days after the DMC Defendants have completed supplemental discovery;

3.      Allow the DMC Defendants a reasonable period to conduct additional discovery for a period of ninety (90) days;

4.      Require the FTC reimburse the DMC Defendants for their expenses in bringing the instant motion and in conducting any discovery that is reasonably required by the FTC's late disclosures; and

5.      Require the FTC to preserve all documents in its possession related to this case, including all computer files and all tapes or other recordings of undercover calls, and order that all relevant and potentially exculpatory information be produced immediately.

A memorandum of law in support is submitted herewith.

Respectfully submitted,

DIRECT MARKETING CONCEPTS, INC., ITV
DIRECT, INC., AND DONALD W. BARRETT

By their attorney(s),


 /s/ Christopher Robertson
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801

Dated: September 20, 2005


## LOCAL RULE 7.1 CERTIFICATION

I, Christopher F. Robertson, counsel for DMC Defendants, hereby certify that I have conferred with opposing counsel and attempted in good faith to resolve or narrow the issues raised in this motion, but have been unable to do.

/s/ Christopher Robertson
Christopher F. Robertson

BO1 15737148.1