UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

DIRECT MARKETING CONCEPTS, INC., et al.,

    Defendants.

CIVIL ACTION NO. 04-CV-11136GAO

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. NO. 04-CV-11136-GAO |
| v. ) | |
| ) | |
| DIRECT MARKETING CONCEPTS, INC., et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT DIRECT MARKETING CONCEPTS, INC.'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Direct Marketing Concepts, Inc. ("DMC"), requests that the plaintiff Federal Trade Commission ("FTC") produce the documents described below. The requested documents are to be produced for inspection and copying within thirty (30) days at the offices of Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, Massachusetts 02110.

**DEFINITIONS**

1. The term "Communication" means the oral or written transmittal of words or information (in the form of facts, ideas, inquiries or otherwise). The term "Communication" shall specifically include electronic mail.

2. The term "Document" means the originals, all identical and nonidentical copies, and all drafts or preliminary versions of written, printed, typed, graphic, photographic, electronically or mechanically recorded matter, of any kind or nature, however produced or reproduced; including, without limitation, any books, pamphlets, letters or other forms of correspondence, e-mails, computer records, telegrams, telexes, cables, reports, studies,

memoranda, notes, diary entries, log entries, telephone memoranda, summaries, financial records, writings, scribblings, invoices, bills, receipts, return receipts, canceled checks, ledgers, accounts, books of account, statements, invoices for credit, credit statements, credits, debits, tape recordings, videotape recordings, motion picture films, films, photographs (including negatives and prints), blueprints, specifications, charts, diagrams, drawings, sketches, and all other writings and documents of any nature.

3. The term "Person" means any natural person, or any business, legal, or governmental entity or association.

4. The term "Concerning" means relating to, referring to, describing, evidencing or constituting.

5. The term "Healthy Solutions" means Healthy Solutions, LLC, its officers, including Michael Howell and Gregory Geremesz, directors, partners, agents, servants, employees, attorneys, parents, subsidiaries, predecessors, successors and all other Persons acting on its behalf.

6. The term "Triad" means Triad ML Marketing, Inc., its officers, including Allen Stern and Stephen Ritchey, directors, partners, agents, servants, employees, attorneys, parents, subsidiaries, predecessors, successors and all other Persons acting on its behalf.

7. The term "King Media" means King Media, Inc., its officers, directors, partners, agents, servants, employees, attorneys, parents, subsidiaries, predecessors, successors and all other Persons acting on its behalf.

8. The term "Health Solutions" means Health Solutions, Inc., its officers, including Alejandro Guerrero, directors, partners, agents, servants, employees, attorneys, parents, subsidiaries, predecessors, successors and all other Persons acting on its behalf.

9. The term "Deonna Enterprises" means Deonna Enterprises, Inc., its officers, including Robert Barefoot, directors, partners, agents, servants, employees, attorneys, parents, subsidiaries, predecessors, successors and all other Persons acting on its behalf.

11. The term "FTC" means the Federal Trade Commission, its officers, directors, partners, agents, servants, employees, attorneys, predecessors, successors and all other Persons acting on their behalf.

12. When referring to a Person, the term "Identify" means the Person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

## INSTRUCTIONS

1. If an objection is raised as to any individual request, the reasons for objection must be stated in the written response. If any objection is made to only part of an item or category of an individual request, the objection must be specified, and the balance of the documents requested must be produced at the time, place and location specified in this Request.

2. If the attorney-client and/or attorney work product privilege is claimed with respect to any item, category, or document(s), the following information must be provided in responding to this Request:

    (a) The precise nature of the privilege claimed;

    (b) The reason for claiming the privilege, set forth in detail;

    (c) The identity of the client(s) and the date the attorney-client relationship began (if applicable);

    (d) The identity of the attorney (if applicable);

    (e) The identity of the person who is claiming the privilege;

    (f) The identity of the document claimed to be privileged, setting forth

the following information with respect to each said document;

(i) The author(s) and/or identity of the person(s) who prepared the document;

(ii) The relationship to the defendant of the author(s) and/or person(s) who prepared said document;

(iii) The date of preparation or publication;

(iv) The number of pages;

(v) The substantive content of the document;

(vi) The publisher, if any;

(vii) If not published, the identity of each person to whom copies were sent or delivered;

(viii) The present location and the identity of the custodian or person who has possession or control over the document, and his, her or its relationship to the defendant.

3. If documents existed at one time that were responsive to these Document Requests, but those documents have been lost or destroyed or are otherwise unavailable, identify the documents, the person who last possessed the documents, and the date when the documents were last in the possession, custody or control of the School District.

4. Unless otherwise noted, the time period covered by these requests is from January 1, 1995 through the present.

5. These requests shall be deemed to be continuing requests for supplemental responses.

## DOCUMENT REQUESTS

1. All sworn statements, including but not limited to deposition transcripts and/or affidavits or declarations, by any Person, obtained by the FTC in connection with any investigation and/or litigation concerning coral calcium or Supreme Greens.

-5-

2. All documents obtained by the FTC from any Person other than DMC or ITV in connection with any investigation and/or litigation concerning Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald Barrett, coral calcium or Supreme Greens.

3. All correspondence between the FTC and Healthy Solutions or Health Solutions.

4. All correspondence between the FTC and Triad or King Media.

5. All correspondence between the FTC and Deonna Enterprises.

6. All correspondence between the FTC and Kevin Trudeau and/or any Person associated with Kevin Trudeau.

7. All expert reports submitted in any litigation commenced by the FTC concerning coral calcium or Supreme Greens, including but not limited to litigation commenced in the United States District Court for the Northern District of Illinois.

8. All investigative files in the possession of the FTC concerning coral calcium or Supreme Greens.

9. All documents, including opinions and/or reports, prepared by any expert witness the FTC intends to call at trial.

10. All scientific or research materials in the possession of the FTC concerning coral calcium or Supreme Greens.

11. All documents or correspondence from consumers to the FTC regarding coral calcium or Supreme Greens.

12. Documents sufficient to identify all Persons with whom the FTC has obtained evidence in connection with its investigation of coral calcium or Supreme Greens, and this litigation. "Evidence" is defined to include oral or written statements, interviews, documents,

data, media, financial information, scientific data, or any other means to ascertain the truth of any fact.

        Respectfully submitted,

        DIRECT MARKETING CONCEPTS, INC.

        By its attorney(s),

        */s/ Christopher F. Robertson*

        Peter S. Brooks, BBO #058980
        Christopher F. Robertson, BBO #642094
        Susan W. Gelwick, BBO #567115
        SEYFARTH SHAW LLP
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:   (617) 946-4800
        Telecopier:   (617) 946-4801

Dated: January 28, 2005

---

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon all parties by facsimile and by first-class mail on January 28, 2005.

*/s/ Christopher F. Robertson*

Christopher F. Robertson

---