UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRECT MARKETING CONCEPTS, INC., et )<br>al., )<br>)<br>Defendants. )<br>)<br>) | CIVIL ACTION NO. 04-CV-11136GAO |

# EXHIBIT 4

MAR - 3 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRECT MARKETING CONCEPTS, INC., et al. )<br>)<br>Defendants. )<br>) | Civ. No. 04-CV-11136-GAO |

**RESPONSE OF PLAINTIFF THE FEDERAL TRADE COMMISSION
TO DEFENDANTS DIRECT MARKETING CONCEPTS, INC.'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Subject to and without waiving objections set forth herein, plaintiff the Federal Trade Commission ("FTC" or "Commission") responds to defendants Direct Marketing Concepts, Inc.'s First Request for Production of Documents as follows:

**General Objections**

1. The FTC reserves the right to assert additional objections to production of information or documents as appropriate and to supplement these objections and responses. As to each request where the FTC has stated that it will produce or make responsive documents available for inspection, such a statement does not imply or represent that responsive documents are known to exist or do, in fact, exist.

2. The FTC's willingness to provide information or documents notwithstanding the objectionable nature of the Document Request, shall not be construed as (a) an acknowledgment or admission that the material is relevant, (b) a waiver of the General Objections or the

Objections asserted in response to specific Document Requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

3. The FTC objects to each Document Request to the extent that it calls for information or the production of any document that is protected from disclosure by the work product doctrine, deliberative process privilege, law enforcement/investigative privilege, informant privilege, non-testifying expert privilege, that is exempt from disclosure pursuant to confidentiality provisions set forth in the FTC Act, that is protected from disclosure by the privilege for information given to the FTC on a Pledge of Confidentiality, or that is protected from disclosure under principles of financial privacy.

4. The FTC will produce a privilege log shortly.

5. The FTC will not produce documents responsive to this request that Direct Marketing Concepts, Inc., ITV Direct, Inc., or Donald Barrett previously has produced or made available to the FTC, including materials that the FTC obtained pursuant to its visit to the premises of Direct Marketing Concepts, Inc. and ITV Direct, Inc. on June 28-29, 2004.

6. The FTC will not produce documents responsive to this request that have previously been served in this proceeding, including but not limited to motions, pleadings, briefs, and attachments thereto, and correspondence with counsel for Direct Marketing Concepts, Inc., ITV Direct, Inc., and Donald Barrett.

7. Each of the foregoing General Objections is incorporated in each of the Responses hereinafter set forth. Subject to and without waiving any of such objections, the FTC responds as follows:

**Document Request No. 1:** All sworn statements, including but not limited to

deposition transcripts and/or affidavits or declarations, by any Person, obtained by the FTC in connection with any investigation and/or litigation concerning coral calcium or Supreme Greens.

**Response:**

The FTC objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks discovery of sworn statements, including deposition transcripts and/or affidavits, that were taken to ascertain the assets or financial status of any defendant or person sought to be named as a defendant or relief defendant in this matter or to the assets or financial status of any defendant in the matter of FTC v. Kevin Trudeau et al., Civ. No. 03-C-3904 (N.D. Ill.), another case that involved the sale of a coral calcium product. The FTC further objects to this request to the extent that it calls for the production of confidential financial materials that are subject to the protective order in FTC v. Kevin Trudeau et al., Civ. No. 03-C-3904 (N.D. Ill.). Subject to and without waiving its General and foregoing objections, the FTC will produce any responsive non-privileged documents or things in its custody that do not relate to the assets or financial status of defendants in the matter of FTC v. Kevin Trudeau et al., Civ. No. 03-C-3904 (N.D. Ill.).

**Document Request No. 2:** All documents obtained by the FTC from any Person other than DMC or ITV in connection with any investigation and/or litigation concerning Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald Barrett, coral calcium or Supreme Greens.

**Response:**

The FTC objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks discovery of materials that relate to the assets or financial status of any defendant or person sought to be named as a defendant or

relief defendant in this matter or to the assets or financial status of any defendant in the matter of FTC v. Kevin Trudeau et al., Civ. No. 03-C-3904 (N.D. Ill.), another case that involved the sale of a coral calcium product. The FTC further objects to this request to the extent that it calls for the production of confidential financial materials that are subject to the protective order in FTC v. Kevin Trudeau, et al., Civ. No. 03-C-3904 (N.D. Ill.). Subject to and without waiving its General and foregoing objections, the FTC will produce any responsive non-privileged documents or things in its custody that the FTC has obtained in connection with the instant case. With respect to documents that the FTC obtained in connection with the case of FTC v. Kevin Trudeau et al., Civ. No. 03-C-3904 (N.D. Ill.), the Commission will produce such documents that refer or relate to the marketing, promotion, or efficacy of any coral calcium product and the evaluation or substantiation of any such marketing claims.

**Document Request No. 3:** All correspondence between the FTC and Healthy Solutions or Health Solutions.

**Response:**

The FTC objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents that relate to the assets or financial status of Health Solutions, Healthy Solutions, Alexander Guerrero, Gregory Geremesz, or Michael Howell, or to any settlement negotiations between any of these Persons and the FTC. Subject to and without waiving its General and foregoing objections, the FTC will produce any correspondence between the FTC and Health Solutions, Healthy Solutions, Alexander Guerrero, Gregory Geremesz, or Michael Howell in its custody or control that does not relate to the assets or financial status of any of these Persons or to any settlement negotiations between the FTC and

any of these Persons.

**Document Request No. 4:**   All correspondence between the FTC and Triad or King Media.

**Response:**

The FTC objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents that relate to the assets or financial status of Triad, King Media, Allen Stern, Lisa Stern, or Steven Ritchey, or to any settlement negotiations between any of these Persons and the FTC. Subject to and without waiving its General and foregoing objections, the FTC will produce any correspondence between the FTC and Triad, King Media, Allen Stern, Lisa Stern, or Steven Ritchey in its custody or control that does not relate to the assets or financial status of any of these Persons or to any settlement negotiations between the FTC and any of these Persons.

**Document Request No. 5:**   All correspondence between the FTC and Deonna Enterprises.

**Response:**

The FTC objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents that relate to the assets or financial status of Deonna Enterprises or Robert Barefoot, or to any settlement negotiations between either of these Persons and the FTC. The FTC further objects to this request to the extent that it calls for the production of confidential financial materials that are subject to the protective order in FTC v. Kevin Trudeau et al., Civ. No. 03-C-3904 (N.D. Ill.) Subject to and without waiving its General and foregoing objections, the FTC will produce any correspondence

between the FTC and Deonna Enterprises or Robert Barefoot in its custody or control that does not relate to the assets or financial status of either of these Persons or to any settlement negotiations between the FTC and either of these Persons.

**Document Request No. 6:** All correspondence between the FTC and Kevin Trudeau and/or any Person associated with Kevin Trudeau.

**Response:**

The FTC objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents that relate to the assets or financial status of financial status of Kevin Trudeau and/or any entity associated with Kevin Trudeau or to any settlement negotiations between any of these Persons and the FTC. The FTC further objects to this request to the extent that it calls for the production of confidential financial materials that are subject to the protective order in FTC v. Kevin Trudeau et al., Civ. No. 03-C-3904 (N.D. Ill.) Subject to and without waiving its General and foregoing objections, the FTC will produce any correspondence between the FTC and Kevin Trudeau and/or any Person associated with Kevin Trudeau relating to the marketing, promotion, or efficacy of any coral calcium product in its custody or control that does not relate to the assets or financial status of any of these Persons or to any settlement negotiations between the FTC and any of these Persons.

**Document Request No. 7:** All expert reports submitted in any litigation commenced by the FTC concerning coral calcium or Supreme Greens, including but not limited to litigation commenced in the United Stated District Court for the Northern District of Illinois.

**Response:**

With respect to the FTC's litigation against Kevin Trudeau, the FTC will produce

submitted expert reports relating only to any coral calcium product, as any reports relating to Biotape are irrelevant and not likely to lead to the discovery of admissible evidence. Subject to its General objections and this exception, the FTC will produce any documents or things in its custody or control responsive to this request.

**Document Request No. 8:** All investigative files in the possession of the FTC concerning coral calcium or Supreme Greens.

**Response:**

The FTC objects to this Request to the extent that it seeks documents protected from disclosure through the deliberative process privilege, work-product doctrine, informant privilege, law enforcement/investigative privilege, the privilege for information given to the FTC on a Pledge of Confidentiality, or that are exempt from disclosure pursuant to confidentiality provisions set forth in the FTC Act. Subject to and without waiving its General and foregoing objections, the FTC will produce any non-privileged documents or things in its custody or control responsive to this request.

**Document Request No. 9:** All documents, including opinions and/or reports, prepared by any expert witness the FTC intends to call at trial.

**Response:**

The FTC will produce any such documents in the context of its expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2).

**Document Request No. 10:** All scientific or research materials in the possession of the FTC concerning coral calcium or Supreme Greens.

**Response:**

Subject to its General objections, the FTC will produce any non-privileged documents or things in its custody or control responsive to this request, with the caveat that it will not produce materials that have been produced or made available to it by Direct Marketing Concepts, Inc., ITV Direct, Inc., or Donald Barrett, including materials that the FTC obtained pursuant to its visit to the premises of Direct Marketing Concepts, Inc. and ITV Direct, Inc. on June 28-29, 2004. The FTC also will produce any additional non-privileged documents over which it subsequently gains custody or control during the course of expert discovery.

**Document Request No. 11:** All documents or correspondence from consumers to the FTC regarding coral calcium.

**Response:**

The FTC objects to this Request to the extent it seeks documents protected from disclosure through the informant privilege. Subject to and without waiving its General and foregoing objections, the FTC will produce all non-privileged documents responsive to this Request, but will redact any personally identifying information of consumers therein.

**Document Request No. 12:** Documents sufficient to identify all Persons with whom the FTC has obtained evidence in connection with its investigation of coral calcium or Supreme Greens, and this litigation. "Evidence" is defined to include oral or written statements, documents, data, media, financial information, scientific data, or any other means to ascertain the truth of any fact.

**Response:**

The FTC objects to this Request to the extent that it seeks documents protected from disclosure through the informant privilege, law enforcement/investigative privilege, the privilege

for information given to the FTC on a Pledge of Confidentiality, or that are exempt from disclosure pursuant to confidentiality provisions set forth in the FTC Act. Subject to and without waiving its General and foregoing objections, the FTC will produce all responsive, non-privileged documents to this Request.

Dated: February 28, 2005

*/s/ Daniel Kaufman*

DANIEL KAUFMAN
KIAL S. YOUNG (Mass. Bar No. 633515)
EDWARD GLENNON
SHIRA MODELL
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop NJ-3212
Washington, DC 20580
Tel: (202) 326-2675/3126
Fax: (202) 326-3259

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     My name is Daniel Kaufman and I am an attorney with the Federal Trade Commission. On February 28, 2005, copies of Response of Plaintiff the Federal Trade Commission to Defendants Direct Marketing Concepts, Inc.'s First Request for Production of Documents were served via facsimile and First Class Mail as follows:

Becky V. Christensen, Esq.         (for Michael Howell, Greg Geremesz, Health
O'Connor Christensen & Mclaughlin LLP  Solutions, LLC, Alejandro Guerrero and Health
384 Forest Avenue, Suite 13          Solutions, Inc)
Laguna Beach, CA 92651
Facsimile: (949) 497-7679

Dustin F. Hecker               (for Michael Howell, Greg Geremesz, Health Solutions,
Posternak Blankstein & Lund LLP   LLC, Alejandro Guerrero and Health Solutions, Inc)
The Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-8004
Facsimile: (617) 722-4927

Peter Brooks, Esq.   (for Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald Barrett)
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Facsimile: (617) 946-4801

Joseph Ryan (for Triad ML Marketing, Inc., King Media, Inc., and Allen Stern)
Lyne, Woodworth & Evarts LLP
600 Atlantic Avenue
Boston, MA 02210

I declare under penalty of perjury that the foregoing is true and correct. Executed this February 28, 2005 at Washington, D.C.

_____
Daniel Kaufman