UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-CV-11136GAO |
| DIRECT MARKETING CONCEPTS, INC., et al., | ) |
| Defendants. | ) |

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRECT MARKETING CONCEPTS, INC., et ) <br> al., ) <br> ) <br> Defendants. ) | C.A. NO. 04-CV-11136-GAO |

## DEFENDANT DIRECT MARKETING CONCEPTS, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Direct Marketing Concepts, Inc. ("DMC"), requests that the plaintiff Federal Trade Commission ("FTC") produce the documents described below. The requested documents are to be produced for inspection and copying within thirty (30) days at the offices of Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, Massachusetts 02110.

### DEFINITIONS

1. The term "Communication" means the oral or written transmittal of words or information (in the form of facts, ideas, inquiries or otherwise). The term "Communication" shall specifically include electronic mail.

2. The term "Document" means the originals, all identical and nonidentical copies, and all drafts or preliminary versions of written, printed, typed, graphic, photographic, electronically or mechanically recorded matter, of any kind or nature, however produced or reproduced; including, without limitation, any books, pamphlets, letters or other forms of correspondence, e-mails, computer records, telegrams, telexes, cables, reports, studies,

BO1 15718805.1

-2-

memoranda, notes, diary entries, log entries, telephone memoranda, summaries, financial records, writings, scribblings, invoices, bills, receipts, return receipts, canceled checks, ledgers, accounts, books of account, statements, invoices for credit, credit statements, credits, debits, tape recordings, videotape recordings, motion picture films, films, photographs (including negatives and prints), blueprints, specifications, charts, diagrams, drawings, sketches, and all other writings and documents of any nature.

3. The term "Person" means any natural person, or any business, legal, or governmental entity or association.

4. The term "Concerning" means relating to, referring to, describing, evidencing or constituting.

5. The term "FTC" means the Federal Trade Commission, its officers, directors, partners, agents, servants, employees, attorneys, predecessors, successors and all other Persons acting on their behalf.

6. When referring to a Person, the term "Identify" means the Person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

## INSTRUCTIONS

1. If an objection is raised as to any individual request, the reasons for objection must be stated in the written response. If any objection is made to only part of an item or category of an individual request, the objection must be specified, and the balance of the documents requested must be produced at the time, place and location specified in this Request.

2. If the attorney-client and/or attorney work product privilege is claimed with respect to any item, category, or document(s), the following information must be provided in responding to this Request:

    (a) The precise nature of the privilege claimed;

    (b) The reason for claiming the privilege, set forth in detail;

    (c) The identity of the client(s) and the date the attorney-client relationship began (if applicable);

    (d) The identity of the attorney (if applicable);

    (e) The identity of the person who is claiming the privilege;

    (f) The identity of the document claimed to be privileged, setting forth the following information with respect to each said document;

        (i) The author(s) and/or identity of the person(s) who prepared the document;

        (ii) The relationship to the defendant of the author(s) and/or person(s) who prepared said document;

        (iii) The date of preparation or publication;

        (iv) The number of pages;

        (v) The substantive content of the document;

        (vi) The publisher, if any;

        (vii) If not published, the identity of each person to whom copies were sent or delivered;

        (viii) The present location and the identity of the custodian or person who has possession or control over the document, and his, her or its relationship to the defendant.

3. If documents existed at one time that were responsive to these Document Requests, but those documents have been lost or destroyed or are otherwise unavailable, identify the documents, the person who last possessed the documents, and the date when the documents were last in the possession, custody or control of the School District.

-3-

4. Unless otherwise noted, the time period covered by these requests is from January 1, 1995 through the present.

5. These requests shall be deemed to be continuing requests for supplemental responses.

## DOCUMENT REQUESTS

1. All records of any telephone calls by any employee, agent or representative of the FTC to any sales representative of Direct Marketing Concepts and/or ITV Direct, Inc. from January 1, 2004 to the present. In the absence of telephone records identifying each such call, provide documents sufficient to identify each call made by any employee, agent or representative of the FTC during the relevant period.

2. All notes, recordings or transcripts of any calls by any employee, agent or representative of the FTC to any sales representative of Direct Marketing Concepts and/or ITV Direct, Inc. from June 1, 2004 to the present.

3. All documents concerning any correspondence, credit card charges, refunds or billing, concerning any products ordered by any employee, agent or representative of the FTC from Direct Marketing Concepts and/or ITV Direct, Inc. from June 1, 2004 to the present.

4. Documents sufficient to identify all Persons with whom the FTC has obtained evidence in connection with its investigation of any infomercial produced or distributed by Direct Marketing or ITV from June 1, 2004 to the present. "Evidence" is defined to include oral or written statements, interviews, documents, data, media, financial information, scientific data, or any other means to ascertain the truth of any fact.

5. All documents relied upon or prepared by any expert witness identified by the FTC in connection with this litigation, including all studies, scientific materials, notes, drafts of reports, and correspondence with the FTC.

6. All manuals and/or guidelines utilized by the FTC in connection with investigations conducted by the FTC staff, including but not limited to the Federal Trade Commission's Operating Manual, any additional policies and procedures for conducting investigations, procedures for undercover operations, and procedures for recording of telephone calls.

7. Any complaints sent directly to the FTC by any consumer concerning Direct Marketing or ITV from June 1, 2004 to the present.

            Respectfully submitted,

            DIRECT MARKETING CONCEPTS, INC.

            By its attorney(s),

            /s/ Christopher F. Robertson
            Peter S. Brooks, BBO #058980
            Christopher F. Robertson, BBO #642094
            Susan W. Gelwick, BBO #567115
            SEYFARTH SHAW LLP
            Two Seaport Lane, Suite 300
            Boston, MA 02210-2028
            Telephone: (617) 946-4800
            Telecopier: (617) 946-4801

Dated: June 3, 2005

---

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon all parties by facsimile and by first-class mail on June 3, 2005.

/s/ Christopher F. Robertson

BO1 15718805.1