UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-CV-11136GAO |
| DIRECT MARKETING CONCEPTS, INC., et al., | ) |
| Defendants. | ) |

**EXHIBIT 6**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FEDERAL TRADE COMMISSION,  )
                           )
    Plaintiff,             )     Civ. No. 04-CV-11136-GAO
                           )
    v.                     )
                           )
DIRECT MARKETING CONCEPTS, INC., et al.  )
                           )
    Defendants.            )
                           )

**RESPONSE OF PLAINTIFF THE FEDERAL TRADE COMMISSION
TO DEFENDANTS DIRECT MARKETING CONCEPTS, INC.'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Subject to and without waiving objections set forth herein, plaintiff the Federal Trade Commission ("FTC" or "Commission") responds to defendants Direct Marketing Concepts, Inc.'s Second Request for Production of Documents as follows:

**General Objections**

1. The FTC reserves the right to assert additional objections to production of information or documents as appropriate and to supplement these objections and responses. As to each request where the FTC has stated that it will produce or make responsive documents available for inspection, such a statement does not imply or represent that responsive documents are known to exist or do, in fact, exist.

2. The FTC's willingness to provide information or documents notwithstanding the objectionable nature of the Document Request, shall not be construed as (a) an acknowledgment or admission that the material is relevant, (b) a waiver of the General Objections or the

Objections asserted in response to specific Document Requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

3. The FTC objects to each Document Request to the extent that it calls for information or the production of any document that is protected from disclosure by the work product doctrine, deliberative process privilege, law enforcement/investigative privilege, informant privilege, non-testifying expert privilege, that is exempt from disclosure pursuant to confidentiality provisions set forth in the FTC Act, that is protected from disclosure by the privilege for information given to the FTC on a Pledge of Confidentiality, or that is protected from disclosure under principles of financial privacy.

4. The FTC will produce a privilege log shortly.

5. The FTC will not produce documents responsive to this request that Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald Barrett, or Robert Maihos previously has produced or made available to the FTC, including materials that the FTC obtained pursuant to its visit to the premises of Direct Marketing Concepts, Inc. and ITV Direct, Inc. on June 28-29, 2004.

6. The FTC will not produce documents responsive to this request that have previously been served in this proceeding, including but not limited to motions, pleadings, briefs, and attachments thereto, and correspondence with counsel for Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald Barrett and Robert Maihos.

7. Each of the foregoing General Objections is incorporated in each of the Responses hereinafter set forth. Subject to and without waiving any of such objections, the FTC responds as follows:

**Document Request No. 1:** All records of any telephone calls by any employee, agent, or representative of the FTC to any sales representative of Direct Marketing Concepts and/or ITV Direct, Inc. from January 1, 2004 to the present. In the absence of telephone records identifying each such call, provide documents sufficient to identify each call made by any employee, agent or representative of the FTC during the relevant period.

**Response:**

The FTC objects to this Request to the extent that it seeks documents protected from disclosure through the law enforcement/investigative privilege and/or work product doctrine. Subject to and without waiving its General and foregoing objections, the FTC will produce any non-privileged documents or things in its custody or control responsive to this request.

**Document Request No. 2:** All notes, recordings or transcripts of any calls by any employee, agent or representative of the FTC to any sales representative of Direct Marketing Concepts and/or ITV Direct, Inc. from June 1, 2004 to the present.

**Response:**

The FTC objects to this Request to the extent that it seeks documents protected from disclosure through the law enforcement/investigative privilege and/or work product doctrine. Subject to and without waiving its General and foregoing objections, the FTC will produce any non-privileged documents or things in its custody or control responsive to this request.

**Document Request No. 3:** All documents concerning any correspondence, credit card charges, refunds or billing, concerning any products ordered by any employee, agent or representative of the FTC from Direct Marketing Concepts and/or ITV Direct, Inc. from June 1, 2004 to the present.

**Response:**

The FTC objects to this Request to the extent that it seeks documents protected from disclosure through the law enforcement/investigative privilege and/or work product doctrine. Subject to and without waiving its General and foregoing objections, the FTC will produce any non-privileged documents or things in its custody or control responsive to this request.

**Document Request No. 4:** Documents sufficient to identify all Persons with whom the FTC has obtained evidence in connection with its investigation of any infomercial produced or distributed Direct Marketing or ITV from June 1, 2004 to the present. "Evidence" is defined to include oral or written statements, interviews, documents, data, media, financial information, scientific data, or any other means to ascertain the truth of any fact.

**Response:**

The FTC objects to this Request to the extent that it seeks documents protected from disclosure through the informant privilege, law enforcement/investigative privilege, the privilege for information given to the FTC on a Pledge of Confidentiality, and/or that are exempt from disclosure pursuant to confidentiality provisions set forth in the FTC Act. Subject to and without waiving its General and foregoing objections, the FTC will produce any non-privileged documents or things in its custody or control responsive to this request.

**Document Request No. 5:** All documents relied upon or prepared by any expert witness identified by the FTC in connection with this litigation, including all studies, scientific materials, notes, drafts of reports, and correspondence with the FTC.

**Response:**

Subject to and without waiving its General objections, the FTC will produce any non-

privileged documents or things in its custody or control responsive to this request.

**Document Request No. 6:** All manuals or guidelines utilized by the FTC in connection with investigations conducted by the FTC staff, including but not limited to the Federal Trade Commission's Operating Manual, any additional policies and procedures for conducting investigations, procedures for undercover operations, and procedures for recording of telephone calls.

**Response:**

The FTC objects to this Request to the extent that it seeks documents protected from disclosure through the law enforcement/investigative privilege and/or work product doctrine. Subject to and without waiving its General and foregoing objections, the FTC will produce any non-privileged documents or things in its custody or control responsive to this request.

**Document Request No. 7:** Any complaints sent directly to the FTC by any consumer concerning Direct Marketing or ITV from June 1, 2004 to the present.

**Response:**

Subject to and without waiving its General objections, the FTC will produce any non-privileged documents in its custody or control responsive to this request, but will redact any personally identifying information of consumers therein, if such documents exist.

Dated: July 5, 2005

_____
DANIEL KAUFMAN
KIAL S. YOUNG (Mass. Bar No. 633515)
EDWARD GLENNON
SHIRA MODELL

Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop NJ-3212
Washington, DC 20580
Tel: (202) 326-2675/3126/3116
Fax: (202) 326-3259

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

My name is Edward Glennon and I am an attorney with Federal Trade Commission. On July 5, 2005, copies of Response of Plaintiff the Federal Trade Commission to Defendants Direct Marketing Concepts, Inc.'s Second Request for Production of Documents were served via Federal Express as follows:

Becky V. Christensen, Esq.  (for Michael Howell, Greg Geremesz, Health
O'Connor Christensen & Mclaughlin LLP  Solutions, LLC, Alejandro Guerrero and Health
1920 Main Street, Suite 150  Solutions, Inc)
Irvine, CA 92614
Facsimile: (949) 851-5051

Dustin F. Hecker  (for Michael Howell, Greg Geremesz, Health Solutions,
Posternak Blankstein & Lund LLP  LLC, Alejandro Guerrero and Health Solutions, Inc)
The Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-8004
Facsimile: (617) 722-4927

Chris Robertson, Esq.  (for Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald
Seyfarth Shaw, LLP  W. Barrett, and Robert Maihos
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Facsimile: (617) 946-4801

Joseph Ryan  (for Triad ML Marketing, Inc., King Media, Inc., Allen
Lyne, Woodworth & Evarts LLP  Stern, Lisa Stern, and Steven Ritchey)
600 Atlantic Avenue
Boston, MA 02210
Facsimile: (617) 248-9877

Sage International, Inc. (for BP International, Inc.)
Attention: Molly Wheeler
1135 Terminal Way, Suite 209
Reno, NV 89502
Facsimile: (775) 786-2013

I declare under penalty of perjury that the foregoing is true and correct. Executed this July 5, 2005 at Washington, D.C.

_____
Edward Glennon