UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 04-CV-11136GAO<br>) |
| DIRECT MARKETING CONCEPTS, INC., et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**EXHIBIT 9**



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Division of Advertising Practices

August 31, 2005

**Via Facsimile**
Christopher Robertson, Esq.
Seyfarth Shaw
Two Seaport Lane, Suite 300
Boston, MA 02210
Facsimile: (617) 946-4801

Re:   Federal Trade Commission v. Direct Marketing Concepts, Inc., et al.,
      Civ. No. 04-11136-GAO

Dear Chris:

I write to propose an arrangement to protect the confidentiality of certain FTC documents responsive to DMC's second set of document requests to the FTC.

Specification number two of those document requests asks the Commission to produce "all notes, recordings, or transcripts of any calls by any employee, agent or representative of the FTC to any sales representative of Direct Marketing Concepts and/or ITV Direct, Inc. from June 1, 2004 to the present." The Commission does possess a number of transcripts of undercover calls made by Commission investigators to DMC/ITV. These transcripts contain information about the undercover identities used by FTC investigators, including undercover names, mailing addresses, and credit card information.

The information in question is extremely sensitive and confidential, because these identities are used frequently in the Commission's law enforcement activities. Yet, as you know, despite the Commission's redaction of three transcripts of undercover calls previously submitted in support of its motion to modify the Court's preliminary injunction, DMC/ITV was able to determine the identifying information associated with two FTC undercover identities.

In order to prevent the disclosure of any additional identities that FTC investigators may have used in making other undercover calls to DMC/ITV, the Commission proposes producing redacted versions of any such transcripts with the restriction that they be viewed only by attorneys and employees of Seyfarth Shaw. Under this arrangement, Seyfarth Shaw would agree not to discuss or share any information from these transcripts with any outside person or entity, including (but not limited to) DMC/ITV's in-house counsel. Seyfarth Shaw would also agree that if it intends to file any of these transcripts in court (e.g., as an exhibit to a brief) or to quote from them, it will do so under seal.

Christopher Robertson, Esq.
Aug. 31, 2005
Page 2

    Such an arrangement would allow outside counsel for DMC/ITV to review the content of the undercover calls for information relevant to any issue or defense of DMC/ITV, while preserving the confidentiality of the Commission's undercover identities.

    Please let me know in writing as soon as possible if you agree to this arrangement.[1]

                                    Sincerely,

                                    Shira D. Modell

---

[1] The Commission plans to shortly produce all non-privileged documents responsive to this request that would not be covered by the arrangement proposed in this letter.