UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-CV-11136GAO |
| DIRECT MARKETING CONCEPTS, INC., et al., | ) |
| Defendants. | ) |

**EXHIBIT 10**

# Robertson, Christopher

| | |
|---|---|
| From: | Robertson, Christopher |
| Sent: | Tuesday, September 13, 2005 5:36 PM |
| To: | 'Kaufman, Daniel' |
| Cc: | Brooks, Peter |
| Subject: | Review of FTC's Recent Production of Documents |

Daniel:

Yesterday and today we received almost 5,000 additional documents from the Commission Staff. Although we have not had sufficient time to review these documents in detail (given the scheduled hearing next week of the FTC's, within the most recent production are a number of clearly relevant and responsive documents that have not previously been produced. For example, within this production are communications with other parties to the litigation, including the Healthy Solutions parties and the Triad parties, as well as communications with former DMC employees and business partners, such as Ideal Health. Moreover, there is a signed affidavit by defendant Gregory Geremesz dated May 26, 2004, that the FTC apparently determined it would not submit in connection with its initial motion for TRO. The FTC has had this particular document in its possession since May 27, 2004, over 16 months ago. It has had other documents within the production for even longer. These documents are without question responsive to the DMC Defendants' First Request for Production, served over nine months ago, if not required to be produced with the FTC's initial Rule 16 disclosures well over a year ago.

In addition to communications with lay witnesses, among the most recent production are a number of communications between the FTC and various scientific experts. Remarkably, these documents, some of which are redacted in critical areas, appear to provide support to the health claims of the subject products. Nonetheless these documents were not produced before discovery was closed, preventing further inquiry in these areas. The prejudice of this conduct is manifest and in clear violation of Rule 26(a)(2).

Likewise, despite requesting in June documents specific to the FTC's current motion to amend the preliminary injunction, including transcripts and identification of all undercover calls to DMC's call center, none of these documents have been produced because the FTC claims they are somehow privileged. These documents are essential to the DMC Defendants' defense of the FTC's claims and motion, and must be produced to allow DMC to defend the FTC's attempts to shut it down.

The FTC's delay in producing these substantial relevant and responsive documents, which appear to be helpful to the defendants, until after the close of discovery is outrageous and inexcusable, particularly in light of the FTC's present efforts to appoint a receiver who will shut down DMC and ITV permanently and the fact that the hearing is only days away. Such tactics and conduct should be above the federal government, particularly where it is the plaintiff and has supported its complaint and various motions for equitable relief with information from former DMC employees, experts and undercover agents. The government should not have to play games if it believes its case has merit. All relevant information should have been produced long ago, and certainly well before the close of discovery.

In light of the foregoing, the DMC Defendants intend to move the Court for sanctions. In addition, the DMC Defendants believe that a postponement of the hearing currently scheduled for September 20, 2005 is warranted to allow the FTC sufficient time to provide the remaining responsive documents, as well as allow sufficient time to review those documents. Please let us know by the close of business tomorrow whether you will agree to a postponement of the hearing. In the absence of an agreement, we will seek such relief from the Court.

Chris