UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 04-CV-11136GAO |
| v. ) | |
| ) | |
| DIRECT MARKETING CONCEPTS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**EXHIBIT 11**



# Federal Trade Commission

FTC Headquarters Satellite Building
601 New Jersey Avenue, NW Washington, DC 20580

FAX Number: (202) 326-3259

## Facsimile Transmittal Sheet

| | | |
|---|---|---|
| **To:** | Peter Brooks, Esq.<br>Christopher Robertson, Esq.<br>Seyfarth Shaw<br><br>Fax number: (617) 946-4801 | Total number of pages sent (including this cover sheet):<br><br>4 |
| **From:** | Edward Glennon<br><br>Telephone: (202) 326-3126 | Sending Org Code:<br><br>Date: 09/14/2005<br><br>Time: 21:30:13 |
| **Subject:** | FTC v. Direct Marketing Concepts, Inc., et al. (Civ. No. 04-11136-GAO) (D. Mass.) | |
| **Note:** | Please see the attached letter. | |

In case of transmission errors, call (202) 326-3126



UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bureau of Consumer Protection
Division of Advertising Practices

Edward B. Glennon
Attorney

Direct Dial
202-326-3126

September 14, 2005

**Via Facsimile**
Peter Brooks, Esq.
Christopher Robertson, Esq.
Seyfarth Shaw
Two Seaport Lane, Suite 300
Boston, MA 02210

Re: Federal Trade Commission v. Direct Marketing Concepts, Inc., et al.,
    Civ. No. 04-11136-GAO

Dear Peter and Chris:

I write to follow up on our phone conversation of this afternoon regarding the FTC's recent production of documents. As we stated, while we recognize your initial concern at receiving these documents, we believe that a review of the content of the documents will allay any fears you might have about possible prejudice resulting from the timing of this production and will demonstrate that the Government has not purposefully withheld any documents to further its case. In particular, we do not believe that the timing of this production will prejudice your clients' ability to prepare for the upcoming hearing, as the documents that presumably are most relevant to the issues to be addressed at the hearing (i.e., those that are responsive to DMC's second set of document requests) are limited in number.[1]

First of all, with regard to the volume of the recent production, the vast majority (approximately 76%) of the documents produced to you on September 9, 12, and 13 were documents we received from the Triad defendants in June 2005, when these defendants responded to the Commission's longstanding requests for documents. (Bates numbers FTCITV 022209 through 026490). Furthermore, with regard to the content of these Triad documents, we noted today that over 50% of them are comprised of correspondence between Triad and DMC. DMC, therefore, presumably already was in possession of more than half of this group of documents. The remainder of this group of Triad documents seems to be composed of correspondence between Triad and various third-party distributors and retailers (such as Walgreen and CVS) involving inventory, purchase order, and general account issues.

The remaining one-quarter of the produced documents include documents responsive to

---

[1] The Court's postponement of the hearing until October 3 further reduces the likelihood of any prejudice.

Peter Brooks, Esq.
Christopher Robertson, Esq.
September 14, 2005

DMC's second set of document requests and documents that the FTC produced pursuant to its continuing production obligation.

The documents that the Commission has produced in response to DMC's second set of document requests (which presumably are most relevant to the issues to be addressed at the Court's October 3 hearing) are limited in number. Specifically, the documents relating to DMC's requests regarding undercover calls, taping procedures, etc. are numbered FTCITV 021416 through 021468 and FTCITV 021575 through 021588. Additionally, as we agreed today, the Commission will provide Seyfarth with unredacted (save for credit card information) transcripts of its undercover calls to DMC upon the condition that Seyfarth not share the transcripts, or the information contained within them, with its clients, including its clients' in-house counsel, or any third-party. These transcripts consist of approximately 100 pages.

The Commission's recent production also contains some documents relating to the Commission's correspondence with its experts, but the majority of the Commission's expert-related documents were previously produced to DMC.

With regard to some of the specific documents mentioned in Chris' email of September 13 to Daniel Kaufman, I pointed out that the Commission previously has produced to DMC a copy of the March 26, 2004 affidavit of Gregory Geremesz. The previously produced affidavit, numbered FTCITV 010148 through FTC 010219, was produced to DMC in March 2005.

Additionally, we discussed the document numbered FTCITV 022010, which I believe may form the basis for the reference in Chris' email to redacted communications between the FTC and its experts that "appear to provide support to the health claims of the subject products." We will produce a re-redacted version of this document that, while continuing to protect the proprietary business information provided to us by another party, will more clearly indicate the actual nature of the communication.

In regard to your concerns about the redactions that had been made to certain documents, we stated that the bases of the most of these redactions are the law enforcement privilege (relating, e.g., to the transcripts of the undercover calls) and the protection of proprietary business information (e.g., the formula for the Supreme Greens product) supplied to us by other parties.[2] We agreed to provide you with a log of the documents redacted from the Commission's recent production to address your concerns.

With regard to your general request to re-open discovery, we stated that any request on the part of your clients to take additional discovery, including requests to take depositions, would

---

[2] We also have asked Becky Christensen whether her clients have any objection to our providing you with the redacted information relating to the Supreme Greens product. If they have no objection, we can produce to you unredacted versions of all documents containing this information.

2

Peter Brooks, Esq.
Christopher Robertson, Esq.
September 14, 2005

have to be the subject of a future meet and confer. We stated that we would ask you to provide us with justification, including reference to specific documents, as to why the newly produced documents warranted depositions, given that your clients previously had not sought to depose any witnesses.

Finally, we offered, and we now reiterate that offer, to go over the documents with you in as much detail as you would like. W recognize your need to understand the nature of the documents recently produced to you and are willing to work with you to accomplish that.

Please don't hesitate to call me with any questions or to discuss this further.

Sincerely,

Edward Glennon

3