**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | ) |
| v. | ) |
| | ) Civ. No. 04-11136-GAO |
| DIRECT MARKETING CONCEPTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

(Proposed)

### ORDER AND JUDGMENT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS ALLEN STERN, KING MEDIA, INC, AND TRIAD ML MARKETING, INC., AND RELIEF DEFENDANTS LISA STERN, STEVEN RITCHEY, AND BP INTERNATIONAL, INC.

Plaintiff, the Federal Trade Commission's ("FTC" or "Commission") filed an Amended

Complaint for permanent injunction motion and other relief against Defendants Direct Marketing

Concepts, Inc., ITV Direct, Inc., Donald W. Barrett, Robert Maihos, Allen Stern, Triad ML

Marketing, Inc., King Media, Inc., Health Solutions, Inc., Healthy Solutions, LLC, Alejandro

Guerrero, Michael Howell and Greg Geremesz, pursuant to Section 13(b) of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging unfair or deceptive acts or practices

and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a)

and 52. The Commission also named as Relief Defendants Lisa Stern, Steven Ritchey, and BP

International.

The Commission has reached settlements with Defendants Alejandro Guerrero, Michael

Howell, Greg Geremesz, Health Solutions, Inc. and Healthy Solutions, LLC, and the Court has

entered those Stipulated Final Orders.

The FTC has filed a motion for summary judgment against the seven remaining liability Defendants (Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald W. Barrett, Robert Maihos, Allen Stern, Triad ML Marketing, Inc., and King Media, Inc.,) and the three Relief Defendants. The Court, having considered the FTC's motion and evidence, and the responses thereto filed by Defendants Allen Stern, King Media, Inc., Triad ML Marketing, Inc., and Relief Defendants Lisa Stern, Steven Ritchey, and BP International, Inc., hereby GRANTS the FTC's motion for summary judgment as to Defendants Allen Stern, King Media, Inc., Triad ML Marketing, Inc., and Relief Defendants Lisa Stern, Steven Ritchey, and BP International, Inc..

## FINDINGS

1.      This Court has jurisdiction over the subject matter of this case and over all parties. Venue in the District of Massachusetts is proper.

2.      The Commission has the authority to seek the relief it has requested.

3.      The acts and practices of Defendants Allen Stern, King Media, Inc., and Triad ML Marketing, Inc., are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      The Amended Complaint states a claim upon which relief may be granted against Defendants Allen Stern, King Media, Inc., and Triad ML Marketing, Inc., under Sections 5(a), 12, and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 52, and 53(b).

5.      There is no genuine issue as to any material fact concerning the liability of Defendants Allen Stern, King Media, Inc., and Triad ML Marketing, Inc. for the illegal acts or practices charged in the Amended Complaint.

6.      Defendants Allen Stern, King Media, Inc., and Triad ML Marketing, Inc. have violated Sections 5(a) and 12 of the FTC Act by making false or misleading representations to

2

induce the purchase of a dietary supplement known as Coral Calcium Daily, including but not limited to the following:

    a.    That the coral calcium ingredient contained in Coral Calcium Daily is an effective treatment or cure for cancer, autoimmune diseases (including multiple sclerosis and lupus), Parkinson's disease, and heart disease;

    b.    That the body absorbs significantly more – in some cases up to fifty (50) times as much – of the calcium contained in Coral Calcium Daily, and at a rate significantly faster – in some cases up to fifty (50) times faster – than the calcium contained in a commonly available antacid calcium product, and that the body absorbs 100 percent of the calcium contained in Coral Calcium Daily; and

    c.    That scientific research published in the Journal of the American Medical Association and the New England Journal of Medicine proves that calcium supplements are able to prevent, reverse, or cure cancer in humans.

7.    Uncontroverted evidence establishes that Defendants Allen Stern, King Media, Inc., and Triad ML Marketing, Inc. violated Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

8.    Uncontroverted evidence establishes that Lisa Stern, Steven Ritchey, and BP International, Inc. received funds and other assets directly or indirectly from one or more of the other Defendants that are either proceeds of or are traceable to the proceeds of the unlawful acts and practices alleged herein. The Relief Defendants have no legitimate claim to these assets.

9.    There is a reasonable likelihood that Defendants Allen Stern, King Media, Inc., and Triad ML Marketing, Inc. would continue to engage in the activities alleged in the complaint

unless permanently enjoined from such acts and practices.

10.     Plaintiff is entitled to judgment as a matter of law against both the liability defendants and the relief defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.

11.     Entry of this Order is in the public interest.

12.     Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendants Allen Stern, King Media, Inc., and Triad ML Marketing, Inc., and their officers, agents, servants, representatives, employees and all other persons or entities in active concern or participation with them, who receive actual notice of this Order by personal service or otherwise.

13.     This action and the relief awarded herein are in addition to, and not in lieu of, any other remedies, civil or criminal, that may be provided by law, including any proceedings the Commission may initiate to enforce this judgment.

## IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.     Unless otherwise specified, "Defendants" shall mean:

    A.     King Media, Inc. ("King"), a Delaware corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees;

    B.     Triad ML Marketing, Inc. ("Triad"), a Pennsylvania corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees;

4

C.    Allen Stern, ("Stern"), individually and in his capacity as an officer and director of King and Triad.

2.    "Advertising" shall mean any written or verbal statement, illustration or depiction that is designed to effect a sale or create interest in the purchasing of goods or services, whether it appears in a brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, packaging, package insert, label, film, slide, radio, television or cable television, audio program transmitted over a telephone system, program-length commercial ("infomercial"), the Internet, email, video news release, press release, or in any other medium.

3.    "Assets" shall mean any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and all cash, wherever located.

4.    "Assisting others" shall mean knowingly providing any of the following services to any person or entity:  (a) performing customer service functions for any person or entity, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other advertising or marketing material for any person or entity; or (c) performing advertising, marketing or consulting services of any kind for any person or entity.

5.    "Commerce" shall mean as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.    "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has

5

been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

7.    "Covered product" shall mean any food, drug, dietary supplement, cosmetic or device.

8.    "Endorsement" shall have the meaning set forth in 16 C.F.R. § 255.0(b).

9.    "Food" and "drug" shall mean as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

10.    "FTC" or "Commission" shall mean the Federal Trade Commission.

11.    "Person" or "persons" shall mean all natural persons, corporations, partnerships, or other business associations and all other legal entities, including all members, officers, predecessors, assigns, divisions, affiliates and subsidiaries.

12.    A requirement that any defendant "notify," "furnish," "provide," or "submit" to the Commission shall mean that the defendant shall send the necessary information to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington D.C.  20580
> Attn: *FTC v. Direct Marketing Concepts, Inc., et al.,* (D. Mass)

13.    The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

14.    The term "including" in this Order shall mean "including without limitation."

6

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS HEREBY ORDERED** that the Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Coral Calcium Daily or any product containing coral calcium, in or affecting commerce, are hereby permanently enjoined from making, or assisting others in making, in any manner, directly or by implication, including through the use of endorsements or the product name, any representation that:

A.    Such product is an effective treatment or cure for cancer, autoimmune diseases (including multiple sclerosis and lupus), Parkinson's disease or heart disease;

B.    The body absorbs 100 percent of the calcium contained in such product; or

C.    The body absorbs significantly more of the calcium contained in such product than it does the calcium in other commonly available calcium products, or does so at a rate significantly faster than it absorbs the calcium contained in those other calcium products;

D.    Scientific research published in the Journal of the American Medical Association and the New England Journal of Medicine proves that calcium supplements are able to reverse or cure cancer in humans.

7

## II.

**IT IS FURTHER ORDERED** that the Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any food, drug, or dietary supplement, in or affecting commerce, are hereby permanently enjoined from misrepresenting, or assisting others in misrepresenting, in any manner, expressly or by implication, including through the use of endorsements or the product name, that such product can prevent, treat, or cure any disease.

## III.

**IT IS FURTHER ORDERED** that the Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, in or affecting commerce, are hereby permanently enjoined from making, or assisting others in making, any representation, in any manner, expressly or by implication, including through the use of endorsements or the product name, about the health benefits, performance, or efficacy, of that product or service unless the representation is true, non-misleading, and, at the time the representation is made, the Defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

8

## MISREPRESENTATION OF TESTS OR STUDIES

### IV.

**IT IS FURTHER ORDERED** that the Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, in or affecting commerce, are hereby permanently enjoined from misrepresenting, or assisting others in misrepresenting, in any manner, expressly or by implication, the existence, contents, validity, results, conclusions, or interpretations of any test or study.

## FDA APPROVED CLAIMS

### V.

**IT IS FURTHER ORDERED** that:

A.    Nothing in this order shall prohibit the Defendants from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990; and

B.    Nothing in this order shall prohibit the Defendants from making any representation for any drug that is permitted in the labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration.

9

## MONETARY JUDGMENT AND CONSUMER REDRESS

### VI.

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of $40 million dollars ($40,000,000) is hereby entered in favor of the Commission and against King, Triad, and Allen Stern, jointly and severally, for consumer redress, with post-judgment interest, at the legal rate.

B.    Judgment in the amount of one million five hundred forty-five thousand three hundred and five dollars ($1,545,305) is hereby entered in favor of the Commission and against Lisa Stern, with post-judgment interest, at the legal rate.

C.    Judgment in the amount of seven hundred seventy-two thousand six hundred and fifty-two dollars ($772,652) is hereby entered in favor of the Commission and against Steven Ritchey, with post-judgment interest, at the legal rate.

D.    Judgment in the amount of five hundred seventy-four thousand, two hundred and seventy-four dollars ($574,274) is hereby entered in favor of the Commission and against BP International, Inc., with post-judgment interest, at the legal rate.

E.    All payments shall be made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in accord with instructions provided by the Commission.

F.    Lisa Stern, Steven Ritchey, and BP International, Inc. shall pay all funds traceable to profit disbursements from Triad.

G.    All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of

10

such equitable relief.

H.      In the event that the Commission in its sole discretion determines that direct

redress to consumers is wholly or partially impracticable or funds remain after

redress is completed, the Commission may apply any remaining funds for such

other equitable relief (including consumer information remedies) as it determines

to be reasonably related to the Defendants' practices alleged in the Complaint.

Any funds not used for such equitable relief shall be deposited to the United

States Treasury as disgorgement. The Defendants and Relief Defendants Lisa

Stern, Steven Ritchey, and BP International, Inc. shall have no right to challenge

the Commission's choice of remedies under this Paragraph or the manner of

distribution chosen by the Commission. No portion of any payments under the

judgment herein shall be deemed a payment of any fine, penalty, or punitive

assessment.

I.      In accordance with 31 U.S.C. § 7701, the Defendants and Relief Defendants Lisa

Stern, Steven Ritchey, and BP International, Inc. are hereby required, unless they

have done so already, to furnish to the Commission their respective taxpayer

identifying numbers (social security numbers or employer identification numbers),

which shall be used for the purposes of collecting and reporting on any delinquent

amount arising out of the Defendants' and Relief Defendants' relationship with

the government.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS AND RELIEF DEFENDANTS

11

## VII.

**IT IS FURTHER ORDERED** that within five (5) business days after receipt of this

Order as entered by the Court, Defendants King and Triad, and Defendant Stern, individually and

as an officer of King and Triad, and Relief Defendants Lisa Stern, Steven Ritchey, and BP

International, Inc., must each submit to the Commission a truthful sworn statement in the form

shown on Appendix A acknowledging receipt of this Order.

## COMPLIANCE MONITORING

### VIII.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating

compliance with any provision of this Order,

A.     Within ten (10) days of receipt of written notice from a representative of the

Commission, Defendants King, Triad, and Stern shall each submit additional written reports,

sworn to under penalty of perjury; produce documents for inspection and copying; appear for

deposition; and/or provide entry during normal business hours to any business location in such

defendant's possession or direct or indirect control to inspect the business operation;

B.     In addition, the Commission is authorized to monitor compliance with this Order

by all other lawful means, including but not limited to the following:

> 1.     obtaining discovery from any person, without further leave of court, using
>
> the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;
>
> 2.     posing as consumers and suppliers to Defendants King, Triad, and Stern,
>
> their employees, or any other entity managed or controlled in whole or in
>
> part by Defendants King, Triad, or Stern, without the necessity of

12

identification or prior notice; and

C.    Defendants King, Triad, and Stern shall permit representatives of the Commission to interview any officer, director, employee, employer, consultant, independent contractor, representative, or agent who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

*Provided,* however, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

## IX.

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order:

1.    Defendant Stern shall notify the Commission of the following:

a.    Any change in his residence, mailing address, and telephone number, within ten (10) days of the date of such change;

b.    Any change in his employment status (including self-employment) and any change in his ownership of any business entity, within ten (10) days of such change.  Such notice shall include the name, address, and telephone number of each business that he is affiliated

13

with, employed by, or performs services for; a statement of the nature of the business; and a statement of his duties and responsibilities in connection with the business or employment; and

c.  Any change in his names or use of any aliases or fictitious names, within ten (10) days of such change or use; and

2.  Defendants King, Triad, and Stern shall notify the Commission of any changes in the corporate structure of King or Triad or any business entity that Stern directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change about which Defendants King, Triad, and Stern learn less than thirty (30) days prior to the date such action is to take place, Defendants King, Triad, and Stern shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.  One hundred eighty (180) days after the date of entry of this Order, Defendants King, Triad, and Stern each shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have

14

complied and are complying with this Order.  This report shall include, but not be limited to:

      1.    For Stern:

            a.    His then-current residence addresses, mailing addresses, and telephone numbers;

            b.    His then-current employment and business addresses and telephone numbers, a description of the business activities of each such employer or business, and their titles and responsibilities for each such employer or business; and

            c.    Any other changes required to be reported under subparagraph A of this part;

      2.    For Defendants King, Triad, and Stern:

            a.    A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Part VII above;

            b.    Any other changes required to be reported under subparagraph A of this part; and

            c.    Copies of all sales scripts, training materials, advertisements, or other marketing materials relating to any covered product.

    C.    For purposes of the compliance reporting required by this Order, the Commission is authorized to communicate directly with Defendants King, Triad, and Stern.

## RECORD KEEPING PROVISIONS

### X.

**IT IS FURTHER ORDERED** that for a period of eight (8) years from the date of entry

of this Order, Defendants King, Triad, and Stern, and their agents, employees, officers,

corporations, successors, and assigns, and those persons in active concert or participation with

them who receive actual notice of this Order by personal service or otherwise, including by

facsimile, in connection with any business where: (1) King, Triad, or Stern owns at least 50% of

the business, or directly or indirectly controls the business, and (2) the business is engaged,

participating, or assisting in any manner whatsoever, directly or indirectly, in the advertising,

marketing, promotion, offering for sale, distribution, or sale of any covered product, are hereby

permanently restrained and enjoined from failing to create and retain the following records:

A.    Accounting records that reflect the cost of goods or services sold, revenues

generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting: the name, address, and telephone number

of each person employed in any capacity by such business, including as an

independent contractor; that person's job or position; the date upon which the

person commenced work; and the date and reason for the person's termination, if

applicable;

C.    Customer files containing the names, addresses, telephone numbers, dollar

amounts paid, quantity of items or services purchased, and description of items or

services purchased, to the extent such information is obtained in the ordinary

course of business;

D.    Complaints and refund requests (whether received directly, indirectly, or through

any third party) and any responses to those complaints or requests;

E.    All documents referring or relating to the advertising, marketing, promotion,

16

offering for sale, distribution or sale of any covered product, including but not

limited to infomercials, print ads, product inserts, product labels, sales scripts, and

training materials;

F.      All documents upon which Defendants rely to substantiate any representation

covered by Part III above; and

G.      All records and documents necessary to demonstrate full compliance with each

provision of this Order, including but not limited to, copies of acknowledgments

of receipt of this Order, required by XI, and all reports submitted to the FTC

pursuant to IX.

## DISTRIBUTION OF ORDER

### XI.

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry

of this Order, Defendants King, Triad, and Stern shall deliver copies of the Order as directed

below:

A.      Defendants King and Triad must deliver copies of this Order to each of their

principals, officers, directors, and managers. Defendants King and Triad also

must deliver copies of this Order to each of their employees, agents, and

representatives who engage in conduct relating to the subject matter of the Order

(the manufacturing, labeling, advertising, promotion, offering for sale, sale or

distribution of any covered product) or in recordkeeping within the scope of Part

X. For current personnel, delivery shall be within five (5) days of service of this

Order upon Defendants King and Triad, respectively. For new personnel, delivery

17

shall occur prior to them assuming their responsibilities.

B.    Defendant Stern as Control Person: For any business that Defendant Stern controls, directly or indirectly, or in which Defendant Stern has an ownership interest of at least fifty (50) percent, Defendant Stern must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Stern must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order (the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any covered product) or in recordkeeping within the scope of Part X. For current personnel, delivery shall be within (5) days of service of this Order upon Stern. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.    Defendant Stern as employee or non-control person: For any business where Stern is not a controlling person of a business but he engages in conduct related to the subject matter of this Order (the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any covered product), Stern must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.    Defendants King, Triad, and Stern must secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from each person receiving a copy of the Order pursuant to this Part.

**SERVICE OF THIS ORDER BY THE COMMISSION**

18

## XII.

**IT IS FURTHER ORDERED** that copies of this Order and the initial pleadings and papers filed in this matter may be served by agents and employees of the Commission, including without limitation private process servers, and by agents or employees of any other law enforcement agency, upon the Defendants, any agent or employee of the Defendants, or any other person, partnership, corporation, or other entity that may be in possession of any records, assets, property or property rights of the Defendants, or that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

## SCOPE OF ORDER

## XIII.

**IT IS FURTHER ORDERED** that this Order resolves only claims against Defendants King, Triad, and Stern, and against Relief Defendants Lisa Stern, Steven Ritchey, and BP International, Inc., as alleged in the Complaint. This Order does not preclude the Commission from initiating further action or seeking any remedy against any other persons or entities, including without limitation persons or entities who may be subject to portions of this Order by virtue of actions taken in concert or participation with the Defendants, and persons or entities in any type of indemnification or contractual relationship with the Defendants.

19

## RETENTION OF JURISDICTION

### XIV.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.


**SO ORDERED,** this _____ day of _____, 2006, at ___.m.


_____
HON. GEORGE A. O'TOOLE
UNITED STATES DISTRICT JUDGE


Presented by:

_____
HEATHER HIPPSLEY
KIAL S. YOUNG (BBO # 633515)
EDWARD GLENNON
Federal Trade Commission
600 Pennsylvania Avenue, NW
NJ-3212
Washington, DC 20580
(202) 326-2675, - 3525, -3126 (voice)
(202) 326-3259 (fax)
dkaufman@ftc.gov, kyoung@ftc.gov or eglennon@ftc.gov

ATTORNEYS FOR PLAINTIFF

20

**Attachment A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>           Plaintiff,<br><br>   v.<br><br>DIRECT MARKETING CONCEPTS, INC.,<br>et al.,<br><br>           Defendants. | Hon.<br>Civil Action No.<br>**AFFIDAVIT OF**<br>**DEFENDANT [insert**<br>**name]** |

[NAME], being duly sworn, hereby states and affirms as follows:

1.    My name is_____. My current residence address is

_____. I am a citizen of the United States and

am over the age of eighteen. I have personal knowledge of the facts set forth in this Affidavit.

2.    I am a defendant in <u>FTC v. Direct Marketing Concepts, Inc., et al.</u> (United States

District Court for the District of Massachusetts).

3.    On [*date*], I received a copy of the Order and Judgment for Permanent Injunction and

Other Equitable Relief Against Defendants Allen Stern, King Media, Inc, and Triad ML

Marketing, Inc., and Relief Defendants Lisa Stern, Steven Ritchey, and BP International, Inc.,

which was signed by the Honorable George O'Toole and entered by the Court on [*date of entry*

*of Order*].

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct. Executed on [*date*], at [*city and state*].

_____

[*Full name of defendant*]

State of _____, City of _____

Subscribed and sworn to before me this _____ day of _____, 2006.

_____

Notary Public
My Commission Expires: _____

acknowledging receipt of this Order.