# SEYFARTH SHAW LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

Writer's direct phone
(617) 946-4989

Writer's e-mail
crobertson@seyfarth.com

February 23, 2006

**VIA HAND DELIVERY**

Honorable George A. O'Toole
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

    Re:    Federal Trade Commission v. Direct Marketing Concepts, Inc., et al.
            C.A. No. 04-CV-11136 GAO

Dear Judge O'Toole:

      We write to advise the Court of correspondence we received from the Federal Trade Commission on February 17, 2006. In that correspondence, the Commission staff notified us that our Opposition to the Commission's Motion for Summary Judgment contained an error. Specifically, we indicated in our Memorandum of Law and our Statement of Disputed Facts that the Commission had not previously identified Commission employee Stefano Sciolli as a witness in this case, "as an expert or otherwise." That statement is only true in part.

      It appears that on February 9, 2005, the Commission staff did identify Mr. Sciolli as a lay witness under Rule 26(a)(1)(A). This disclosure, however, confirms that the Commission never identified Mr. Sciolli as an expert witness under Rule 26(a)(2), despite the fact that he is an economist whose sole purpose in testifying is to opine on certain data provided by the DMC Defendants. This testimony, which is based upon Mr. Sciolli's technical and specialized knowledge as an economist, is inadmissible. *See* Advisory Committee Notes, Fed. R. Evid. 701 ("By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26") (citing *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents testifying regarding defendant's conduct could not testify as lay witnesses)). The DMC Defendants, therefore, believe that the testimony of Mr. Sciolli should be disregarded by the Court.

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

BO1 15763808.1



Honorable George A. O'Toole
February 23, 2005
Page 2

Nonetheless, as set forth more fully in the DMC Defendants' Opposition, if the Court is inclined to consider Mr. Sciolli's testimony, that testimony on its face creates numerous issues of fact concerning the DMC Defendants' sales practices that cannot be resolved on summary judgment, requiring denial of the Commission's motion.

Thank you for your attention to this matter.

Very truly yours,

SEYFARTH SHAW LLP

Christopher F. Robertson

cc: Heather Hippsley, Esq.
Peter S. Brooks, Esq.

BO1 15763808.1