# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DIRECT MARKETING CONCEPTS, INC., et al.,  )<br>  )<br>Defendants.  )<br>  ) | Civ. No. 04-11136-GAO |

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this District, plaintiff the Federal Trade Commission ("FTC" or "Commission") hereby requests that defendants Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald Barrett, Healthy Solutions, LLC, Health Solutions, Inc., Alejandro Guerrero a/k/a Alex Guerrero, Michael Howell, Greg Geremesz, Triad ML Marketing, Inc., King Media, Inc., and Allen Stern (collectively, "Defendants") produce for inspection and copying all documents hereby requested or mail copies of responsive documents to undersigned counsel within the time required by the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. "Barrett" means defendant Donald Barrett, individually and as an officer and director of Direct Marketing Concepts, Inc., and ITV Direct, Inc.

accountants and attorneys of any Defendant, referring or relating to:

    (A) advertising or promotional materials;

    (B) safety, efficacy, or bioavailability;

    (C) continuity programs;

    (D) consumer complaints; or

    (E) sales

of or for Coral Calcium Daily or Supreme Greens.

14. All documents referring or relating to any communication between any Defendant and any other entities owned or controlled, directly or indirectly, by any of the Defendants, including but not limited to Barrett Marketing Corporation, Today's Health Oxygen Bars, Inc., ITV Marketing Group, Inc., Optimasis, Inc., Direct Fulfillment LLC, BP International Inc., and Direct Marketing Inc., referring or relating to:

    (A) advertising or promotional materials;

    (B) safety, efficacy, or bioavailability;

    (C) continuity programs;

    (D) consumer complaints; or

    (E) sales

of or for Coral Calcium Daily or Supreme Greens.

15. All documents referring or relating to any financial arrangements or payments or non-monetary benefits provided among or between any of the Defendants.

16. All documents, including but not limited to tests, reports, studies, scientific literature, and written or oral opinions, relied upon by any Defendant as substantiation for each of

the following claims regarding Coral Calcium Daily, regardless of whether the Defendant believes the claims are made in the advertising or promotional materials:

    (A)    The coral calcium ingredient contained in Coral Calcium Daily is an effective treatment or cure for cancer, autoimmune diseases including multiple sclerosis and lupus, Parkinson's disease, and/or heart disease;

    (B)    The body absorbs significantly more, and in some cases up to 50 times as much, of the calcium contained in Coral Calcium Daily, and at a rate significantly faster, in some cases up to 50 times faster, than the calcium contained in a commonly available calcium supplement; and

    (C)    Scientific research published in the Journal of the American Medical Association (JAMA) and the New England Journal of Medicine proves that calcium supplements are able to prevent, reverse or cure cancer in humans.

17.    All documents, including but not limited to tests, reports, studies, scientific literature, and written or oral opinions, relied upon by any Defendant as substantiation for each of the following claims regarding Supreme Greens, regardless of whether the Defendant believes the claims are made in the advertising or promotional materials:

    (A)    Supreme Greens is an effective treatment, cure, or preventative for cancer, heart disease, diabetes, and/or arthritis;

    (B)    Supreme Greens will cause significant weight loss of up to 4 pounds per week and up to 80 pounds in 8 months; and

    (C)    Supreme Greens can be taken safely by pregnant women, children (including children as young as one year old), and/or any person taking any type of medication.

a computerized or electronic database.

Respectfully Submitted,

WILLIAM E. KOVACIC
General Counsel

_____
DANIEL KAUFMAN
EDWARD GLENNON
KIAL S. YOUNG (BBO # 633515)
Federal Trade Commission
600 Pennsylvania Avenue, NW, NJ-3212
Washington, DC 20580
(202) 326-2675, -3126 (voice)
(202) 326-3259 (fax)
dkaufman@ftc.gov, eglennon@ftc.gov
or kyoung@ftc.gov

ATTORNEYS FOR PLAINTIFF

Dated: September 16, 2004

**CERTIFICATE OF SERVICE**

      I certify that on September 16, 2004, I caused a true and correct copy of **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** to be served by Federal Express, on:

Peter S. Brooks
Christopher F. Robertson
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA  02210

Dustin F. Hecker
Posternak Blankenstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA  02199

Becky V. Christensen
Levin & O'Connor
384 Forest Avenue, Suite 13
Laguna Beach, CA  92651

Jeffrey D. Knowles
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004

                                                            _____
                                                            Kial S. Young
                                                            Attorney for the Federal Trade Commission