UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-80051-CIV-PAINE/JOHNSON

FEDERAL TRADE COMMISSION,

      Plaintiff

v.

SLIM DOWN SOLUTION, LLC, SLIM
DOWN SOLUTION, INC., S.S.T.
MANAGEMENT, INC., THE KARA
GROUP, LLC, RONALD ALARCON,
KATHLEEN ALARCON, MADERIA
MANAGEMENT, INC.,
POLYGLUCOSAMINE, LTD., AND
STEPHEN PIERCE,

      Defendants.

_____/



FILED by ___ D.C.

MAY 1 4 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER AND JUDGMENT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS SLIM DOWN SOLUTION, LLC, SLIM DOWN SOLUTION, INC., S.S.T. MANAGEMENT, INC., THE KARA GROUP, LLC, RONALD ALARCON, AND KATHLEEN ALARCON

Plaintiff, the Federal Trade Commission ("FTC" or "Commission") filed a Complaint for

permanent injunction and other relief against defendants Slim Down Solution, LLC, Slim Down

Solution, Inc., S.S.T. Management, Inc., The KARA Group, LLC, Ronald Alarcon, Kathleen

Alarcon, Maderia Management, Inc., Polyglucosamine, Ltd., and Stephen Pierce pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging

unfair or deceptive acts or practices and false advertisements in violation of Sections 5(a) and 12

of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

The FTC has filed a motion for summary judgment against Slim Down Solution, LLC,



Slim Down Solution, Inc., S.S.T. Management, Inc., The KARA Group, LLC, Ronald Alarcon, and Kathleen Alarcon as to Counts One through Three of the Complaint. The Court, having considered the FTC's motion and evidence, hereby GRANTS the FTC's motion for summary judgment.

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties. Venue in the Southern District of Florida is proper.

2. The Commission has the authority to seek the relief it has requested.

3. The acts and practices of defendants were and are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. §44.

4. The Complaint states a claim upon which relief may be granted against the defendants under Sections 5(a), 12, and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 52, and 53(b).

5. There is no genuine issue as to any material fact concerning the liability of defendants for the illegal acts or practices charged in the Complaint.

6. Defendants Slim Down Solution, LLC, Slim Down Solution, Inc., S.S.T. Management, Inc., The KARA Group, LLC, Ronald Alarcon, and Kathleen Alarcon have violated Sections 5(a) and 12 of the FTC Act by making false or misleading representations to induce the purchase of purported fat-absorption and weight-loss supplements known as Slim Down Solution, including but not limited to the following:

a. Slim Down Solution causes substantial weight loss without calorie

reduction or exercise;

    b.    Slim Down Solution causes substantial weight loss;

    c.    Slim Down Solution causes weight loss even if consumers eat substantial amounts of food high in fat, including hamburgers, chocolate, cheesecake, chicken nuggets, french fries, cheeseburgers, and chocolate cake; and

    d.    Slim Down Solution isolates up to 20 grams of dietary fat per dose, then binds it to be carried out of the body as waste.

7.    Uncontroverted evidence establishes that defendants violated Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

8.    There is a reasonable likelihood that defendants would continue to engage in the activities alleged in the Complaint unless permanently enjoined from such acts and practices.

9.    Plaintiff is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

10.    Entry of this Order is in the public interest.

11.    Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon defendants, and their officers, agents, servants, representatives, employees, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise.

12.    This action and relief awarded herein are in addition to, and not in lieu of, any other remedies, civil or criminal, that may be provided by law, including any proceedings the Commission may initiate to enforce this judgment.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.    Unless otherwise specified, "defendants" shall mean:

    A.    Slim Down Solution, LLC ("SDS"), a limited liability company, its divisions and subsidiaries, its successors and assigns, and its officers, agents, servants, representatives, and employees;

    B.    Slim Down Solution, Inc. ("SDSI"), a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, servants, representatives, and employees;

    C.    S.S.T. Management, Inc. ("SST"), a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, servants, representatives, and employees;

    D.    The KARA Group, LLC, ("KARA"), a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, servants, representatives, and employees;

    E.    Ronald Alarcon, individually and in his capacity as a director, officer, manager or partner of SDS, SDSI, SST, and KARA; and

    F.    Kathleen Alarcon, individually and in her capacity as a director, officer, manager or partner of SDS, SDSI, SST, and KARA.

2.    "Assets" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, including, without limitation, chattels, goods,

instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

3.     "Assisting others" means knowingly providing any of the following services to any person or entity: (a) performing customer service functions for any person or entity, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other advertising or marketing material for any person or entity; or (c) performing advertising or marketing services of any kind for any person or entity.

4.     "Commerce" shall mean "commerce" as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.     "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

6.     "Continuity program" shall mean any plan, arrangement, or system pursuant to which a consumer receives periodic shipments of products or the provision of services without prior notification by the seller before each shipment or service period, regardless of any trial or approval period allowing the consumer to return or be reimbursed for the product or service.

7.    "Covered product or service" shall mean any dietary supplement, food, drug,

cosmetic, device, or service.

8.    "Endorsement" shall mean as defined in 16 C.F.R. § 255.0(b).

9.    "Food," "drug," "device," and "cosmetic," shall mean "food," "drug," "device,"

and "cosmetic" as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

10.    "Target product" means Slim Down Solution, any substantially similar product

containing D-glucosamine and/or chitosan, or any other product or service

purporting to provide weight-loss benefits.

11.    A requirement that any defendant "notify the Commission" shall mean that the

defendant shall send the necessary information via first-class mail, costs prepaid,

to:

> Associate Director for Advertising Practices
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, Washington, D.C. 20580
> Attn: *FTC v. Slim Down Solution, LLC. et al.*, (S.D. Fla.).

12.    The term "including" in this Order shall mean "without limitation."

13.    The terms "and" and "or" in this Order shall be construed conjunctively or

disjunctively as necessary, to make the applicable phrase or sentence inclusive

rather than exclusive.

### CONDUCT PROHIBITIONS

#### I.

### MISREPRESENTATIONS REGARDING TARGET PRODUCTS

IT IS HEREBY ORDERED that defendants, directly or through any corporation,

partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any target product, in or affecting commerce, are hereby permanently restrained and enjoined from making, or assisting others in making, directly or by implication, including through the use of any trade name or endorsement, any misleading representation that:

    A.    Any target product, or any ingredient contained therein, causes substantial weight loss without calorie reduction or exercise;

    B.    Any target product, or any ingredient contained therein, causes substantial weight loss;

    C.    Any target product, or any ingredient contained therein, causes weight loss even if consumers eat substantial amounts of food high in fat, including hamburgers, chocolate, cheesecake, chicken nuggets, french fries, cheeseburgers, and chocolate cake; or

    D.    Any target product, or any ingredient contained therein, isolates up to 20 grams of dietary fat per dose, then binds it to be carried out of the body as waste.

## II.

### COVERED PRODUCT CLAIMS

IT IS FURTHER ORDERED that defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the

manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product or service, are hereby permanently restrained and enjoined from making any representation, in any manner, expressly or by implication, including through the use of any trade name or endorsement, about the absolute or comparative weight-loss or other health benefits, performance, efficacy, safety, or side effects of any covered product or service, unless the representation is true, non-misleading, and at the time the representation is made, defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## III.

## MISREPRESENTATION OF TESTS OR STUDIES

IT IS FURTHER ORDERED that defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product or service, are hereby permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication, including through the use of any trade name or endorsement, the existence, contents, validity, results, conclusions, or interpretations of any test or study.

## IV.

### FDA APPROVED CLAIMS

IT IS FURTHER ORDERED that:

A.    Nothing in this order shall prohibit defendants from making any representation for any drug that is permitted in labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; and

B.    Nothing in this order shall prohibit defendants from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

## V.

### MONETARY JUDGMENT AND CONSUMER REDRESS

IT IS FURTHER ORDERED that:

A.    Judgment is hereby entered in favor of the Commission and against defendants, jointly and severally, in the amount of Thirty Million, One Hundred and Thirty-Five Thousand , Seven Hundred and Eighty-Four dollars ($30,135,784.00), with post-judgment interest, at the legal rate, for consumer redress.

B.    All payments shall be made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in accord with instructions provided by the Commission.

C.    All funds paid pursuant to this Order shall be deposited into a fund administered

by the Commission or its agent to be used for equitable relief, including but not limited to

consumer redress, and any attendant expenses for the administration of such equitable relief. In

the event that direct redress to consumers is wholly or partially impracticable or funds remain

after redress is completed, the Commission may apply any remaining funds for such other

equitable relief (including consumer information remedies) as it determines to be reasonably   .

related to defendants' practices alleged in the Complaint. Any funds not used for such equitable

relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no

right to challenge the Commission's choice of remedies under this Part. Defendants shall have no

right to contest the manner of distribution chosen by the Commission. No portion of any

payments under the judgement herein shall be deemed a payment of any fine, penalty, or punitive

assessment.

      D.    In accordance with 31 U.S.C. § 7701, defendants are hereby required, unless they

have done so already, to furnish to the Commission their taxpayer identifying numbers and/or

social security numbers, which shall be used for purposes of collecting and reporting on any

delinquent amount arising out of defendants' relationship with the government.

**VI.**

**NOTICE OF ORDER BY DEFENDANTS TO THIRD PARTIES HOLDING ASSETS**

      IT IS FURTHER ORDERED that within five (5) business days of receipt of this Order as

entered by the Court, defendants shall serve a copy of this Order on all entities, including

financial institutions, suppliers, distributors, and manufacturers that hold or have held assets

derived from the defendants' manufacture or sale of the Slim Down Solution product.

Page 10 of 23

## VII.

## TURNOVER OF ASSETS

IT IS FURTHER ORDERED that, in order partially to satisfy the monetary judgment set forth in Paragraph V above:

A.      Any law firm, financial or brokerage institution, escrow agent, title company, commodity trading company, supplier, distributor, manufacturer, business entity, or person, whether located within the United States or outside the United States, that holds, controls, or maintains accounts or assets of, on behalf of, or for the benefit of, defendants SDS, SDSI, SST, or KARA, shall turn over such account or asset to the Commission within ten (10) business days of receiving notice of this Order by any means, including but not limited to via facsimile;

B.      Defendants SDS, SDSI, SST, and KARA shall turn over title to all property traceable to proceeds of sales of the Slim Down Solution product to the Commission within ten (10) business days of entry of this Order.

## VIII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that, within five (5) business days after receipt by defendants of this Order as entered by the Court, defendants shall execute and submit to the Commission a truthful sworn statement in the form shown on Appendix A, that shall acknowledge receipt of this Order.

## IX.

## NOTICE TO RESELLERS AND DISTRIBUTORS

IT IS FURTHER ORDERED that defendants shall:

A.    Send, within twenty (20) days of entry of this Order, by first class mail, postage prepaid and return receipt requested, an exact copy of the notice attached hereto as Appendix B, showing the date of mailing, to each distributor or reseller who purchased the target products between January 1, 2001 and the date of entry of this Order.  This mailing shall not include any other document or enclosures.

B.    Notify, immediately, each distributor or reseller that defendants will stop doing business with that distributor or reseller if it continues to use any advertisement or promotional material that contains any representation prohibited by this Order, in the event defendants become aware that the distributor or reseller is using or disseminating any such advertisement or promotional material subsequent to receipt of Appendix B.

C.    Terminate any distributor or reseller within ten (10) days after it becomes aware that the distributor or reseller has continued to use any advertisement or promotional material that contains any representation prohibited by this Order after receipt of the notice required by Subparagraph B of this Part.

## X.

## CUSTOMER LISTS

**IT IS FURTHER ORDERED** that, except as provided in this Order, defendants, and their officers, agents, servants, employees, and attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who purchased any target product from defendants.

*Provided, however,* that defendants may disclose such identifying information to any law enforcement agency, or as required by any law, regulation, or court order.

## XI.

## DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that defendants SDS, SDSI, SST, KARA, and any business where (1) defendant Ronald Alarcon or defendant Kathleen Alarcon is the majority owner of the business or directly or indirectly manages or controls the business, and (2) the business is engaged in advertising, marketing, promotion, offering for sale, distribution, or sale of any covered product or service, shall:

A.    Within thirty (30) days after service of this Order, deliver a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each of their current principals, officers, and directors, and to all current managers, employees, representatives, and agents having responsibilities with respect to the subject matter of this Order;

B.    For a period of five (5) years from the date of service of this Order, provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each of their future principals, officers, and directors, and to all future managers, employees, representatives, and agents having responsibilities with respect to the subject matter of this Order, within thirty (30) days after the person assumes such responsibilities; and

C.    Maintain for a period of five (5) years after creation, and upon reasonable notice make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Order, as required in Subparagraphs A and B of this Part.

## XII.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.    Within ten (10) days of receipt of written notice from a representative of the Commission, each defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in any defendants' possession or direct or indirect control to inspect the business operation;

B.    In addition, the Commission is authorized to monitor defendants' compliance with this Order by all other lawful means, including but not limited to the following:

1.    obtaining discovery from any person, without further leave of court, using the procedures proscribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.    posing as consumers and suppliers to defendants, defendants' employees, or any other entity managed or controlled in whole or in part by any defendant, without the necessity of identification or prior notice;

*Provided* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

C.    Defendants shall permit representatives of the Commission to interview any

employer, consultant, independent contractor, representative, agent, or employee who has agreed

to such an interview, relating in any way to any conduct subject to this Order. The person

interviewed may have counsel present.

## XIII.

### COMPLIANCE REPORTING

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this

Order may be monitored:

A.    Defendants Ronald Alarcon and Kathleen Alarcon, within ten (10) days of service

of this Order, shall notify the Commission in writing of (1) their respective residence addresses

and mailing addresses; (2) their home telephone number; (3) the name, address, and telephone

number of their employer(s); (4) if applicable, the names of their supervisor(s); (5) a description

of their employer's activities; and (6) a description of their duties and responsibilities.

B.    For a period of five (5) years from the date of entry of this Order,

     1.    Defendants Ronald Alarcon and Kathleen Alarcon shall notify the

        Commission of the following:

        (a)    Any changes in their residence address, mailing address, and/or

           telephone numbers, within ten (10) days of the date of such

           change;

        (b)    Any changes in their employment status (including self-

           employment) within ten (10) days of the date of such change. Such

           notice shall include the name, address, and telephone number of

           each entity or person that they are affiliated with, employed by, or

perform services for; a statement of the nature of the business; and a statement of their duties and responsibilities in connection with the business; and

(c)    Any changes in their names or use of any aliases or fictitious names, within ten (10) days of the date of such change.

2.    Defendants SDS, SDSI, SST, and KARA shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which such defendants learn less than thirty (30) days prior to the date such action is to take place, such defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

C.    Sixty (60) days after the date of service of this Order, each defendant shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to any changes required to be reported pursuant to subparagraph B above; and a copy of each acknowledgment of receipt of this Order obtained by each of the

Page 16 of 23

defendants pursuant to Paragraph XI of this Order.

D.     For purposes of the compliance reporting required by this Paragraph, the
Commission is authorized to communicate directly with defendants.

### XIV.

### RECORD KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of
this Order, defendants SDS, SDSI, SST, and KARA, if engaging or assisting others engaged in
the advertising, marketing, promotion, offering for sale, distribution or sale of any covered
product or service, in or affecting commerce, and any business where (1) defendant Ronald
Alarcon or defendant Kathleen Alarcon is the majority owner or an officer or director of the
business, or directly or indirectly manages or controls the business and where (2) the business
engages, or assists others engaged in, the advertising, marketing, promotion, offering for sale,
distribution or sale of any covered product or service, in or affecting commerce, and their agents,
employees, officers, corporations, successors, and assigns, and those persons in active concert or
participation with them who receive actual notice of this Order by personal service or otherwise,
are hereby restrained and enjoined from failing to create and retain the following records:

A.     Accounting records that reflect the cost of goods or services sold, revenues
generated, and the disbursement of such revenues;

B.     Personnel records accurately reflecting:  the name, address, and telephone number
of each person employed in any capacity by such business, including as an independent
contractor; that person's job title or position; the date upon which the person commenced work;
and the date and reason for the person's termination, if applicable;

C.     Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, description of items or services purchased, and any documents, tape recordings, or information related to any continuity program purchase, to the extent such information is obtained in the ordinary course of business;

D.     Complaints and refund requests (whether received directly, indirectly or through any third party), and any response to those complaints or requests;

E.     Copies of all advertisements, promotional materials, sales scripts, training materials, or other marketing materials utilized in the advertising, marketing, promotion, offering for sale, distribution or sale of any covered product or service, to the extent such information is prepared in the ordinary course of business;

F.     All materials that were relied upon in making any representations contained in the materials identified in Subparagraph E, including all documents evidencing or referring to the accuracy of any claim therein or to the efficacy of any covered product or service, including, but not limited to, all tests, reports, studies, demonstrations, as well as all evidence that confirms, contradicts, qualifies, or calls into question the accuracy of such claims regarding the efficacy of such product or service; and

G.     Records accurately reflecting the name, address, and telephone number of each manufacturer or laboratory engaged in the development or creation of any testing obtained for the purpose of advertising, marketing, promoting, offering for sale, distributing, or selling any covered product or service.

## XV.

## SERVICE OF ORDER BY THE COMMISSION

IT IS FURTHER ORDERED that copies of this Order and the initial pleadings and papers filed in this matter may be served by employees or agents of the Commission, including without limitation private process servers, and by employees or agents of any other law enforcement agency, upon defendants, any agent or employee of defendants, or any other person, partnership, corporation, or other entity that may be in possession of any records, assets, property, or property right of the defendants, or that may be subject to any provision of this Order.

## XVI.

## SCOPE OF ORDER

IT IS FURTHER ORDERED that this Order resolves only claims against defendants as alleged in the Complaint. This Order does not preclude the Commission from initiating further action or seeking any remedy against any other persons or entities, including without limitation persons or entities who may be subject to portions of this Order by virtue of actions taken in concert or participation with any of the defendants, and persons or entities in any type of indemnification or contractual relationship with any of the defendants.

## XVII.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO ORDERED:**

_____     Dated: _____
HON. JAMES C. PAINE
UNITED STATES DISTRICT JUDGE

Copies to:
Karen Muoio, Esq., Fax No. (202) 326-3259
Carl Schmitt, Esq., Fax No. (305) 861-7517
Darren Rice, Esq., Fax No. (281) 461-6116
Jennifer Coberly, Esq., Fax No. (305) 579-9749

**APPENDIX A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-80051-CIV-PAINE/JOHNSON

FEDERAL TRADE COMMISSION,

       Plaintiff

v.

SLIM DOWN SOLUTION, LLC, SLIM
DOWN SOLUTION, INC., S.S.T.
MANAGEMENT, INC., THE KARA
GROUP, LLC, RONALD ALARCON,
KATHLEEN ALARCON, MADERIA
MANAGEMENT, INC.,
POLYGLUCOSAMINE, LTD., AND
STEPHEN PIERCE,

       Defendants.

_____/

**AFFIDAVIT OF DEFENDANT** _____

_____, being duly sworn, hereby states and affirms:

1.     My name is _____. I am a citizen of the United States

and am over the age of eighteen. I have personal knowledge of the matters discussed in this

declaration, and if called as a witness, I could and would competently testify as to the matters

stated herein. I am a defendant in the above captioned action.

2.     My current business address is _____. My

current business telephone number is _____. My current residential address is

_____. My current residential telephone number is _____.

3.     On (date) _____, 2004 I received a copy of the Order and Judgment for

Permanent INJUNCTION and Other Equitable Relief Against Defendants Slim Down Solution,

LLC, Slim Down Solution, Inc., S.S.T. Management, Inc., The Kara Group, LLC, Ronald

Alarcon, and Kathleen Alarcon, which was entered by the Honorable James C. Paine, United

States District Court Judge for the Southern District of Florida. A true and correct copy of the

Order that I received is appended to this Affidavit.

I hereby declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on (date) _____, 2004 at (city, state) _____,

_____.

                    (defendant's signature) /s/_____

                    (defendant's name)       _____

                               Defendant

STATE OF _____
COUNTY OF _____

BEFORE ME this day personally appeared _____, who being first duly
sworn, deposes and says that s/he has read and understands the foregoing statement and that s/he
has executed the same for the purposes contained therein.
SUBSCRIBED AND SWORN TO before me this _____day of _____, 2004 by
_____. S/he is personally known to me or has
presented (state identification) _____ as identification.

                               _____
                               (print name)
                               NOTARY PUBLIC
                               Commission Number
                               Affix Seal

## APPENDIX B

## BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED
**[To be printed on defendants' respective letterheads]**
[date]

Dear [purchaser for resale]:

As you may be aware, on January 21, 2003 the Federal Trade Commission ("FTC") filed a Complaint against Slim Down Solution, LLC, Slim Down Solution, Inc., S.S.T. Management, Inc., The KARA Group, LLC, Ronald Alarcon, Kathleen Alarcon, Maderia Management, Inc., Polyglucosamine, Ltd., and Stephen Pierce in the United States District Court for the Southern District of Florida. In its Complaint, the FTC alleged, among other things, that advertisements for Slim Down Solution marketed by these defendants have falsely claimed that D-glucosamine isolates dietary fat for elimination from the human body as waste and causes significant weight loss without diet or exercise. The Court decided in favor of the FTC and granted a permanent injunction against the defendants on [date].

The Injunction requires us to request that our distributors, wholesalers, and retailers stop using or distributing advertisements, packaging, or promotional materials containing claims challenged by the FTC. We are required to send you this letter, because you are one of our distributors, wholesalers, or retailers.

Among other things, the Injunction prohibits us from misrepresenting that Slim Down Solution or any other purported weight-loss product: causes weight loss; isolates dietary fat, then binds it to be carried out of the body as waste; and isolates up to 16-20 grams of fat per dose.

We request that you discontinue using, distributing, or relying on any of our advertising or promotional material for Slim Down Solution. Please also notify any of your customers who resell these products and who may have such materials to discontinue using those promotional materials. If we receive information that you are continuing to use materials that do not comply with the FTC order, we are required to notify the FTC of your failure to comply with this request and terminate our relationship with you.

Thank you very much for your assistance.

> Sincerely,
> [signature]
>
> Ronald Alarcon
> Managing Partner, Slim Down Solution, LLC
> President, S.S.T. Management, Inc.
> President, Slim Down Solution, Inc.