UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) Civ. No. 04-11136 - GAO |
| DIRECT MARKETING CONCEPTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF FEDERAL TRADE COMMISSION'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO STRIKE AFFIDAVITS
SUBMITTED BY DEFENDANTS IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Federal Trade Commission ("FTC" or "Commission") respectfully submits this Reply Brief in support of its motion to strike affidavits submitted by Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald Barrett, and Robert Maihos (collectively, "DMC/ITV Defendants") in support of their opposition to the Commission's motion for summary judgment. Although, as noted *infra*, the DMC/ITV's Defendants' defense of those affidavits makes it even more clear that summary judgment is appropriate due to the absence of any controverted material facts, the primary issue addressed by the Commission in this reply is the DMC/ITV Defendants' mischaracterization of the reports submitted by the FTC's experts.

The DMC/ITV Defendants attempt to salvage the dozens of articles submitted by Andrew Aldrich – which are clearly hearsay – by setting up, and then knocking down, a strawman. First, they contend (without citing to specific pages of any of the expert reports) that the Commission's experts testified "that no competent and reliable scientific evidence or literature exists concerning the health benefits of coral calcium or Supreme Greens." DMC Defendants' Opposition to Federal Trade Commission's Motion to Strike Affidavits Submitted by DMC Defendants in

Opposition to Plaintiff's Motion for Summary Judgment ("Def. Opp."), at 5.  Then, having constructed their strawman, they try to knock it down using the results of Aldrich's literature search, which, they contend, "are not being offered for the truth of the matters asserted therein regarding the beneficial effects of coral calcium and Supreme Greens," but only to show that such materials concerning those benefits exist in the public domain.  *Id.*

Defendants' assertion, however, addresses a nonexistent issue.  The reports submitted by the Commission's experts addressed the specific *claims* made by the DMC/ITV Defendants' advertising for coral calcium and Supreme Greens – including the prevention and treatment of cancer, diabetes and heart disease – not whether there was *any conceivable health benefit* associated with the DMC/ITV Defendants' coral calcium and greens products, or the ingredients therein.  The DMC/ITV Defendants do not even suggest that Aldrich's affidavit exhibits are relevant to the challenged claims.  *See id.* at 5-6.

Furthermore, even if the FTC's experts had made the assertions attributed to them by the DMC/ITV Defendants, the Aldrich materials still would constitute inadmissible hearsay.  The Court simply could not conclude that the Aldrich materials rebut the FTC experts' assertions without considering whether the materials truthfully state that the products provide the health benefits that the DMC/ITV Defendants claim they provide.[1]

The Commission also notes that the DMC/ITV Defendants' response to most of the Commission's other hearsay challenges is that the statements in question are not being offered

---

[1] The DMC/ITV Defendants concede that all of these materials were compiled after the infomercials were off the air, Def. Opp. at 5; thus, they are not relevant to the question of whether the DMC/ITV Defendants had substantiation for their claims at the time they disseminated the challenged advertisements.  The Commission's evidence that the DMC/ITV Defendants disseminated their claims without substantiation therefore remains uncontroverted.

for the truth of the matters asserted, but only to show, for example, the states of mind of Donald Barrett and other DMC/ITV personnel. *See, e.g.*, Def. Opp. at 9, 11, 33. Given that concession, it is clear that to the extent many of these statements were incorporated in the Defendants' Statement of Material Facts in Dispute [Dkt. # 150], they simply cannot be deemed to controvert the facts in the Commission's Rule 56.1 Statement of Material Facts Not in Dispute [Dkt. # 131].

Moreover, the DMC/ITV Defendant's assertions that these statements are being offered to show the state of mind of, among others, Donald Barrett and Eileen Barrett Maihos, is unavailing, as is their invocation, once again, of the Ninth Circuit's decision in *FTC v. Garvey*, 383 F.3d 891 (9th Cir. 2004). *See, e.g.,* Def. Opp. at 11, 9, 12. Advertisers are strictly liable under the FTC Act. *See, e.g., Patriot Alcohol Testers*, 798 F. Supp. 851, 855 (D. Mass. 1992) ("the fact that an advertiser may have acted without an intent to deceive is not a defense. . . . Nor is an advertiser's good faith") (citing *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988)). The Commission respectfully refers the Court to the discussion on pages 17-21 of its Reply Brief in support of the motion for summary judgment concerning the inapplicability of the *Garvey* decision here and the relevant standard for individual liability.[2]

---

[2] Finally, the DMC/ITV Defendants' Opposition makes it clear that the Defendants "overreached" in their affidavits in a number of instances – *e.g.*, Eileen Barrett Maihos stating that "we" took various actions without identifying who she meant by "we"; Simon Mena using the terms "always" and "all" to describe company actions, even though the duration of his employment does not provide him with the personal knowledge necessary to make such broad statements. Def. Opp. at 34, 36-37. The Commission also notes the DMC/ITV Defendants' contention that certain affiants' personal knowledge of various facts can be "inferred", *see id.* at 13-14 (Donald Barrett's personal knowledge of what Alex Guerrero provided his employees can be inferred), and that they simply fail in certain instances to respond directly to the FTC's objections to statements based on the affiant's "belief." For example, they simply gloss over the question of how Simon Mena, who began his employment as a sales representative in September 2002, could have personal knowledge of Donald Barrett's involvement in writing and reviewing scripts for a coral calcium program that began nine months earlier. *Compare* FTC Motion to Strike at 27-28 (concerning Mena's statement that "I do not believe that Donald Barrett wrote,

3

For the foregoing reasons, the FTC respectfully submits that the Court should strike the Affidavit of Andrew Aldrich; that to the extent the DMC/ITV Defendants contend that other hearsay objections made by the Commission are moot because the evidence was not offered for the truth of the matters asserted, the Court should find that the DMC/ITV Defendants have not controverted the material facts set forth in support of the Commission's motion for summary judgment; and that the Court should strike those portions of affidavits where it has not been established that the affiant has personal knowledge of the matter in question.

Respectfully submitted,

  /s/ Edward Glennon
EDWARD GLENNON
HEATHER HIPPSLEY
KIAL S. YOUNG (BBO # 633515)
Federal Trade Commission
600 Pennsylvania Avenue, NW, NJ-3212
Washington, DC  20580
(202) 326-3285,  -3126 (voice)
(202) 326-3259 (fax)
hhippsley@ftc.gov, kyoung@ftc.gov, or eglennon@ftc.gov

ATTORNEYS FOR PLAINTIFF

Dated: April 10, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2006.

                                      /s/ Edward Glennon
                                      Edward Glennon

---

reviewed, and approved the [coral calcium] scripts.") *with* Def. Opp. at 35-36.