

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028

617-946-4800
fax 617-946-4801
www.seyfarth.com

Writer's direct phone
(617) 946-4989

Writer's e-mail
crobertson@seyfarth.com

July 19, 2006

**VIA HAND DELIVERY**

Honorable George A. O'Toole
United States District Court
 District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

      Re:    Federal Trade Commission v. Direct Marketing Concepts, Inc., et al.
             C.A. No. 04-CV-11136 GAO

Dear Judge O'Toole:

      We write in connection with the Court's request at the July 6, 2006 Summary Judgment hearing for authority supporting the proposition that a consent judgment is the equivalent to a judgment on the merits for purposes of res judicata. Such authority includes cases already cited to the Court by the DMC Defendants, as well as cases in this Circuit and throughout the country.

      In *Levy v. United States*, 776 F. Supp. 831, 835 (S.D.N.Y. 1991), for example, a case cited in the Defendants' Opposition to the FTC's Motion for Summary Judgment, the Court recognized that a consent judgment "has the same res judicata effect as a judgment on the merits." *See also Gorsline v. Kansas*, 1994 WL 129981, at *3 (D. Kan. Mar. 4, 1994) ("A consent judgment is a judgment on the merits entitled to full res judicata effect") (citing *Matter of West Texas Marketing Corp.*, 12 F.3d 497, 500 (5th Cir. 1994)); *Blakely v. United States*, 276 F.3d 853, 866 (6th Cir. 2002) (a consent judgment has the full effect of final judgment for purposes of re judicata); *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 858 (5th Cir. 2000) ("A consent judgment, also known as a consent decree, is freely negotiated by the parties and has the full effect of res judicata"); *Samuels v. Northern Telecom, Inc.*, 942 F.2d 834, 836 (2nd Cir. 1991) (stipulation dismissing case is res judicata not only as to the matters actually litigated, but as to all relevant issues which could have been litigated in the prior suit); *Interdynamics, Inc. v. Firma Wolf*, 653 F.2d 93, 96-97 (3rd Cir. 1981) (consent decree "possesses the same force with regard to res judicata and collateral estoppel as a judgment entered after a trial on the merits").

BO1 15790956.1



First Circuit cases are also in accord. *See, e.g., Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995) (a judgment that is entered with prejudice pursuant to a settlement, "whether by stipulated dismissal, a consent judgment, or a confession of judgment" is entitled to res judicata effect); *D'Amario v. Butler Hosp.*, 921 F.2d 8, 10 (1st Cir. 1990) (consent judgment constitutes a final judgment on the merits); *Capraro v. Tilcon Gammino, Inc.*, 751 F.2d 56, 58 (1st Cir. 1985) (court approved judgment has same effect as judgment on the merits and prevents the relitigation of issues that were or could have been dealt with in an earlier litigation); *In re Mallows*, -- B.R. --, 2006 WL 1660819, at *7 (Bkrtcy D. Mass. June 16, 2006) ("a court approved settlement constitutes a final judgment on the merits").

In addition, we also briefly address the FTC's contention at the oral argument that the existence and settlement of the *Barefoot/Trudeau* litigation as a bar to the present motion for summary judgment was not asserted as an affirmative defense in this case. To the contrary, the DMC Defendants raised the affirmative defense of accord and satisfaction in their answer, based upon the settlement of the *Barefoot/Trudeau* litigation. Moreover, the FTC filed a motion to strike that defense on August 25, 2004, almost two years ago. On September 13, 2004, the DMC Defendants opposed the FTC's motion to strike, specifically citing the prior filed *FTC v. Trudeau*, Civ. No. 03-C-3904 (N.D. Ill.) as the basis for that defense. In reply, the FTC made the same arguments it has made here, namely that the facts involved in that case are somehow separate and distinct from the present case, a position with which the DMC Defendants disagreed then and now. The Court subsequently *denied* the FTC's motion to strike this defense, allowing the defense to stand during the discovery phase of the case. Given the prior briefing of this issue and the denial of the motion to strike by the Court, any claim of prejudice or surprise by the FTC is without basis. *See Clem v. Corbeau*, 98 Fed.Appx. 197, 203-204 (4th Cir. Apr. 29, 2004) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient … as long as it gives plaintiff fair notice of the nature of the defense"); *United States v. Consolidation Coal Co.*, 1991 WL 333694, at *4 (W.D. Pa. Jul. 5, 1991) (same). Because Fed. R. Civ. P. 8(f) provides that "all pleadings shall be construed as to do substantial justice," the FTC's technical pleading arguments concerning the preclusive effect of the *Barefoot/Trudeau* litigation should be rejected.

Thank you for your attention to this matter.

Very truly yours,

SEYFARTH SHAW LLP

Christopher F. Robertson

cc:  Edward Glennon, Esq.
     Peter S. Brooks, Esq.

BO1 15790956.1