SEYFARTH SHAW LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

Writer's direct phone
(617) 946-4989

Writer's e-mail
crobertson@seyfarth.com

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

October 6, 2006

**VIA HAND DELIVERY**

Honorable George A. O'Toole
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

Re: Federal Trade Commission v. Direct Marketing Concepts, Inc., et al.
C.A. No. 04-CV-11136 GAO

Dear Judge O'Toole:

We write to address briefly the court's opinion in *FTC v. QT, Inc.*, -- F.Supp.2d --, 2006 WL 2587914 (N.D. Ill. Sept. 8, 2006), recently submitted by the FTC in connection with its pending motion for summary judgment. Rather than supporting that motion, the *QT, Inc.* case demonstrates conclusively why summary judgment must be denied.

First, the *QT, Inc.* case was not decided at the summary judgment phase, but was decided only after a seven day bench trial. As the court's opinion makes clear, the court's ability to evaluate live witnesses was critical to its assessment of the facts of the case on numerous issues, including the allegedly misleading statements challenged by the FTC, the substantiation for those statements, the liability of the individual defendants and appropriate equitable relief.

Second, the court's opinion in the *QT, Inc.* case makes clear that there are critical distinctions between that case and the case before this Court. For example, the court found that the defendants themselves made the claims alleged to be misleading, and had no substantiation whatsoever for those claims. To the contrary here, the challenged claims were not made by the defendants themselves, but were made by third parties who provided substantiation for those claims. Moreover, significant additional substantiation has been submitted to the Court to support the claims challenged by the FTC, which did not exist in the *QT, Inc.* case.






Third, the court in the *QT, Inc.* case actually dismissed one of the individual officer defendants, finding that although the individual defendant was an officer of the company and involved in the day-to-day affairs of the company, she did not have the requisite involvement in or control over the alleged deceptive acts to warrant personal liability. 2006 WL 2587914, at **63-64. Similarly here, the most that the FTC has demonstrated regarding individual defendant Robert Maihos is that he was an officer of the company involved in the day-to-day affairs of the company at an administrative level. There is no evidence that Mr. Maihos had any role or control over the production or content of the subject advertising. Thus, far from supporting the FTC's arguments regarding Mr. Maihos' individual liability, the *QT, Inc.* case defeats these arguments.

Fourth, the court's discussion of the principles to be applied in assessing appropriate equitable relief is quite instructive. Contrary to the FTC's position on summary judgment, in which it claims that the measure of relief should be the total amount of sales to consumers, the *QT, Inc.* court, citing the Second Circuit's opinion in *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48 (2d Cir. 2006), found that this was not the appropriate measure. Rather, as the Second Circuit made clear in the *Verity Int'l* case, the Court in this case must consider the diversion of funds to third parties, such as the Triad defendants here, manufacturers and media companies, and the defendant's net profit, not simply the amount paid by consumers, in constructing an appropriate equitable remedy. As this Court is aware from the certified auditor's report submitted to the Court pursuant to the Court's preliminary injunction, the defendants made no profit and suffered losses from the Supreme Greens advertising, and the FTC has placed no competent evidence in the record regarding what funds actually were provided to the DMC Defendants from the coral calcium advertising, for which it served primarily as a phone center. Moreover, as highlighted by the Second Circuit in *Verity Int'l*, the fact that a defendant offers refunds to complaining consumers is another factor to be considered in evaluating the appropriate remedy. It is undisputed that the DMC Defendants offered refunds to any consumer who requested such a refund. Once again, at a minimum, the disputed factual record regarding these issues requires denial of the FTC's motion for summary judgment.

Finally, we direct the Court's attention to a recent decision by Judge DiClerico in the District of New Hampshire, *FTC v. Seismic Entertainment Productions, Inc.*, 441 F.Supp.2d 349 (D.N.H. 2006). In that case, the court held that another factor to be considered in connection with granting equitable relief is the defendant's ability to pay. In so holding, the court reviewed FTC settlements and noted that the ability to pay was a factor considered in such settlements. Likewise here, we believe that the FTC's prior settlements are a factor that should be considered by the Court in assessing appropriate relief, particularly the settlements that the FTC has reached with other parties involved in this case and the related action filed in Illinois.





Thank you for your attention to this matter.

Very truly yours,

SEYFARTH SHAW LLP

Christopher F. Robertson

cc: Edward Glennon, Esq.
Peter S. Brooks, Esq.