UNITED STATES DISTRICT COURT  **PRIORITY SEND**
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 06-6112-JFW (JTLx)**                                      Date: August 7, 2007

Title:   Federal Trade Commission -v- Natural Solution, Inc., et al.

**PRESENT:**
HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:
None                                                                               None

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [filed 6/25/07; Docket No. 27]

On June 25, 2007, Plaintiff Federal Trade Commission ("Plaintiff") filed a Motion for Summary Judgment. On July 12, 2007, Defendants Natural Solutions, Inc. and Isabel Mendoza (collectively "Defendants") filed their Opposition. On July 17, 2007, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's July 23, 2007 hearing calendar and the parties were given advance telephonic notice. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

I.    **Factual and Procedural Background**

Starting in January 2005, Defendant Natural Solution, Inc. ("Natural Solution") sold a liquid dietary supplement called "Knutric." According to the label, Knutric is a formula which contains 20 herbs, including horehound, licorice, alfalfa, dandelion, saw palmetto, damiana, echinacea, milk-thistle, gentian, thyme, sarsaparilla, chamomile, ginseng, spirulina, ginkgo biloba, grapeseed, passion flower, polygala, celery, and angelica, and 6 minerals, including potassium, calcium, iron, phosphorus, iodine, and magnesium. Natural Solution obtained Knutric from a distributor known as "Botanutric." Natural Solution sold Knutric at a price of $170 for two bottles, and from January 2005 through 2007, sold approximately $3,000,000 in Knutric products to customers nationwide. Natural Solution advertised Knutric on television through a 30 minute Spanish-language infomercial. The infomercial was broadcast repeatedly on multiple stations nationwide, and provided customers with a toll-free telephone number, registered to Natural Solution, to call to place orders for Knutric.

Twice during the infomercial, an unidentified spokesperson states that "Knutric is an ideal treatment to prevent and fight against dangerous illnesses like cancer, diabetes, breast cancer, arthritis, high cholesterol, heartburn, prostate cancer and many more."[1] The same unidentified spokesperson also makes the following claim seven times during the course of the infomercial: "Knutric is a formula made up of 20 medicinal plants and six minerals that will help you and give your organism [body] the strength to combat and prevent terrible sicknesses like colon cancer, diabetes, fever, cough, asthma, hair loss, infections, heart attacks and much more." While the spokesperson is making the foregoing statement, each of the "terrible sicknesses" are displayed one at a time on the screen in large, all capital letters. The next frame then displays two bottles of Knutric with the message "Treatment for four months" appearing on the right side of the screen.

Defendant Isabel Mendoza is the President of Natural Solution and one of Natural Solution's three equal shareholders. Defendant Mendoza "controlled, directed, or formulated the acts and practices of Natural Solution," and admits that she did "everything" in the business.

On September 25, 2006, Plaintiff filed a Complaint against Defendants alleging that the unsubstantiated claim made in the infomercial that Knutric can prevent and treat several forms of cancer violates Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts and practices in or affecting commerce. Under Section 13(b) of the FTC Act, Plaintiff seeks permanent injunctive relief, restitution, and disgorgement.[2] Plaintiff moves for summary judgment on the grounds that there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law on its only claim for relief.

## II.   Legal Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue of fact is not enough to defeat summary judgment; there must be a genuine issue of material fact, a dispute capable of affecting the outcome of the case." American International Group, Inc. v. American International Bank, 926 F.2d 829, 833 (9th Cir. 1991) (Kozinski, dissenting).

---

[1] All quotes from the infomercial referenced herein are the English translations of the Spanish statements.

[2] On October 10, 2006, the Court signed a Stipulated Preliminary Injunction executed by each of the parties to this action.

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999). The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987). Although the party opposing summary judgment is entitled to the benefit of all reasonable inferences, "inferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American International Group*, 926 F.2d at 836-37. In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

"Where the operative facts are substantially undisputed, and the heart of the controversy is the legal effect of such facts, such a dispute effectively becomes a question of law that can, quite properly, be decided on summary judgment. However, summary judgment should not be granted where contradictory inferences may be drawn from undisputed facts. In such a case, the non-moving party must show that the inferences it suggests are reasonable in light of the competing inferences." *FTC v. Gill*, 71 F. Supp. 2d 1030, 1035 (C.D. Cal. 1999).

### III. Discussion

#### A. Plaintiff's Motion for Summary Judgment Against Defendant Natural Solution

Section 5 of the FTC Act provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. § 45(a)(1). "Under Section 5, the Court will find an act or practice deceptive or misleading if there is a representation, that is likely to mislead consumers acting reasonably under the circumstances, and the representation is material." *Gill*, 71 F. Supp. 2d at 1037 (citing *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir.1994)).

"In determining whether the representations were likely to mislead, the FTC must show probable deception ('likely to mislead,' not 'tendency and capacity to mislead')." *Id.* (citing *Southwest Sunsites, Inc. v. FTC*, 785 F.2d 1431, 1436 (9th Cir.1986)). The Court may examine the representation to determine whether the net impression is such that the representation would be likely to mislead reasonable consumers. *See, e.g., FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 385 (1965) ("the words 'deceptive practices' set forth a legal standard and they must get their final meaning from judicial construction"); *see also FTC v. U.S. Sales Corp.*, 785 F. Supp. 737, 745 (N.D. Ill. 1992) (granting summary judgment in favor of the FTC on its Section 5 claim of deceptive advertisement).

"A representation or omission is material if it is of the kind usually relied on by a reasonably prudent person." *FTC v. Transnet Wireless Corp.*, 2007 WL 842140, at *16 (S.D. Fla. 2007). "Express claims or deliberately-made implied claims used to induce the purchase of a particular product or service are presumed to be material." *Id.* (citing *Pantron*, 33 F.3d at 1096).

The Court has viewed the infomercial and has read the English translation of the infomercial provided by Plaintiff. The infomercial expressly claims that Knutric is a "treatment" which will "prevent and fight against" various forms of cancer. Because of the express nature of this claim, the Court finds that there is no genuine issue of fact that this representation is material, and that the net impression of the infomercial is that Knutric will prevent and/or treat breast cancer, colon cancer, and prostate cancer.[3] As a result, the only remaining question is whether the representation regarding the effects of Knutric in preventing and treating cancer is likely to deceive or mislead consumers.

In order to prove that the cancer prevention and treatment claim made by Natural Solution is likely to deceive or mislead, Plaintiff must demonstrate either that "the express or implied message conveyed by the ad is false" or that "the advertiser lacked a reasonable basis for asserting that the message was true." See In re: Thompson Med. Co., Inc., 104 F.T.C. 648, 818-19 (1984); see also Pantron, 33 F.3d at 1096; FTC v. Sabal, 32 F. Supp. 2d 1004, 1007 (N.D. Ill. 1998). The "reasonable basis" test is an objective standard.[4] U.S. Sales Corp., 785 F. Supp. at 748. "In determining whether an advertiser has satisfied the reasonable basis requirement, the [Court] must first determine what level of substantiation the advertiser is required to have for his advertising claims. Then, the [Court] must determine whether the advertiser possessed that level of substantiation." Pantron, 33 F.3d at 1096. "For non-establishment claims, claims that do not assert a specific level of substantiation (i.e., a simple claim of efficacy) . . . the Court can look to a number of factors to determine what level of substantiation was required. The factors include: (1) the type of claim; (2) the product; (3) the consequences of a false claim; (4) the benefits of a truthful claim; (5) the cost of developing substantiation for the claim; and (6) the amount of substantiation experts in the field believe is reasonable." FTC v. QT, Inc., 448 F. Supp. 2d 908, (N.D. Ill. 2006) (citing FTC Policy Statement Regarding Advertising Substantiation appended to In re: Thompson Med. Co., 104 F.T.C. at 839.)

In this case, Plaintiff argues that Natural Solution lacked any reasonable basis for its claim that Knutric prevents and treats cancer. Plaintiff contends that "[f]or efficacy claims related to health and safety . . . an advertiser must possess 'competent and reliable scientific evidence'" to substantiate its claim. Motion at 12. "In other cases involving health-related claims, courts have upheld the FTC's requirement that in order to have a 'reasonable basis' to make the claim at issue, an advertiser must possess 'competent and reliable scientific evidence' to substantiate that claim." QT, 448 F. Supp. 2d at 961.

---

[3] Defendants argue that Plaintiff has taken statements from the infomercial "out of context" and that there is a genuine issue of material fact as to whether "the infomercial communicates that Knutric can 'prevent and treat' cancer." Opposition at 2. In light of the express and unambiguous representation in the infomercial that Knutric is a "treatment" which will "prevent and fight against" various forms of cancer, the inferences Defendants ask this Court to draw from the infomercial are simply not reasonable and Defendants' argument is entirely without merit.

[4] "Because the statute does not require an intent to deceive, the subjective good faith of the advertiser is not a valid defense to an enforcement action brought under section 5(a)." Sabal, 32 F. Supp. 2d at 1007.

In order to establish what constitutes "competent and reliable scientific evidence" to substantiate a claim such as the cancer claim made by Defendants, Plaintiff offers the expert declaration of John A. Milner, Ph.D.[5] In his declaration, Dr. Milner testifies that multiple randomized controlled human clinical trials would be required by qualified experts in the field of cancer prevention and treatment to evaluate the efficacy of a formula to prevent or treat a disease such as cancer.

In their Opposition to Plaintiff's Motion, Defendants argue that it is Plaintiff's burden to prove "that the express or implied message conveyed by the advertising in question was actually false," and that Plaintiff failed to meet this burden. Opposition at 6. However, Plaintiff is not proceeding under a "falsity" theory, but instead is relying on the "reasonable basis" theory. *See, e.g., Pantron*, 33 F.3d at 1096. Under the "reasonable basis" theory, Plaintiff is not required to prove the falsity of the advertising, only that "the advertiser lacked a reasonable basis for asserting that the message was true." *See id.* Although Defendants claim that the infomercial does not represent that Knutric can prevent and treat cancer, Defendants argue that to the extent it does, there is a genuine issue of material fact as to whether they had a reasonable basis to believe that Knutric can prevent and treat various forms of cancer.

Defendants offer the following as evidence that they had a "reasonable basis" for asserting that Knutric can prevent and/or treat cancer: (1) Defendant Mendoza used the product and "obtained benefits from it"; (2) Defendant Mendoza's friend and daughter used it and "detected benefits and strengths"; (3) Defendant Mendoza received and reviewed booklets "containing substantiation materials from Botanutric and the laboratory"; (4) prior to airing the infomercial, Defendant Mendoza received "assurances" from Botanutric "that the product was approved and certified under laws of Mexico, Canada and the U.S. for its commercialization"; (5) the infomercial contained "testimonies from people" that Knutric worked; and (6) the infomercial contained information from a Mexican physician and nutritionist who "acted as experts in the area."[6] Opposition at 6-7.

---

[5] Defendants move to strike the expert report of Dr. Milner as a result of Plaintiff's failure to timely provide Defendants with the report as required by the Court's Scheduling and Case Management Order ("CMO"). Plaintiff concedes that it violated the deadline set by the Court in the CMO, but argues that the Court should deny Defendants' motion to strike on the grounds that Defendants were not prejudiced by the late production. The Court agrees that Defendants did not suffer prejudice from the fact that they received the expert report 16 days late, and given that the Court granted Defendants a continuance after their initial failure to comply with the deadline for filing an Opposition to the present motion, the Court DENIES Defendants' motion to strike. Defendants also object to the Dr. Milner's affidavit on the grounds of hearsay, speculation, and lack of foundation. Defendants' objections are overruled.

[6] Defendants also attempt to rely on articles found on the internet, including the Mayo Clinic website, to prove that "there are scientific substantiations of Knutric's claims of benefits from its nutrients." Opposition at 7. However, as Plaintiff correctly notes in its reply, each of these articles address the *potential* effects of particular herbs when used in quantities greater than that contained in Knutric, discuss that further research is required, and do not demonstrate that the Knutric formula actually prevents and/or treats cancer.

Notably, none of the foregoing "evidence" speaks to the efficacy of Knutric in the *prevention or treatment of cancer*, much less provides competent and reliable scientific evidence that Knutric is effective in preventing and treating cancer. There is no evidence that Defendant Mendoza, her daughter, or any of the people who provided "testimonies" on the infomercial are suffering from cancer.[7] In fact, Defendants admit that they do not know "whether any of the consumers who provided filmed testimonials for the Knutric infomercial in fact had prostate cancer or whether Knutric had successfully treated their prostate cancer." SUF ¶ 46. The information presented in the infomercial by the "Mexican physician and nutritionist" does not address cancer or reference any relevant studies that would provide substantiation for the cancer claims. "Assurances" from Botanutric that Knutric is "approved" and "certified" for "commercialization" simply does not constitute "competent and reliable scientific evidence" to substantiate the claim that Knutric can prevent and treat cancer.

Defendants simply failed to provide the Court with any admissible evidence that would support a finding that Natural Solution had a reasonable basis for asserting that Knutric can prevent and treat cancer. Indeed, Defendants did not provide the Court with even a single scientific study or trial of any kind that would demonstrate that the Knutric formula has been tested for its effect on cancer. Apparently in recognition of the lack of support for their cancer claims, Defendants argue that because Botanutric "was responsible for the creation and contents of the infomercial," and "was the company providing the product, the booklet and all the certifications and assurances," Natural Solution cannot be held liable under Section 5 of the FTC Act because it was "not responsible for the contents of the taped infomercial." Opposition at 5-6. However, it is undisputed that Natural Solution "advertised, processed orders for, distributed, and sold Knutric to individual customers." SUF ¶ 2. Specifically, it is undisputed that Natural Solution "hired an advertising agency to arrange for broadcasting the Knutric infomercial on various television stations." SUF ¶ 24. Accordingly, Natural Solution can be found liable for a violation of Section 5.

Defendants claim that the Court should not grant Plaintiff's motion for summary judgment because "[i]t is likely that the court may find evidence that provides substantiation for Knutric's advertising claims." Opposition at 6. However, in order to create a genuine issue of material fact, it is Defendants' burden to identify the evidence that would allow the Court to reach a verdict in favor of Natural Solution. It is certainly not the responsibility of this Court to "find evidence," and Defendants' speculation that they might be able to come up with sufficient evidence of substantiation at trial is insufficient to withstand Plaintiff's motion. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026 (9th Cir. 2001); *Keenan v. Allan*, 91 F.3d 1275 (9th Cir. 1996).

Finally, Defendants argue that Plaintiff is not entitled to summary judgment on its claim because it "acted in bad faith and with unclean hands" because Plaintiff did not immediately inform Defendants of their alleged wrongdoing and did not include Botanutric as a defendant in this action. *See* Opposition at 7-8. However, Defendants failed to provide the Court with admissible evidence to support their affirmative defenses and those defenses fail as a matter of law.

---

[7] In her declaration, Defendant Mendoza states that she has a friend, Mrs. Guerrero, who was diagnosed with lung cancer and that Knutric relieved some of her pain. This evidence is inadmissible as hearsay. Even if this evidence were admissible, it fails to provide any substantiation for the claim that Knutric *prevents and treats* cancer.

B.  Plaintiff's Request for Monetary Equitable Relief

"A district court's authority to award monetary relief as an equitable remedy under Section 13(b) is broad." QT, 448 F. Supp. 2d at 974. Section 13(b) provides "[t]hat in proper cases the [FTC] may seek, and after proper proof, the court may issue, a permanent injunction." 15 U.S.C. § 53(b). "The district court's authority to grant a permanent injunction also includes the power to grant other ancillary relief sought by the [FTC]." FTC v. Febre, 128 F.3d 530, 534 (7th Cir. 1997); "The power to grant ancillary relief includes the power to order repayment of money for consumer redress as restitution or recession." Id.; see also Pantron, 33 F.3d at 1102 ("[T]he authority granted by section 13(b) is not limited to the power to issue an injunction; rather, it includes the authority to grant any ancillary relief necessary to accomplish complete justice. This power includes the power to order restitution.").

"A corporation is liable for monetary relief under section 13(b) if [Plaintiff] shows that the corporation engaged in misrepresentations or omissions of a kind usually relied on by reasonably prudent persons and that consumer injury resulted." Pantron, 33 F.3d at 1102. To demonstrate reliance and resulting consumer injury, Plaintiff must prove that "defendant made material misrepresentations, that they were widely disseminated, and that consumers purchased the defendant's product." FTC v. Figgie Intern., Inc., 994 F.2d 595, 606-06 (9th Cir. 1993). The Court has already found, based on the undisputed facts, that Natural Solution made a material misrepresentation in its infomercial that Knutric can prevent and treat various forms of cancer. From the evidence provided by Plaintiff, there are no genuine issues of material fact that: (1) the infomercial was widely disseminated on a nationwide basis; and (2) consumers purchased Knutric from Natural Solution. Because Natural Solution failed to present any evidence to rebut the foregoing, Plaintiff established consumer injury.

Plaintiff argues that the consumers who purchased Knutric "are entitled to a return of the full amount spent on their purchases of Knutric." Motion at 21. Based on the undisputed fact that Knutric was the only product sold by Natural Solution, and relying on Natural Solution's tax returns and bank records, Plaintiff claims that the total amount lost by consumers was $3,087,969.06. Defendants to not dispute that the bank records are the appropriate method of calculating the amount of loss. However, Defendants claim that the total amount of loss is only $3,067,128.22 on the grounds that Natural Solution ceased doing business on March 15, 2007. See Disputed Fact ¶ 9; Mendoza Decl. at ¶ 26. Given that both parties agree that the bank records submitted by Plaintiff as Exhibits 6, 7, and 8 reflect Natural Solution's gross sales of Knutric for the year 2007, the Court has reviewed the bank records and finds that the undisputed evidence demonstrates that the total amount lost by consumers was $3,087,969.06.

C.  Plaintiff's Motion for Summary Judgment Against Defendant Mendoza

Individual Defendant Mendoza may be held liable for injunctive relief for Natural Solution's violation of the FTC Act if Plaintiff demonstrates that Defendant Mendoza "participated directly in the wrongful acts or practices or had authority to control the corporation." FTC v. J.K. Publications, Inc., 99 F. Supp. 2d 1176, 1203 (C.D. Cal. 2000) (emphasis in original) (citing FTC v. Publishing Clearing House, Inc., 104 F.3d 1168, 1170 (9th Cir. 1997)). "Authority to control the company can be evidenced by active involvement in business affairs and the making of corporate policy." FTC v. American Standard Credit Systems, Inc., 874 F.Supp. 1080, 1089 (C.D. Cal. 1994). "An

individual's status as a corporate officer and authority to sign documents on behalf of the corporate defendant can be sufficient to demonstrate the requisite control." *J.K. Publications*, 99 F. Supp. 2d at 1204.

Defendant Mendoza is the President of Natural Solution and has been the President since January of 2005. Mendoza is also one of three equal shareholders of Natural Solution. Mendoza filed the Articles of Incorporation for Natural Solution. Mendoza has signatory authority on all of Natural Solution's bank accounts and pays the bills on behalf of Natural Solution. Mendoza is also responsible for hiring, training, salaries, ordering inventory, and setting the sale price for Knutric. At her deposition, Mendoza admitted that she did "everything" for the Natural Solution business, and it is undisputed that Mendoza "controlled, directed, or formulated the acts and practices of Natural Solution." SUF ¶¶ 15-22. Based on the foregoing, it is undisputed that, at the very least, Defendant Mendoza possessed the authority to control Natural Solution's deceptive acts or practices and that the FTC is entitled to summary judgment on its claim for injunctive relief against Defendant Mendoza.

Plaintiff argues that Defendant Mendoza should also be held liable for monetary relief. To establish liability for monetary relief, Plaintiff must show that Defendant Mendoza "had knowledge that the corporation or one of its agents engaged in the wrongful acts or practices." *J.K. Publications*, 99 F. Supp. 2d at 1204. "To satisfy the knowledge requirement, [Plaintiff] must establish that the individual defendant either: (1) had actual knowledge of the wrongful acts or practices; (2) was recklessly indifferent to whether or not the corporate acts or practices were fraudulent; or (3) had an awareness of a high probability that the corporation was engaged in fraudulent practices along with an intentional avoidance of the truth." *Id.* Plaintiff need not, however, prove subjective intent to defraud. *See, e.g., QT*, 448 F. Supp. 2d 908 at 972. The undisputed evidence demonstrates that, at the very least Defendant Mendoza "had an awareness of a high probability that the corporation was engaged in fraudulent practices along with an intentional avoidance of the truth." Indeed, she was intimately involved with the business of Natural Solution and possessed more control and authority than any other employee. As a result, there is no genuine issue of material fact that Defendant Mendoza is also individually liable for the monetary relief.

## IV. Conclusion

For all of the foregoing reasons, Plaintiff's Motion for Summary Judgment, including its request for injunctive and monetary equitable relief, is **GRANTED**.

The Court notes that Plaintiff's proposed notice to consumers is overbroad in that it states that there is "no evidence" that Knutric can "prevent or treat any" of the "diseases" listed in the infomercial. Given that the scope of Plaintiff's action was limited to Defendants' unsubstantiated cancer claims, the proposed notice should be equally limited in scope.

Plaintiff shall lodge, on or before August 20, 2007, a proposed Judgment and Permanent Injunction which is consistent with this Order

IT IS SO ORDERED.
The Clerk shall serve a copy of this Minute Order on all parties to this action.