# SEYFARTH SHAW LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
(617) 946-4800
fax (617) 946-4801
www.seyfarth.com

Writer's direct phone
(617) 946-4989

Writer's e-mail
crobertson@seyfarth.com

January 17, 2008

**VIA ECF**

Honorable George A. O'Toole
United States District Court
 District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

    Re:    <u>Federal Trade Commission v. Direct Marketing Concepts, Inc., et al.</u>
            C.A. No. 04-CV-11136 GAO

Dear Judge O'Toole:

    We write to address briefly the court's opinion in *FTC v. QT, Inc.*, -- F.3d --, 2008 WL 43583 (7th Cir. Jan. 3, 2008), recently submitted by the FTC in connection with its pending motion for summary judgment. As we discussed in our letter dated October 6, 2006 in response to the FTC's submission of the district court opinion in the same matter, rather than supporting the motion, the *QT, Inc.* case demonstrates conclusively why summary judgment must be denied.

    First, the *QT, Inc.* case was not decided at the summary judgment phase, but was decided only after a seven day bench trial. As the district court's opinion made clear, the court's ability to evaluate live witnesses was critical to its assessment of the facts of the case on numerous issues, including the allegedly misleading statements challenged by the FTC, the substantiation for those statements, the liability of the individual defendants and appropriate equitable relief.

    Second, although the Seventh Circuit affirmed the district court's opinion, the Court concluded that "[p]lacebo-controlled, double-blind testing is *not* a legal requirement for consumer products." 2008 WL 43583, at *2. To the contrary, "a statement that is plausible but has not been tested in the most reliable way *cannot be condemned out of hand*," and "something less" than a placebo-controlled double-blind study "may do." *Id.* Certainly, in light of the vast amount of scientific literature and studies submitted by the Defendants, and the fact that the challenged claims were not made by the Defendants themselves but by third parties, the Seventh Circuit's rejection of any black and white test for the level of support necessary for consumer products further supports denial of the FTC's summary judgment motion.

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

BO1 15902068.1



Third, and as noted in our prior letter to the Court, the district court in the *QT, Inc.* case dismissed one of the individual officer defendants, finding that although the individual defendant was an officer of the company and involved in the day-to-day affairs of the company, she did not have the requisite involvement in or control over the alleged deceptive acts to warrant personal liability. It does not appear that this finding by the district court was appealed or challenged by the FTC. Here, the most that the FTC has demonstrated regarding individual defendant Robert Maihos is that he was an officer of the company involved in the day-to-day affairs of the company at an administrative level. There is no evidence that Mr. Maihos had any role or control over the production or content of the challenged advertising.

Fourth, as we noted in our prior letter to the Court, the district court's discussion in *QT, Inc.* of the principles to be applied in assessing appropriate equitable relief is instructive and applicable in this case. Contrary to the FTC's position on summary judgment, in which it claims that the measure of relief should be the total amount of sales to consumers, the district court in *QT, Inc.*, citing the Second Circuit's opinion in *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48 (2d Cir. 2006), found that this was not the appropriate measure. Rather, as the Second Circuit held in the *Verity Int'l* case, the Court must consider the diversion of funds to third parties, such as the Triad defendants here, manufacturers and media companies, and the defendant's net profit, not simply the amount paid by consumers, in constructing an appropriate equitable remedy. Although the FTC did not appeal these rulings, the Seventh Circuit in *QT, Inc.* confirmed that "disgorging profits is an appropriate remedy." 2008 WL 43583, at *4.

As this Court is aware from the certified auditor's report submitted to the Court pursuant to the Court's preliminary injunction, the defendants made no profit and suffered losses from the Supreme Greens advertising. In addition, the FTC has placed no competent evidence in the summary judgment record regarding any profits earned by the Defendants in connection with the coral calcium advertising, for which it served primarily as a phone center. At a minimum, the disputed factual record regarding these issues requires denial of the FTC's motion for summary judgment.

Thank you for your attention to this matter.

Very truly yours,

SEYFARTH SHAW LLP

Christopher F. Robertson

cc: Edward Glennon, Esq.
    Peter S. Brooks, Esq.

BO1 15902068.1