

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Division of Advertising Practices

January 24, 2008

**VIA ELECTRONIC FILING**

Honorable George A. O'Toole, Jr.
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

        Re:    <u>Federal Trade Commission v. Direct Marketing Concepts, Inc., et al.</u>,
               Docket No. 04-CV-11136-GAO

Dear Judge O'Toole:

      I write in response to the letter of Christopher Robertson, submitted on January 17, 2008 on behalf of the defendants in the above case, regarding the opinion of the Seventh Circuit affirming the decision of the lower court in the matter of *FTC v. QT, Inc.*, 448 F. Supp. 2d 908 (N.D. Ill. 2006).

      Despite defendants' attempt to spin the Seventh Circuit's opinion in their favor, the decision lends no support to their attempt to avoid liability in the instant case. The statement by the Seventh Circuit that "[p]lacebo-controlled, double-blind testing is not a legal requirement for consumer products" does nothing to aid defendants' argument that their claims in the instant matter are adequately substantiated. Indeed, the Commission agrees with the notion that not *all* claims for *all* consumer products need to be supported by placebo-controlled, double-blind studies. It is the Commission's position that a number of factors are relevant to the court's determination of the required level of substantiation, including the type of claim, the product, and the amount of substantiation experts in the field believe is reasonable. *See FTC Policy Statement Regarding Advertising Substantiation* (appended to *In re Thompson Medical Co.*, 104 F.T.C. 648, 839-40 (1984)). In the case before this Court, as demonstrated by the evidence submitted in support of the Commission's motion for summary judgment, defendants made strong, health-related claims regarding a number of diseases and medical conditions for two ingestible dietary supplement products. *See Federal Trade Commission's Memorandum in Support of Motion for Summary Judgment* at 7-10, 16-18 (Docket No. 132) ("FTC Summary Judgment Memorandum"). Furthermore, the Commission's experts testified as to the evidence necessary to support defendants' claims and established that defendants' claims were unsupported by competent and scientific evidence. *See id.* at 11-16, 21-23; SJ Exs. 24-27. Notably, defendants failed to designate a single expert to refute this testimony. Indeed, defendants did not even depose the Commission's experts. Although defendants refer to the "vast amount of scientific literature and studies" they submitted, their failure to designate experts

Honorable George A. O'Toole, Jr.
January 24, 2008
Page 2

to testify as to the meaning and relevance of such materials renders them inadmissible and irrelevant. *See Plaintiff Federal Trade Commission's Memorandum of Law in Support of its Motion to Strike Affidavits Submitted by Defendants in Support of Their Opposition to Plaintiff Motion for Summary Judgment and Plaintiff's Response to Defendants' Evidentiary Objections* (Docket No. 158) and *Plaintiff Federal Trade Commission's Reply Brief in Support of its Motion to Strike Affidavits Submitted by Defendants in Support of Their Opposition to Plaintiff Motion for Summary Judgment* (Docket No. 170). Thus, defendants' "substantiation" in the instant case does not rise even to the level of that possessed by the defendants in the Q-Ray case, which the Seventh Circuit characterized as "bunk." *FTC v. QT, Inc.*, –F.3d–, 2008 WL 43583, at *2 (7th Cir. Jan. 3, 2008).[1]

Additionally, despite defendants' attempt to cloud the issue of the appropriate scope of monetary equitable relief (an issue not even at play in the *QT, Inc.* appeal, where the district court found defendants jointly and severally liable for up to $87 million, an amount equal to the total net sales to consumers[2]), long-standing and well-established case law in fact provides that the proper measure of such relief is the full amount of consumer injury. *See* FTC Summary Judgment Memorandum at 54-55.[3]

Sincerely,

Edward Glennon

cc:   Peter S. Brooks, Esq. (via ECF notice)
      Christopher F. Robertson, Esq. (via ECF notice)
      Joseph Ryan, Esq. (via ECF notice)
      Sage International, Inc. (for BP International) (via Fed Ex)

---

[1] Notably, the Seventh Circuit confirmed that testimonials do not constitute adequate substantiation for claims. *See id.*

[2] *See QT, Inc.*, 448 F. Supp. 2d at 953, 974-75; *FTC v. QT, Inc.*, 472 F. Supp. 2d 990, 994-95 & n.2 (N.D. Ill. 2007) (district court's ruling on defendants' motions to reconsider and stay).

[3] *See also Federal Trade Commission's Statement of Material Facts Not in Dispute* at ¶¶ 162-63, 266-68, 367-75 (regarding the Commission's evidence regarding product sales and revenues, which defendants failed to controvert) (Docket No. 131).