UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL TRADE COMMISSION )<br>    Plaintiff )<br>)<br>V. )<br>)<br>DIRECT MARKETING CONCEPTS, INC. )<br>*et al,*    Defendants ) | DOCKET # 1:04-cv-11136-GAO |

## MOTION TO DISMISS "RELIEF DEFENDANT" STEVEN D. RITCHEY *(UNOPPOSED)*

The Relief Defendant Steven D. Ritchey moves that the Complaint be dismissed as to him and asserts in support of this Motion the following:

1. Ritchey is sued solely as a "relief defendant. The FTC does not claim that Ritchey is liable for any wrongdoing. Opinion and Order of July 14, 2008, p. 3.

2. On October 12, 2005, Ritchey filed a Chapter 7 Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Docket No. 05035605-sr. A copy of the Pennsylvania Bankruptcy Court Docket Entries is attached as **Exhibit 1.**

3. The Federal Trade Commission was listed as a creditor in the Pennsylvania Bankruptcy Court proceeding with respect to the suit of FTC vs. DMC.. On January 26, 2006, in the Pensylvanica Bankruptcy proceeding Ritchey and the Federal Trade Commission ("FTC") entered into a Stipulation and Consent Order extending the time within which the FTC shall be allowed to file a complaint objecting to the dischargeability of any pre-petition debt owed by

Ritchey to the FTC, until February 21, 2006. The Bankruptcy Court Judge entered the Order on January 30, 2006. A copy of the Stipulation and Consent Order is attached hereto as **Exhibit 2.**

4. On February 10, 2006 Ritchey filed in this Court a Suggestion of Bankruptcy of Defendant Steven Ritchey, which was docketed as **Document No. 148.**

5. On March 31, 2006, in the Pennsylvania Bankruptcy Court proceeding counsel for Ritchie filed a Debtor's Pracipe for Entry of Discharge, affirming that the deadline for FTC to file an exception to Ritchie's discharge or an objection to his discharge had passed and no objection or exception had been filed. A copy of the Debtor's Praecipe for Entry of Discharge is attached as **Exhibit 3.**

6. On April 3, 2006, the Pennsylvania Bankruptcy Court entered an Order granting a discharge under section 727 of title 11 United States Code (the Bankruptcy Code). A copy of the Discharge of Debtor is attached hereto as **Exhibit 4**.

7. Because Ritchie has been discharged in bankruptcy after FTC was granted an extended period within which to file an objection or exception to his discharge, but did not do so, Ritchie has been discharged from any claims that FTC might otherwise assert in this action.

WHEREFORE the relief defendant Steven D. Ritchie respectfully moves that this case, and all claims asserted herein, be dismissed as to him.

By his attorney,

Joseph F. Ryan BBO# 435720
Lyne Woodworth & Evarts LLP
12 Post Office Square
Boston, MA 02109
Telephone 617/523-6655 - Telecopy 617/248-9877
E-mail: Jryan@LWELaw.com

September 11, 2008

Certificate of Compliance

Pursuant to Local Rule 7.19A(2) I conferred with counsel for the FTC and with counsel for the liability defendants, and I was advised that I could represent that the FTC and the defendants do not object to allowance of the motion.

September 11, 2008                                    Joseph F. Ryan BBO#435720

# EXHIBIT 1

CASE_CLOSED

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
### Bankruptcy Petition #: 05-35605-sr

*Assigned to:* Judge Stephen Raslavich  
Chapter 7  
Voluntary  
No asset

*Date Filed:* 10/12/2005  
*Date Terminated:* 04/11/2006  
*Date Discharged:* 04/03/2006

*Debtor*  
**Steven D. Ritchey**  
1255 Knollwood Drive  
West Chester, PA 19380  
SSN: xxx-xx-5379

represented by **JOHN FRANCIS MURPHY**

John Francis Murphy Esq.  
P.O. Box 657  
Doylestown, PA 18901  
(215) 345-7075  
Email: johnfmurphy2@verizon.net

*Trustee*  
**GLORIA M. SATRIALE**  
One McKinley Lane  
Chester Springs, PA 19425  
(610) 827-4038

*U.S. Trustee*  
**United States Trustee**  
Office of the U.S. Trustee  
833 Chestnut Street  
Suite 500  
Philadelphia, PA 19107  
(215) 597-4411

| Filing Date | # | Docket Text |
|---|---|---|
| 10/12/2005 | 1 | Chapter 7 Voluntary Petition. Fee Amount 209 Filed by Steven D. Ritchey. Government Proof of Claim Deadline: 4/10/2006. Atty Disclosure Statement due 10/27/2005. Matrix due 10/27/2005. Schedules A-J due 10/27/2005. SSN (Form B21)/Tax ID due 10/27/2005. Statement of Financial Affairs due 10/27/2005. Summary of schedules due 10/27/2005. Incomplete Filings due by 10/27/2005. (MURPHY, JOHN)***See Corrective Entry dated 10/13/2005.*** Modified on 10/13/2005 (S., Antoinette). (Entered: 10/12/2005) |
| 10/12/2005 | 2 | Notice of Appearance and Request for Notice by JAMES W. HENNESSEY Filed by JAMES W. HENNESSEY on behalf of PNC |

|            |    |                                                                                                                                                                                                                                                                                                                        |
|------------|----|------|
|            |    | BANK, NATIONAL ASOCIATION. (HENNESSEY, JAMES) (Entered: 10/12/2005) |
| 10/13/2005 |    | Receipt of Voluntary petition (Chapter 7)(05-35605) [misc,volp7a] ( 209.00) Filing Fee. Receipt number 3915388. Fee amount 209.00. (U.S. Treasury) (Entered: 10/13/2005) |
| 10/13/2005 | 3  | Order Entered that unless the missing documents: All Schedules, Summary of Schedules, Statement of Financial Affairs, Matrix and Atty. Disclosure Statement due 10/27/05 are filed within 15 days of the date of the petition, or unless a timely request for an extension time is submitted, this case may be dismissed. (R., Yvette) (Entered: 10/13/2005) |
| 10/13/2005 |    | Corrective Entry re: Terminated deadline for SSN B21 form. (related document(s)1). (S., Antoinette) (Entered: 10/13/2005) |
| 10/15/2005 | 4  | BNC Certificate of Mailing - Voluntary Petition. Number of Notices Mailed: (related document(s) (Related Doc # 3)). No. of Notices: 3. Service Date 10/15/2005. (Admin.) (Entered: 10/16/2005) |
| 10/17/2005 | 5  | Notice of Appointment of Trustee. GLORIA M. SATRIALE added to the case.. (TOLBERT, ARLENE) (Entered: 10/17/2005) |
| 10/25/2005 | 6  | Disclosure of Compensation of Attorney for Debtor in the amount of $1,500 Debtor Steven D. Ritchey, Schedules A-J, Statement of Financial Affairs, Statement of Intent., Summary of Schedules Filed by JOHN FRANCIS MURPHY on behalf of Steven D. Ritchey. (Attachments: # 1 Service List) (MURPHY, JOHN) (Entered: 10/25/2005) |
| 10/25/2005 | 7  | Matrix Filed. Number of pages filed: 2, Filed by JOHN FRANCIS MURPHY on behalf of Steven D. Ritchey. (MURPHY, JOHN) (Entered: 10/25/2005) |
| 10/25/2005 | 8  | Statement of Social Security Number Received. Filed by JOHN FRANCIS MURPHY on behalf of Steven D. Ritchey. (MURPHY, JOHN) (Entered: 10/25/2005) |
| 11/03/2005 | 9  | Meeting of Creditors . 341(a) meeting to be held on 11/29/2005 at 11:30 AM at gov - Chester County Gov't Services. Last day to oppose discharge or dischargeability is 1/28/2006. (P., Cathy) (Entered: 11/03/2005) |
| 11/11/2005 | 10 | Certificate of Service *of Notice of Continued Meeting of Creditors.* Filed by JOHN FRANCIS MURPHY on behalf of Steven D. Ritchey (related document(s)9). (Attachments: # 1 Exhibit Notice) |

| | | (MURPHY, JOHN) (Entered: 11/11/2005) |
|---|---|---|
| 11/17/2005 | 11 | Amended Notice of Meeting of Creditors . 341(a) meeting to be held on 12/19/2005 at 11:30 AM at gov - Chester County Gov't Services. Last day to oppose discharge or dischargeability is 1/28/2006. (E., Carol) Modified on 12/12/2005 (E., Carol).The notice is amended to reschedule meeting from 11/29/05 due to technical malfunction effecting noticing. See corrective entry (Entered: 11/17/2005) |
| 11/19/2005 | 12 | BNC Certificate of Mailing - Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # 11)). No. of Notices: 26. Service Date 11/19/2005. (Admin.) (Entered: 11/20/2005) |
| 11/30/2005 | 13 | Praecipe to Withdraw Proof of Claim(s): 1 Filed by PNC BANK, NATIONAL ASOCIATION. (HENNESSEY, JAMES) (Entered: 11/30/2005) |
| 12/12/2005 | | Corrective entry - Notice of meeting of creditors is amended to reschedule meeting from 11/29/05 to 12/19/05 due to technical malfunction effecting noticing (related document(s)11). (E., Carol) (Entered: 12/12/2005) |
| 12/30/2005 | 14 | First Meeting of Creditors Held *12/19/05 and concluded.* (SATRIALE, GLORIA) (Entered: 12/30/2005) |
| 12/30/2005 | | Trustee's Report of No Distribution: Trustee of this estate reports and certifies that the trustee has performed the duties required of a trustee under 11 U.S.C. 704 and has concluded that there are no assets to administer for the benefit of creditors of this estate. I have received no funds or property of the estate, and paid no monies on account of the estate. Wherefore, the trustee prays that this report be approved and the trustee be discharged from office... (SATRIALE, GLORIA) (Entered: 12/30/2005) |
| 01/26/2006 | 15 | Stipulation By Steven D. Ritchey and Between debtor and Federal Trade Commission. Filed by JOHN FRANCIS MURPHY on behalf of Steven D. Ritchey. (Attachments: # 1 Service List) (MURPHY, JOHN) (Entered: 01/26/2006) |
| 01/30/2006 | 16 | Consent Order Re: Extending Time for the Federal Trade Commission to file Complaint to Determine Dischargeability of Debt. (related document(s)15). (J., Randi) (Entered: 02/01/2006) |
| 02/03/2006 | 17 | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 16)). No. of Notices: 2. Service Date 02/03/2006. (Admin.) (Entered: 02/04/2006) |

| 03/05/2006 | 18 | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 16)). No. of Notices: 4. Service Date 03/05/2006. (Admin.) (Entered: 03/06/2006) |
| --- | --- | --- |
| 03/31/2006 | 19 | Praecipe *Debtor's Praecipe for Entry of Discharge*. Filed by JOHN FRANCIS MURPHY on behalf of Steven D. Ritchey. (Attachments: # 1 Exhibit Order on Stipulation with FTC# 2 Service List) (MURPHY, JOHN) (Entered: 03/31/2006) |
| 04/03/2006 | 20 | Order Discharging Debtor. (B., John) (Entered: 04/03/2006) |
| 04/03/2006 | 21 | Order approving Trustee's Report, discharging trustee and closing case.. (B., John) (Entered: 04/03/2006) |
| 04/05/2006 | 22 | BNC Certificate of Mailing - Order of Discharge. Number of Notices Mailed: (related document(s) (Related Doc # 20)). No. of Notices: 26. Service Date 04/05/2006. (Admin.) (Entered: 04/06/2006) |
| 04/05/2006 | 23 | BNC Certificate of Mailing -Order to Close Case. Number of Notices Mailed: (related document(s) (Related Doc # 21)). No. of Notices: 6. Service Date 04/05/2006. (Admin.) (Entered: 04/06/2006) |
| 04/11/2006 | | Bankruptcy Case Closed. (W., Desiree) (Entered: 04/11/2006) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 09/08/2008 13:05:51 | | | |
| **PACER Login:** | lw0009 | **Client Code:** | 60116.000 |
| **Description:** | Docket Report | **Search Criteria:** | 05-35605-sr Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                   )    Chapter 7
                                         )
STEVEN D. RITCHEY,                       )    Case No.: 05-35605-sr
                                         )
            Debtor.                      )
                                         )

STIPULATION AND CONSENT ORDER
EXTENDING TIME FOR THE FEDERAL TRADE COMMISSION
TO FILE COMPLAINT
TO DETERMINE DISCHARGEABILITY OF DEBT

Subject to the approval of the Court, the Federal Trade Commission ("FTC" or "Commission") and Steven D. Ritchey, the debtor herein (the "Debtor"), through their respective undersigned counsel, hereby stipulate and agree as follows:

RECITALS

WHEREAS, on or about October 12, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Code, thereby commencing this case;

WHEREAS, prior to the Petition Date, on or about April 20, 2005, the FTC filed an amended complaint against the Debtor and other defendants in an action currently pending in the United States District Court for the District of Massachusetts (the "District Court") styled *FTC v. Direct Marketing Concepts, Inc., et al.* Civil No. 1:04-cv-11136-GAO (D. Mass. 2004);

WHEREAS, pursuant to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, January 28, 2006 is the deadline by which creditors must file a complaint to determine the dischargeability of certain debts (the "Deadline"); and

WHEREAS, the Debtor and the FTC have agreed to extend the Deadline for the FTC to

file a complaint to determine the dischargeability of debt up to and including February 21, 2006.

NOW, THEREFORE, in consideration of the foregoing, the FTC and the Debtor hereby stipulate and agree as follows:

1.  The time within which the FTC shall be allowed to file a complaint objecting to the dischargeability of any pre-petition debt owed by the Debtor to the FTC is hereby extended up to and including February 21, 2006.

SEEN AND AGREED this 26th day of January, 2006.

s/ John Francis Murphy
John Francis Murphy
John Francis Murphy Esq.
P.O. Box 657
Doylestown, PA 18901
(215) 345-7075
Email: murphy@doylestown.biz

(Counsel for the Debtor)

s/ Julie A. Mack
Julie A. Mack
Counsel for Bankruptcy and Redress
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone: (202) 326-2312
Facsimile: (202) 326-3392
Email: jmack@ftc.gov
(Counsel for the Federal Trade Commission)

SO ORDERED this 30TH day of JAN, 2006, by the United States Bankruptcy Court for the Eastern District of Pennsylvania.

STEPHEN RASLAVICH
UNITED STATES BANKRUPTCY JUDGE

Copies of this Order should be sent to:

Julie A. Mack
Counsel for Bankruptcy and Redress
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580

2

Steven D. Ritchey
1255 Knollwood Drive
West Chester, PA 19380

John Francis Murphy, Esquire
P.O. Box 657
Doylestown, PA 18901

Frederic J. Baker
Senior Assistant U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Gloria M. Satriale
One McKinley Lane
Chester Springs, PA 19425

3

# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 7 |
| STEVEN D. RITCHEY : | BKY. NO. 05-35605 |
| : | |
| Address: : | |
| 1255 Knollwood Drive : | |
| West Chester, PA 19380 : | |
| : | |
| Last Four Digits of Social : | |
|     Security Numbers: : | |
| xxx-xx-5379 : | |

### DEBTOR'S PRAECIPE FOR ENTRY OF DISCHARGE

By this praecipe, the debtor, through his counsel, hereby requests that the court enter a discharge.

The meeting of creditors was held on December 19, 2005, and the trustee filed her final report on December 30, 2005. The debtor and the FTC entered into a stipulation to extend the deadline to file an exception to discharge or an objection to discharge to February 21, 2006, and said stipulation was approved by the court. A copy of the stipulation is appended. The deadline to file objections to discharge and exceptions to discharge has passed with no objections or exceptions filed.

RESPECTFULLY SUBMITTED,

/s/ John Francis Murphy, Esq.

JOHN FRANCIS MURPHY, ESQ.
P.O. Box 657
Doylestown, PA 18901
(215) 345-7075
(215) 345-9163 (fax)
murphy@doylestown.biz

# EXHIBIT 4

Form B18 (Official Form 18)(12/03)

# United States Bankruptcy Court

Eastern District of Pennsylvania
Case No. 05-35605-sr
**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):
Steven D. Ritchey
1255 Knollwood Drive
West Chester, PA 19380

Social Security No.:
xxx-xx-5379

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 4/3/2006

Stephen Raslavich
Judge, United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (7/97)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are **not** discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**