## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-CV-11136-GAO |
| DIRECT MARKETING CONCEPTS, INC., et al., | ) |
| Defendants. | ) |

### DMC/ITV DEFENDANTS' TRIAL BRIEF

The Defendants Direct Marketing Concepts, Inc. ("DMC"), ITV Direct, Inc. ("ITV"),

Donald Barrett and Robert Maihos (collectively, the "DMC/ITV Defendants") submit this trial

brief pursuant to Local Rule 16.5(F) of the United States District Court for the District of

Massachusetts to address the issues to be decided by this Court during the trial of this matter.

## I.       INTRODUCTION

By agreement of the parties, they appear to have narrowed the issues to be tried in this

case to the scope of non-monetary relief to be ordered by the Court, and the appropriate

monetary remedy, if any, to be awarded.  The two substantive liability issues left open after

summary judgment, namely whether the format of the Supreme Greens show was misleading,

and whether the DMC/ITV Defendants engaged in deceptive sales practices, have now been

resolved by the parties, with an agreement that the Court need not make findings on these issues.

Instead, the DMC/ITV Defendants have agreed to waive findings on these issues in exchange for

agreed language to be included in any permanent injunction to be ordered by the Court.  This

language is consistent with the Preliminary Injunction previously entered by the Court with

respect to these two substantive liability issues.

## II.      LEGAL ISSUES TO BE TRIED

In light of the above agreement, the sole issue to be tried in this case is the appropriate relief to be assessed against these Defendants.  This relief has two components, the monetary relief to be awarded, if any, and the non-monetary aspects of a permanent injunction.  In connection with the monetary component, the DMC/ITV Defendants' evidence will show that the majority of the proceeds sought by the FTC as a restitution were never received by the Defendants and therefore cannot form part of any monetary relief to be assessed against them.  The evidence will also show that the FTC cannot meet its burden of establishing the amount of proceeds that came from the advertising found deceptive, as opposed to proceeds that came from advertising that the FTC has not demonstrated was deceptive, that were transmitted to the DMC/ITV Defendants.  In addition, the evidence will show that the current financial condition of the DMC/ITV Defendants does not warrant the monetary remedy sought by the FTC.  Further, the evidence will establish that the injunctive relief sought by the FTC goes well beyond what is required to address the historical violations by the Defendants.

### A.      The Evidence At Trial Will Not Support The Broad Restitution Award Sought By The FTC.

This Court, sitting in equity, has wide discretion to determine an appropriate remedy in this case.  *See FTC v. Evans Products Co.*, 775 F.2d 1084 (9th Cir. 1985) (district court has discretion in determining remedy); *SEC v. Lorin*, 76 F.3d 458, 462 (2d Cir. 1996) (district court "must be given wide latitude in these matters"); *FTC v. Crescent Pub. Group, Inc.*, 129 F. Supp. 2d 311, 326 (S.D.N.Y. 2001) ("the Court should not grant relief beyond what is needed.").  Any relief ordered by this Court, however, must have a "reasonable relation to the unlawful practices found to exist." *Standard Oil Co.*, 577 F.2d at 662 (*citing FTC v. Colgate Palmolive Co.*, 380 U.S. 374, 394-5 (1965)).  *See FTC v. Gem Merchandising Corporation*, 87 F.3d 466, 467(11th

Cir. 1996) (rejecting the FTC's request for a $10 million blanket restitution order, instead fashioning an alternative remedial order tailored to the facts of that case); *Hannahs v. New York State Retirement Sys.*, 656 F. Supp. 387, 392 (S.D.N.Y. 1987) (equity properly considers effects of its decree and the underlying circumstances on third parties, whether represented in the litigation or not).  Two such remedies are restitution and disgorgement.  Here, the FTC is seeking a broad restitutional remedy of $56,231,958 against the DMC/ITV Defendants from Coral Calcium and Supreme Greens sales.

Restitution is based on unjust payments, not just overall payments to a defendant.  *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 68 (2d Cir. 2006).  In addition, "unless a statute provides otherwise, restitution, being an equitable remedy, generally includes a consideration of the defendant's ability to pay."  *FTC v. Seismic Entertainment Prods., Inc.*, 441 F. Supp. 2d 349, 353 (D.N.H. 2006) (citing *United States v. Rostoff*, 164 F.3d 63, 71-72 (1st Cir. 1999)).[1]  *See also U.S. v. Prochnow,* 2007 WL 3082139 (11th Cir. 2007) (unpublished decision) (where an FTC order or consent decree has been violated, court may consider a defendant's ability to pay in determining the amount of civil penalty to award); *SEC v. Custable*, 1996 WL 745372, * 4 (N.D. Ill. Dec. 26, 1996) (the ability of defendants to pay a civil penalty is a relevant factor in the court's determination regarding the civil penalty).  Likewise, in its discretion the Court may consider other factors along with the ability to pay in determining whether a broad restitution award is warranted, as opposed to some other narrower form of equitable relief such as

---

[1] In *Seismic Entertainment Products*, as in this case, the FTC argued that a defendant's ability to pay is not a factor that the court should consider in determining the amount of restitution to be awarded. *Id.,* at 353.  In rejecting this argument, the court noted that the FTC itself considers a defendant's ability to pay restitution when entering into settlements with defendants. *Id.,* (*citing FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1198 (10th Cir. 2005)).  In addition, "a defendant's ability to pay is a required factor in determining an appropriate penalty under 15 U.S.C. § 45(m)(1)(C)." *Id.*  According to the court, "unless a statute provides otherwise, restitution, being an equitable remedy, generally includes a consideration of the defendant's ability to pay." *Id.* (*citing United Slates v. Rostoff*, 164 F.3d 63, 71 -72 (1st Cir. 1999) (district court properly considered defendants' ability to pay in determining restitution obligations in action under FDCPA).

disgorgement.[2]  *See FTC v. Wetherell*, 1993 WL 264557, at *5 (C.D. Cal. June 10, 1993)

(finding that because value was received by defendants in connection with products,

disgorgement as opposed to restitution was warranted); *FTC v. Gem Merchandising Corp.*, 87

F.3d 466, 470 (11th Cir. 1996) (a court may order disgorgement of a defendant's "unjust

enrichment" when it is not possible to reimburse consumers).

Even where the ability to pay is not an issue, as it is here, the Eleventh Circuit Court of

Appeals recently held, *citing FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 66-68 (2d Cir, 2006), that

the proper measure of restitution is limited to the gains received by each defendant, "absent

consideration of the plaintiffs' losses." *CFTC v. Wilshire Investment Mgt. Corp.*, 531 F.3d 1339,

1345 Cir. 2008) (*quoting Waldrop v. Southern Co. Servs., Inc.*, 24 F.3d 152, 158 (Il Cir. 1994)).

*See Verity Int'l.*, 443 F.3d at 67 ("Labeling the remedy 'consumer redress' or 'disgorgement,'

each a restitutionary remedy, does not alter the basic principle that restitution is measured by the

defendant's gain").  Moreover, it is the *FTC's* burden to demonstrate these gains with competent

evidence, which it will be unable to establish in this case.  *See Verity Int'l.*, 443 F.3d at 69-70

---

[2]   Because the FTC has not limited the remedy it is seeking in this case to disgorgement of the profits actually received by each defendant and traceable to the alleged violations, the current financial condition of each of the DMC/ITV Defendants remains relevant to the issue of whether the broad restitution order sought by the FTC or some other narrower remedy is warranted.  As noted in the DMC/ITV Defendants' prior briefing, in support of its argument that the defendants' current financial condition should not be considered, the FTC relies on *SEC v. Druffner*, 517 F. Supp. 2d 502 (D. Mass. 2007), *aff'd* – F.3d. –, 2008 WL 4615797 (1st Cir. Oct. 20, 2008) and the cases cited therein.  These case, however, speak only to the remedy of disgorgement, which is a narrower remedy limited to the recovery of the funds unjustly received by each defendant and traceable to the alleged wrongful conduct.  *See SEC v. McCaskey*, 2002 WL 850001, at *4 (S.D.N.Y. Mar. 26, 2002) ("The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged."); *SEC v. Happ*, 295 F. Supp. 2d 189, 198 (D. Mass. 2003) (disgorgement "may not be punitive").  In *Druffner*, for example, the SEC sought only those amounts representing the net commissions actually received by the individual defendant that were "causally connected" to the violation.  517 F.Supp.2d at 512.  *See, e.g., SEC v. Maxxon, Inc.*, 465 F.3d 1174, 1179 (10th Cir. 2006) ("defendant is not required to disgorge profits not causally connected to the violation") (citing *SEC v. MacDonald*, 699 F.2d 47, 52-55 (1st Cir. 1983) (disgorgement was appropriate only as to the profits made prior to the time insider information was made public)).  There is a distinction between the broad order of restitution the FTC is seeking and a narrower assessment of disgorgement of the actual "unjust enrichment" received by each defendant that is causally connected to the alleged wrongdoing.

(vacating district court's monetary award that "required no precision even though precision could be had" in light of the "FTC's investigatory power").[3]

Here, the Court is well within its equitable discretion to hear evidence at trial concerning the current financial condition of the DMC/ITV Defendants in determining whether the broad restitution order sought by the FTC is appropriate.[4]   The DMC/ITV Defendants' evidence will show that the FTC is not entitled to the monetary award it seeks.  First, certain of the FTC's evidence to support its approximation of the revenues earned on the subject infomercials is not competent and cannot be considered by the Court, such as certain Triad records that are inadmissible as they were not created in the ordinary course of business, but were created for the purposes of litigation.  (*See* FTC's Trial Exhibits 185 and 85).

Second, the evidence will show that assessing a $50 million judgment jointly and severally against each of the DMC/ITV Defendants is not warranted, particularly in light of their current financial condition and the settlements reached with the other defendants in this case, which have been stipulated by the FTC.  Such a monetary award would bear no relation to the income or profits actually received by each of the DMC/ITV Defendants from the infomercials found to be deceptive, as opposed to infomercials and other business activities that have never been challenged by the FTC.  This evidence will include testimony by both Mr. Barrett and Mr. Maihos concerning their current assets and liabilities, as well as exhibits reflecting the income

---

[3]   *See also FTC v. Medical Billers Network, Inc.*, 543 F. Supp. 2d 283, 324-25 (S.D.N.Y. 2008) (finding that the FTC failed to provide a reasonable approximation of the defendants' unjust gains from certain periods); *FTC v. Oks*, 2007 WL 3307009, at *6 (N.D. Ill. 2007) ("The FTC must clarify which amount it seeks (for what time period) and specify precisely how that amount is calculated with proper evidentiary support for that specific time period"); (*FTC v. American Metals Exchange Corp.*, 991 F.2d 71, 77 (3d Cir. 1993) (government bears burden of proving amounts of unjust gains to each defendant).

[4]   As was the case in *Seismic*, the FTC has sought, and the defendants have provided, sworn information about their assets and financial situation.  Thus, any argument that allowing this evidence will somehow require additional discovery by the FTC is without merit.

they received from the subject infomercials.  In addition, the evidence will show that ITV has essentially been defunct and inactive for the last few years, and that DMC has not earned a net profit of more than $75,000 in the past three years.  For example, the evidence will establish that DMC earned $44,763 in net income in 2006, $71,244 in net income in 2007, and a net loss of $439,671.27 during the first six months of 2008.  (*See* DMC's Financial Statements for 2006, 2007, and ending June 30, 2008, DMC/ITV Defendants' proposed Trial Exhibits 44, 45, and 46.) The DMC/ITV Defendants clearly have no ability to pay the broad restitution award sought by the FTC.[5]

As recognized in the *Seismic* case, evidence of a defendant's ability to pay is considered by the FTC in reaching settled orders with such defendants, including reaching settlements with other defendants in this case. *Seismic Entertainment Prods., Inc.*, 441 F. Supp. 2d at 353.  As the FTC admitted in their brief, in 2005 the FTC entered into settlements with several other defendants in this case who were involved in the marketing of Supreme Greens, which included Alejandro Guerrero and his companies for $23,500 (from the sale of Guerrero's Cadillac Escalade), Michael Howell for $5000, and Greg Geremesz for $10,000.  (FTC's Trial Ex. 86-88). Where the FTC considered the ability of these defendants to pay a final settlement order in this case, this Court sitting in equity can clearly consider the DMC/ITV Defendants' ability to pay a restitution award.[6]

---

[5] Likewise, because the award of prejudgment interest is within the sound discretion of the court, the Court may consider the defendants' financial condition in connection with that determination.

[6]  In addition, in the parallel Coral Calcium case pending in the U.S. District Court for the Northern District of Illinois, the FTC settled with Robert Barefoot for $0.00 and settled with Defendant Kevin Trudeau for $2 million.

**B.**     <u>The FTC's Proposed Order On Non-Monetary Relief Is Overbroad.</u>

In its prior summary judgment decision, this Court noted that the FTC was seeking a permanent injunction "banning outright" the dissemination of either the Coral Calcium or Supreme Greens infomercials. *FTC v. Direct Marketing Concepts, Inc.*, -- F. Supp. 2d --, 2008 WL 2757066, at *16 (July 14, 2008). Rejecting this request, the Court held that "a state 'may not place an absolute prohibition on certain types of *potentially* misleading information … if the information also may be presented in a way that is not deceptive.'" *Id.* (quoting *Wine & Spirits Retailers, Inc. v. Rhode Island*, 481 F.3d 1, 8 (1st Cir. 2007)). Critically, in reaching this conclusion, the Court noted that "in moving for summary judgment, the FTC has chosen to proceed on the basis that the defendants lacked a reasonable basis for asserting that the claims made were true, not that they were actually misleading or false." *Id.* As such, any aspects of the FTC's proposed injunctive order that would ban outright certain forms speech must be rejected.

Where constitutional freedom of speech considerations are involved, less restrictive measures must be considered. "First Amendment considerations dictate that the Commission exercise restraint in formulating remedial orders which may amount to a prior restraint on protected commercial speech." *Standard Oil Co. of California v FTC*, 577 F.2d 653, 662 (9th Cir. 1978). As this Court previously held, "in the regulation of speech in other contexts, courts have fashioned other remedies that are adequate to reduce or eliminate any tendency of the infomercials to mislead, such as more frequent and more prominent disclaimers and qualifiers." *FTC v. Direct Marketing Concepts, Inc.*, -- F. Supp. 2d --, 2008 WL 2757066, at *16 (July 14, 2008) (*citing 44 Liquormart, Inc. v. Rhode Island,* 517 U.S. 484 (1996) and *Rubin v. Coors Bren'ing Co*., 514 U.S. 476, 490-91 (1995)). *See also Pearson v. Shalada*, 164 F.3d 650, 657-58

(D.D.C. 1999) (rejecting FDA's outright ban regarding health claims in advertising and labeling in favor of disclaimers).

The FTC's proposed order in this case pays little mind to the First Amendment and is not tailored to claims actually brought and the arguments made by the FTC on summary judgment. *FTC v. Evans Products Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985) (injunctive relief should be narrowly tailored).  Ignoring that it failed to prove that the subject infomercials were actually misleading, the FTC now seeks a broad injunctive order banning certain representations outright in connection with the subject shows, as well as shows promoting a wide range of other "dietary supplements" that are far removed from the products at issue in this case.  *See Standard Oil Co.*, 577 F.2d at 663.  For example, despite utilizing the definition "substantially similar" to describe the products covered by the proposed order, the FTC then seeks to define that term as any product that contains even one common ingredient with Supreme Greens.  This definition would render nugatory the word "substantially."  Consistent with the Court's prior decision, the DMC/ITV Defendants contend that any such order should be more narrowly tailored to address the products and advertising actually found deceptive.  Similarly, the DMC/ITV Defendants believe that any final order should clearly provide that a "misrepresentation" in violation of the order in connection with claims about dietary supplements can only occur if the claims made are not substantiated.  *See FTC v. Direct Marketing Concepts, Inc.*, 2008 WL 2757066, at *8 ("the necessary level of prior substantiation varies depending on the nature of the representation").

In addition to the overbreadth of the substantive injunctive provisions proposed by the FTC, many of the post-judgment monitoring and notice provisions are incredibly broad.  For example, the FTC proposed order requires the DMC/ITV Defendants to report to the FTC any changes in their employment, addresses and phone numbers for periods as long as five years, and

record retention provisions as long as eight years.  The FTC has provided no basis for seeking

these provisions from the Court and they are not tailored to the violations that have occurred.

The DMC/ITV Defendants have already been living under a preliminary injunction for over four

years that has required them to maintain records and produce financial information to the FTC.

The FTC's post-judgment remedial provisions concerning monitoring and notice should be

narrowed to shorter periods.

    In short, the evidence will show that the remedies sought by the FTC are excessive, do

not take into account the prior decision of this Court on Summary Judgment, and are not

supported by competent admissible evidence.

<div style="margin-left: 40%">

DIRECT MARKETING CONCEPTS, INC., ITV
DIRECT, INC., DONALD BARRETT and
ROBERT MAIHOS

By their attorney(s),

 /s/ Christopher F. Robertson
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:     (617) 946-4801

</div>

Dated:  November 13, 2008


<div style="text-align: center">

CERTIFICATE OF SERVICE

</div>

    I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on November 13,
2008.

<div style="margin-left: 40%">

/s/ Christopher F. Robertson
Christopher F. Robertson

</div>