UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11136-GAO

FEDERAL TRADE COMMISSION,
Plaintiff,

vs.

DIRECT MARKETING CONCEPTS, INC., d/b/a TODAY'S HEALTH and DIRECT
FULFILLMENT, ITV DIRECT, INC., d/b/a DIRECT FULFILLMENT, DONALD W.
BARRETT, TRIAD ML MARKETING, INC., KING MEDIA, INC., ALLEN STERN,
LISA STERN, and BP INTERNATIONAL, INC.,
Defendants.

**FINAL ORDER AND JUDGMENT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF AGAINST DEFENDANTS DIRECT MARKETING CONCEPTS,
INC., ITV DIRECT, INC., DONALD W. BARRETT, AND ROBERT MAIHOS**

Pursuant to the Orders of the Court dated July 14, 2008 (dkt. no. 187) and August 13,

2009 (dkt. no. 256),

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

1. "Individual Defendants" means Donald W. Barrett and Robert Maihos.

2. "Corporate Defendants" means Direct Marketing Concepts, Inc., ITV Direct, Inc.,

and their successors and assigns.

3. "Defendants" means all of the Individual Defendants and the Corporate

Defendants, individually, collectively, or in any combination.

4. "Advertising" shall mean any written or verbal statement, illustration or depiction

that is designed to effect a sale or create interest in the purchasing of goods or services, whether

it appears in a brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert,

free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, packaging, package insert, label, film, slide, radio, television or cable television, audio program transmitted over a telephone system, program-length commercial ("infomercial"), the Internet, email, video news release, press release, or in any other medium.

5.      "Assets" shall mean any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and all cash, wherever located.

6.      "Assisting others" shall mean knowingly providing any of the following services to any person or entity: (a) performing customer service functions for any person or entity, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other advertising or marketing material for any person or entity; or (c) performing advertising, marketing or consulting services of any kind for any person or entity.

7.      "Commerce" shall have the meaning set forth in Section 4 of the FTC Act, 15 U.S.C. § 44.

8.      "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

9.      "Continuity program" shall mean any plan, arrangement, or system pursuant to which a consumer receives periodic shipments of products without prior notification by the seller

before each shipment or service period, regardless of any trial or approval period allowing the consumer to return or be reimbursed for the product.

10.    "Covered product" shall mean any food, drug, dietary supplement, cosmetic, or device, including but not limited to Coral Calcium Daily, Supreme Greens with MSM, or any substantially similar product.

11.    "Distributor, Affiliate, or Reseller" shall mean any person other than the Defendants who: (a) sells any covered product through, in accordance with, on behalf of, or by permission of the Defendants; or (b) refers the names of prospective customers to the Defendants and receives compensation as a result of the Defendants' sale of any covered product to such customers.

12.    "Endorsement" shall have the meaning set forth in 16 C.F.R. § 255.0(b).

13.    "Food" and "drug" shall have the meaning set forth in Section 15 of the FTC Act, 15 U.S.C. § 55.

14.    "FTC" or "Commission" shall mean the Federal Trade Commission.

15.    "Misrepresentation" shall exclude a claim that is supported by competent and reliable scientific evidence as that term is defined herein.

16.    "Person" or "persons" shall mean all natural persons, corporations, partnerships, or other business associations and all other legal entities, including all members, officers, predecessors, assigns, divisions, affiliates and subsidiaries.

17.    "Substantially similar product" shall mean any dietary supplement that: (a) is marketed or titled as a "greens" or "cal" or "calcium" product, or as a product containing methylsulfonylmethane (MSM); or (b) contains (i) calcium; (ii) methylsulfonylmethane (MSM); or (iii) vegetables or grasses (or parts or derivatives thereof).

3

18.     The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

19.     The term "including" in this Order shall mean "including without limitation."

## PROHIBITED BUSINESS ACTIVITIES

## I.

**IT IS HEREBY ORDERED** that the Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Coral Calcium Daily or any substantially similar product, in or affecting commerce, are hereby enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, including through the use of endorsements or the product name, that:

A. Such product is an effective treatment or cure for cancer, autoimmune diseases (including multiple sclerosis and lupus), Parkinson's disease, or heart disease;

B. The body absorbs 100 percent of the calcium contained in such product;

C. The body absorbs significantly more of the calcium contained in such product than it does the calcium in other commonly available calcium products, or does so at a rate significantly faster than it absorbs the calcium contained in those other calcium products; or

D. Scientific research published in the Journal of the American Medical Association and the New England Journal of Medicine proves that calcium supplements are able to reverse or cure cancer in humans.

## II.

**IT IS FURTHER ORDERED** that the Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Supreme Greens with MSM or any substantially similar product, in or affecting commerce, are hereby enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, including through the use of endorsements or the product name, that such product:

A.      Is an effective treatment, cure, or preventative for cancer, heart disease, diabetes, or arthritis;

B.      Will cause significant weight loss of up to 4 pounds per week and up to 80 pounds in 8 months; or

C.      Can be taken safely by pregnant women, children as young as one year old, and any persons taking any type of medication.

## III.

**IT IS FURTHER ORDERED** that the Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, in or affecting commerce, are hereby permanently enjoined from making,

or assisting others in making, any representation, in any manner, expressly or by implication, including through the use of endorsements or the product name, about the health benefits, performance, or efficacy, of that product unless the representation is true, non-misleading, and, at the time the representation is made, the Defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## MISREPRESENTATION OF TESTS OR STUDIES

### IV.

**IT IS FURTHER ORDERED** that the Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, in or affecting commerce, are hereby permanently enjoined from misrepresenting, or assisting others in misrepresenting, in any manner, expressly or by implication, the existence, contents, validity, results, conclusions, or interpretations of any test or study.

## FDA APPROVED CLAIMS

### V.

**IT IS FURTHER ORDERED** that:

A.      Nothing in this order shall prohibit the Defendants from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990 or the Dietary Supplement Health and Education Act of 1994; and

B.      Nothing in this order shall prohibit the Defendants from making any representation for any drug that is permitted in the labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration.

## FORMATTING FOR BROADCAST ADVERTISING

## VI.

**IT IS FURTHER ORDERED** that the Defendants, directly or through any corporation, subsidiary, division, or other device, in connection with the labeling, advertising, promotion, offering for sale, sale, or distribution of any product, program, or service, in or affecting commerce, do forthwith cease and desist from creating, producing, selling, or disseminating:

A.      Any advertisement that misrepresents, expressly or by implication, that it is not a paid advertisement; and

B.      Any commercial or other video advertisement fifteen (15) minutes in length or longer or intended to fill a broadcasting or cablecasting time slot of fifteen (15) minutes in length or longer that does not display visually in the same language as the predominant language that is used in the advertisement, in a clear and prominent manner, and for a length of time sufficient for an ordinary consumer to read, within the first thirty (30) seconds of the commercial and immediately before each presentation of ordering instructions for the product or service, the following disclosure:

"THE PROGRAM YOU ARE WATCHING IS A PAID ADVERTISEMENT

FOR [THE PRODUCT, PROGRAM, OR SERVICE]."

Provided that, for the purposes of this provision, the oral or visual presentation of a telephone number or address through which viewers may obtain more information or place an

order for the product, program, or service shall be deemed a presentation of ordering instructions so as to require the display of the disclosure provided herein; and

C.      Any radio advertisement fifteen (15) minutes in length or longer or intended to fill a time slot of fifteen (15) minutes in length or longer that does not state in the same language as the predominant language that is used in the advertisement, in a clear and prominent manner, and in a volume and cadence sufficient for an ordinary consumer to hear, within the first thirty (30) seconds of the commercial and immediately before each presentation of ordering instructions for the product, program, or service, the following disclosure:

"THE PROGRAM YOU ARE LISTENING TO IS A PAID ADVERTISEMENT FOR [THE PRODUCT, PROGRAM, OR SERVICE]."

Provided that, for the purposes of this provision, the presentation of a telephone number or address through which listeners may obtain more information or place an order for the product, program, or service shall be deemed a presentation of ordering instructions so as to require the stating of the disclosure provided herein.

## CONTINUITY PROGRAM

## VII.

**IT IS FURTHER ORDERED** that:

A.      The Defendants, directly or through any corporation, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert with them who receive actual notice of this Order by personal service or otherwise, including by facsimile, in connection with the manufacturing, labeling, promotion, offering for sale, sale, or distribution of any product, program, or service, in or affecting commerce, are hereby enjoined from:

1.      Selling or distributing or causing to be sold or distributed products programs, or services, by means of a Continuity Program without first obtaining the express, informed consent of consumers to participate in that program before the first shipment is made; *Provided*, that the consumer's consent will be deemed to be informed for the purpose of this Section VII only if the Defendants clearly and conspicuously disclose, before the consumer consents to any purchase, all material terms and conditions of the Continuity Program, including but not limited to:

a.   the fact that periodic shipments will occur without further action by the consumer, and that the consumer will automatically be billed or, if the consumer is using a credit or debit card, that the card will automatically be charged for each periodic shipment without further action by the consumer;

b.   a description of each good or type of good to be included in each shipment;

c.   the approximate interval between each shipment;

d.   a description of the billing procedure to be employed, including the total cost to be charged to the consumer's credit or debit card, or otherwise billed to the consumer, for each shipment;

e.   the minimum number of purchases required under the program, if any;

f.   all material terms and conditions of a guarantee, refund, or return policy if any representation is made about such a policy, or, if the

Defendants have a policy of not making refunds or accepting returns, a statement that this is the policy of the Defendants; and

g. a description of the terms and conditions under which, and the procedures by which, a consumer may cancel further shipments, as set forth in Section VII.B below.

*Provided further*, that the consumer's consent will be deemed to be express for the purpose of this Section VII only if the Defendants obtained the informed consent in a manner which clearly evidences that the consumer is consenting to the terms of the Continuity Program.

2.      Making any representation, in any manner, expressly or by implication, that consumers owe money for Continuity Program merchandise shipped to consumers, unless the Defendants have obtained consumers' express, informed consent to receive and pay for the merchandise.

3.      Charging any consumer's credit or debit card unless the Defendants have obtained the consumer's express, informed consent to receive and pay for the merchandise.

B.      The Defendants shall convey the terms and conditions of the Continuity Program to the consumer in the following manner:

1.      For any solicitation initiated or completed by telephone, the terms and conditions set forth in Section VII.A above shall be disclosed during that conversation in clear and understandable language;

2.      For any solicitation by a print advertisement, direct mail, electronic mail, or by the Internet, the terms and conditions set forth in Section VII.A above shall be

disclosed in a clear and prominent manner in close proximity to the ordering instructions, *provided that*, if the advertisement or mailing contains an order form or coupon on a separate page or document from the advertising material, then (a) the disclosure shall be made in the advertising materials, and (b) the order form or coupon shall clearly and conspicuously direct the consumer back to the disclosure in the advertising materials.

3.      The Defendants shall provide, in conjunction with each shipment made pursuant to any Continuity Program, a clear and conspicuous description of the terms and conditions under which, and the procedures by which, the consumer may cancel future shipments. Such description shall include either a toll-free telephone number the consumer may call or a postage-paid mailing the consumer may return to notify the Defendants of the consumer's cancellation of further shipments. *Provided, however*, that for purposes of this Section, if cancellation is by mail, the Defendants shall be deemed to be notified three business days after the date on which the consumer mails the postage-paid mailing or other communication canceling further shipments.

4.      The Defendants shall not knowingly ship any product, program, or service to, or mail any bill or dunning communication to, or bill the credit or debit card of any consumer who, having once subscribed to a Continuity Program and having fulfilled any minimum purchase requirement to which the consumer has given express informed consent, notifies the Defendants by the means described in this Section VII, or by any other reasonable means, of the consumer's cancellation of further shipments.

C.      Where the Defendants have not obtained consumers' express informed consent to receive and pay for merchandise, they shall not represent that, in order to obtain a refund or credit, consumers must return any products that were shipped to them.

**CONSUMER REDRESS AND OTHER EQUITABLE RELIEF**

**VIII.**

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of $48,220,499.12, plus post-judgment interest calculated at the statutory rate, is hereby entered in favor of the Commission and against the Defendants, jointly and severally, for consumer redress representing the following:

      1.      $33,575,562.88 derived from sales of Coral Calcium Daily; and

      2.      $14,644,936.24 derived from sales of Supreme Greens with MSM.

B.      All payments shall be made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in accord with instructions provided by the Commission.

C.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.

D.      Within fourteen (14) days after entry of this Order, the Defendants shall provide a customer list to the Commission containing:

      1.      the name, address, email address, phone number and any other contact information for, and the number and cost of coral calcium products purchased by, each consumer who purchased a coral calcium product from the Defendants or from defendants Triad ML Marketing, Inc. or King Media, Inc. from January 1, 2002 through July 31, 2003 (excluding those purchasers who purchased at retail); and

2.      the name, address, email address, phone number and any other contact information for, and the number and cost of Supreme Greens with MSM products purchased by, each consumer who purchased Supreme Greens with MSM from the Defendants from August 1, 2003 through June 30, 2004 (excluding those purchasers who purchased at retail).

This customer list shall be provided in the form of a searchable electronic document formatted in Word, Word Perfect, Excel, or Access, and supplied on CD-R74 CD-ROM readable disks formatted to ISO 9660 specifications (650 MB capacity).

E.      In the event that the Commission in its sole discretion determines that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Amended Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. The Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph or the manner of distribution chosen by the Commission. No portion of any payments under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

F.      In accordance with 31 U.S.C. § 7701, the Defendants are hereby required, unless they have done so already, to furnish to the Commission their respective taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of the Defendants' relationship with the government.

## ASSET FREEZE

## IX.

**IT IS FURTHER ORDERED** that the Defendants, and their officers, directors, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, including by facsimile, are hereby enjoined from:

A.      Selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds, real or personal property, intellectual property or other assets or any interest therein, wherever located, including any assets outside the territorial United States, that are:

1.      owned or controlled by any Defendant in whole or in part; or

2.      in the actual or constructive possession of any Defendant; or

3.      owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of any Defendant or any corporation, partnership, trust or other entity directly or indirectly owned, managed or controlled by any Defendant;

B.      Opening or causing to be opened any safe deposit boxed titled in the name of any Defendant, or subject to access by any Defendant;

C.      Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of any Defendant, or any corporation, partnership or other entity directly or indirectly owned, managed, or controlled by any Defendant;

D.      Transferring any funds or other assets subject to this Order except for reasonable living expenses and ordinary and customary business expenses from accounts or other assets identified by prior written notice to the Commission; provided that no living expenses, or

ordinary and customary business expenses, other than those set forth in Section IX.E below, and only in accordance with the procedures set forth in Section IX.E below, shall be paid from funds or other assets subject to this Order until the accounting required by Section X, below, are provided to counsel for the Commission.

E.      Notwithstanding the above, any Defendant may pay from their funds reasonable and necessary living expenses and attorneys' fees, not to exceed $5,000, prior to the submission of the accounting required by Section X, below. No such expenses, however, shall be paid from funds subject to this Order except, directly or indirectly, from an account designated by prior written notice to counsel for the Commission.

**IT IS FURTHER ORDERED THAT** the funds, property and assets affected by this section shall include both existing assets and assets acquired after the effective date of this Order, including without limitation, those acquired by loan or gift. The Defendants, and any third party holding assets for the benefit of any Defendant (including but not limited to anyone related to Donald Barrett or Robert Maihos by marriage or otherwise), shall hold all assets, including without limitation, payments, loans, and gifts received after having received notice of this Order by personal service or otherwise, including by facsimile.

## ACCOUNTING

## X.

**IT IS FURTHER ORDERED** that the Defendants shall, within fourteen (14) days of entry of this Order, provide the Commission with an up-to-date accounting of all assets held, controlled, or maintained by, on behalf of, or for the benefit of, in whole or in party, any Defendant. Such accounting shall include a list of all such assets and their value, and shall include but not be limited to a list of all cash, bank accounts, money market accounts, securities,

and deferred income arrangements (such as 401(k) plans and IRAs). Such listing also shall indicate the nature of the Defendant's interest, the ownership structure of each asset (e.g., whether such asset is owned jointly) and the name and contact information of any other person or entity that has or asserts an interest in such asset. The Defendants shall swear to the truthfulness of the accounting under penalty of perjury.

## DISCOVERY

## XI.

**IT IS FURTHER ORDERED** that fourteen (14) days after entry of this Order, the Commission, in accordance with Rule 69 of the Federal Rules of Civil Procedure, many conduct discovery in the manner provided by the Federal Rules of Civil Procedure, or in the manner provided by the practice of the state of Massachusetts, in aid of this judgment and execution thereof. Such permissible discovery includes, but is not limited to, the deposition of any Defendant or employee thereof.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

## XII.

**IT IS FURTHER ORDERED** that each Defendant, within seven (7) business days after receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement in the form shown on Exhibit A acknowledging receipt of this Order.

## NOTICE TO RESELLERS, AFFILIATES, AND DISTRIBUTORS

## XIII.

**IT IS FURTHER ORDERED** that the Defendants shall:

A.      Send, within twenty-one (21) days of entry of this Order, by first class mail, postage prepaid and return receipt requested, an exact copy of the notice attached hereto as

Exhibit B, showing the date of mailing, to each Distributor, Affiliate, or Reseller in the United States. The mailing shall not include any document or enclosure other than Exhibit B.

B.      For a period of five (5) years following the date of entry of this Order, the Defendants shall send by first class mail, postage prepaid, an exact copy of the notice attached hereto as Exhibit B, showing the date of mailing, to each Distributor, Affiliate, or Reseller with whom the Defendants first do business after the date of entry of this Order. The Defendants shall send this notice within twenty-one (21) days after first engaging in any transaction concerning any covered product. This mailing shall not include any document or enclosure other than Exhibit B. Defendants shall send such notice prior to any authorized sale or distribution by any such Distributor, Affiliate, or Reseller.

C.      The Defendants, shall, within forty-two (42) days of providing notice pursuant to Subsection A or B of this Section, secure from each Distributor, Affiliate, or Reseller to whom a notice has been sent a signed and dated statement acknowledging receipt of such and, as to any Distributor, Affiliate, or Reseller who has not provided such a statement, no Defendant shall sell or distribute any covered product to any such Distributor, Affiliate, or Reseller, accept any orders for any covered products submitted by or on behalf of such Distributor, Affiliate, or Reseller, or pay any commission, bonus or other compensation to any such Distributor, Affiliate, or Reseller. The Defendants shall retain the original of each acknowledgment for a period of five (5) years following the date of entry of this Order.

D.      Provide to the Commission, within forty-two (42) days of entry of this Order for the notices required by Subsection A and within fourteen (14) days after such notice has been sent for the notices required by Subsection B, the name and address of each and every Distributor, Affiliate, or Reseller to whom the notice attached as Exhibit B is sent.

E.      Terminate any Distributor, Affiliate, or Reseller within fourteen (14) days after the Defendants become aware that the Distributor, Affiliate, or Reseller has continued to use, after having been provided fourteen (14) days' notice and opportunity to cure, any advertisement or promotional material that contains any representation prohibited by this Order after receipt of the notice required by Subsection A or B of this Section.

## COMPLIANCE MONITORING

## XIV.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.      Within fourteen (14) days of receipt of written notice from a representative of the Commission, the Defendants each shall submit additional written reports sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1.      obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

2.      posing as consumers and suppliers to the Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.      The Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has

agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

## XV.

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.       For a period of five (5) years from the date of entry of this Order:

1.       Each Individual Defendant shall notify the Commission of the following:

a.       Any change in such Defendant's residence, mailing address, and telephone number, within fourteen (14) days of the date of such change;

b.       Any change in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership of any business entity, within fourteen (14) days of such change. Such notice shall include the name, address, and telephone number of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business;   and   a   detailed

description of such Defendant's duties and responsibilities in connection with the business or employment; and

c.     Any change in such Defendant's names or use of any aliases or fictitious names;

2.     The Defendants shall notify the Commission of any changes in structure of any Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.     One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, the Defendants each shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1.     For each Individual Defendant:

a.     Such Defendant's then-current residence addresses, mailing addresses, and telephone numbers;

b. Such Defendant's then-current employment (including self-employment), including the name, address, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

c. Any other changes required to be reported under Subsection A of this Section;

2. For all Defendants:

a. A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

b. Any other changes required to be reported under Subsection A of this Section.

C. Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fourteen (14) days of filing.

D. For the purposes of this Order, the Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue N.W., Room NJ-2122
Washington, D.C. 20580
RE: FTC v. Direct Marketing Concepts, Inc., et al.

*Provided* that, in lieu of overnight courier, the Defendants may send such reports or notifications by first-class mail, but only if the Defendants contemporaneously send an electronic version of such report or notification to the Commission at DEBrief@ftc.gov.

E. For purposes of the compliance reporting required by this Order, the Commission is authorized to communicate directly with each Defendant.

## RECORD KEEPING PROVISIONS

## XVI.

**IT IS FURTHER ORDERED** that for a period of five (5) years from the date of entry of this Order, the Defendants, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with any business where: (1) any Defendant owns at least fifty percent (50%) of the business, or directly or indirectly controls the business, and (2) the business is engaged, participating, or assisting in any manner whatsoever, directly or indirectly, in the advertising, marketing, promotion, offering for sale, distribution, or sale of any covered product, are hereby permanently restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.      All documents referring or relating to the advertising, marketing, promotion, offering for sale, distribution or sale of any covered product, including but not limited to infomercials, print ads, product inserts, product labels, sales scripts, "power sheets," and training materials;

F.      All documents upon which the Defendants rely to substantiate any representation covered by Section III above; and

G.      All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## DISTRIBUTION OF ORDER

## XVII.

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, the Defendants shall deliver copies of the Order as directed below:

A.      Corporate Defendants: Each Corporate Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct relating to the subject matter of the Order;

and (3) any business entity resulting from any change in structure set forth in Section XV.A.2. For current personnel, delivery shall be within seven (7) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Section XV.A.2, delivery shall be at least fourteen (14) days prior to the change in structure.

B.      Individual Defendant as Control Person: For any business that an Individual Defendant controls, directly or indirectly, or in which such Defendant has a ownership interest of at least fifty percent (50%), such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives who engage in conduct relating to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Section XV.A.2. For current personnel, delivery shall be within seven (7) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Section XV.A.2, delivery shall be at least fourteen (14) days prior to the change in structure.

C.      Individual Defendant as an Employee Non-Control Person: For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Individual Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.      Defendants must secure a signed and dated statement acknowledging receipt of the Order, within forty-two (42) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

**RETENTION OF JURISDICTION**

**XVIII.**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

It is SO ORDERED, this 13th day of August 2009.

/s/ George A. O'Toole, Jr.
United States District Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11136-GAO

FEDERAL TRADE COMMISSION,
Plaintiff,

vs.

DIRECT MARKETING CONCEPTS, INC., d/b/a TODAY'S HEALTH and DIRECT
FULFILLMENT, ITV DIRECT, INC., d/b/a DIRECT FULFILLMENT, DONALD W.
BARRETT, TRIAD ML MARKETING, INC., KING MEDIA, INC., ALLEN STERN,
LISA STERN, and BP INTERNATIONAL, INC.,
Defendants.

AFFIDAVIT OF DEFENDANT [insert name]

[NAME], being duly sworn, hereby states and affirms as follows:

1.      My name is_____. My current residence address is

_____ _____. I am a citizen of the United States

and am over the age of eighteen. I have personal knowledge of the facts set forth in this

Affidavit.

2.      I am a defendant in FTC v. Direct Marketing Concepts, Inc., et al., Case No. 04-

11136-GAO (United States District Court for the District of Massachusetts). I am also the [*title,*

*officer of a corporate defendant*] of [*name of corporate defendant*], a defendant in FTC v. Direct

Marketing Concepts, Inc., et al., Case No. 04-11136-GAO (United States District Court for the

District of Massachusetts).

3.      My current employer is _____. My current business address is _____.

My current business telephone number is _____. My current residential address is _____.

My current residential telephone number is _____.

4.      [*If the defendant is also an officer of a corporate defendant*] The current business address of [*corporate defendant*] is _____. The current business telephone number of [*corporate defendant*] is _____.

5.      On [*date*], I received a copy of the Final Order and Judgment for Permanent Injunction and Other Equitable Relief Against Defendants Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald W. Barrett, and Robert Maihos, which was signed by the Honorable George O'Toole and entered by the Court on [*date of entry of Order*]. A true and correct copy of the Order I received is appended to this Affidavit.

6.      [*If the defendant is also an officer of a corporate defendant*] On [*date*], [*corporate defendant*] received a copy of the Final Order and Judgment for Permanent Injunction and Other Equitable Relief Against Defendants Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald W. Barrett, and Robert Maihos, which was signed by the Honorable George O'Toole and entered by the Court on [*date of entry of Order*]. A true and correct copy of the Order it received is appended to this Affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on [*date*], at [*city and state*].

_____
[*Full name of defendant*] [*if the defendant is acknowledging receipt of order and a corporate defendant's receipt of order*], individually and as an officer of [*corporate defendant*]

State of _____, City of _____
Subscribed and sworn to before me this _____ day of _____, 2009.

_____
Notary Public
My Commission Expires: _____

Exhibit B

**(To be printed on Defendant's Letterhead)**

**NOTICE TO DISTRIBUTORS, RESELLERS, AND AFFILIATES BY FIRST CLASS
MAIL, RETURN RECEIPT REQUESTED**

[date]

Dear [distributor, affiliate, or reseller]:

You are receiving this letter because you are a distributor, affiliate or reseller of Direct Marketing Concepts, Inc., or ITV Direct, Inc. This letter is to inform you of the recent decision in the civil action brought by the Federal Trade Commission ("FTC") against Direct Marketing Concepts, Inc., ITV Direct, Inc., Donald W. Barrett, Robert Maihos, and other related entities (collectively, "DMC") regarding their advertising for Coral Calcium Daily and Supreme Greens with MSM. Among other things, the Court has ordered DMC to notify distributors, affiliates, and resellers of the Final Order and Judgment for Permanent Injunction and Other Equitable Relief in the matter *FTC v. Direct Marketing Concepts, Inc., et al.*

The Court concluded that certain advertisements for Coral Calcium Daily and Supreme Greens with MSM made the following misleading claims in violation of the FTC Act:

1.      Coral Calcium Daily is an effective treatment or cure for cancer, autoimmune diseases (including multiple sclerosis and lupus), Parkinson's disease or heart disease;

2.      The body absorbs 100 percent of the calcium contained in Coral Calcium Daily;

3.      The body absorbs significantly more of the calcium contained in Coral Calcium Daily than it does the calcium in other commonly available calcium products, or does so at a rate significantly faster than it absorbs the calcium contained in those other calcium products;

4.      Scientific research published in the Journal of the American Medical Association and the New England Journal of Medicine proves that calcium supplements are able to reverse or cure cancer in humans;

5.      Supreme Greens is an effective treatment, cure, or preventative for cancer, heart disease, diabetes, or arthritis;

6.      Supreme Greens will cause significant weight loss of up to 4 pounds per week and up to 80 pounds in 8 months; and

7.      Supreme Greens can be used safely by pregnant women, children as young as one year old, and any persons taking any other medication.

The Court's Order prohibits DMC from making the claims set forth above and from making any other health benefits claims for any food, drug, dietary supplement, or device without an

adequate scientific basis. The Court also prohibited DMC from placing any consumer on, and charging any consumer for, a continuity program without first obtaining the consumer's express consent.

In addition, the Court ordered the company to direct its distributors, affiliates, and resellers not to make advertising or promotional claims that would violate its Order. A copy of the Order, which you should familiarize yourself with, is available at *www.ftc.gov*. If you do make such claims after being told to cease doing so, we will no longer be able to do business with you.

To continue doing business with you, I must receive a signed acknowledgment that you have received this notice. If you wish, you may sign below and fax or mail the form to me, but please keep a copy for your files. If you have discontinued doing business with us, you need not sign or return this letter.

_____

[Name and Title of Company Officer]


I have received the letter to Resellers, Affiliates, and Distributors concerning the settlement that DMC has entered into with the FTC.

_____

(Signature)


_____

(Print your name, the name of your business and your title)