**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-CV-11136-GAO |
| DIRECT MARKETING CONCEPTS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' OPPOSITION TO FTC'S MOTION TO STRIKE, OR,**
**IN THE ALTERNATIVE, RULE 6(b)(1)(B) MOTION TO EXTEND TIME**

Defendants Direct Marketing Concepts, Inc. ("DMC"), ITV Direct, Inc. ("ITV"), Donald Barrett and Robert Maihos (ITV, DMC, Donald Barrett and Robert Maihos are collectively referred to herein as the "DMC Defendants"), oppose the motion by the Federal Trade Commission ("FTC") to strike their opposition to the FTC's motion for turnover of assets. In the alternative, Defendants move under Rule 6(b)(1)(B) for a five hour extension of time. Simply stated, the FTC's motion represents a startling departure from the cooperation that both sides have shown in this case, with regular agreement to extensions of time and leave to file additional pleadings. The FTC's motion is an attempt to avoid the merits, and instead capitalize on the honest misunderstanding of a paralegal with Defendants' law firm, which resulted in a few *hour* delay in filing the opposition, all after the court has closed for business on the subject day. While we certainly agree that the local rules must be followed, there is absolutely no prejudice in this circumstance to the FTC, and the motion should therefore be denied and the underlying motion decided not on technicalities, but on its merits.

12422961v.1

2

As set forth in the attached affidavit of Olia Golinder, a paralegal with Defendants' law firm, the opposition to the FTC's motion was prepared and ready to be filed before 6:00 p.m. However, because the same parties have been filing pleadings with the First Circuit in this case, and because the First Circuit rules allow filing until 11:59 p.m., Ms. Golinder mistakenly confused the filing times for this Court and First Circuit, believing the opposition could be filed any time before midnight. Needing to pick up her child at daycare, Ms. Golinder then left the office and waited until that evening to file the motion electronically from home. The delay was not occasioned by substantive work being done on the opposition. In total, the delay was only a few hours, and was occasioned by an honest confusion about the filing deadlines and the need to pick up her child at daycare. Despite the fact that this case has been pending for over six years, it does not appear that there have been untimely filings by Defendants in connection with any other motions.

On the other hand, a review of the docket demonstrates that the FTC has routinely filed pleadings and motions after 6:00 p.m. in this case, including the pretrial memorandum, motions in limine during the trial, and other motions. Notwithstanding the timing of these filings, the Defendants have not objected and have in fact deemed the motions filed on that date, despite the fact that they were filed after 6:00 p.m. Moreover, in connection with the pending issue before the Court, the FTC assented to the DMC Defendants filing a reply brief in connection with the original motion seeking clarification, which would have no specific time limit. Specifically, the original motion was a motion by the Defendants seeking clarification concerning certain funds. The FTC opposed the motion and incorporated a separate motion for turnover of those same funds. The FTC agreed to allow Defendants to file a reply to the original motion, but instead the Defendants filed an opposition that incorporated the arguments of both the FTC's opposition to

the original motion and the FTC's subsequent motion. If anything, the Defendants sought to convenience the Court by filing a single document.

The First Circuit has confirmed that "courts may accept late filings 'caused by inadvertence, mistake or carelessness, as well as intervening circumstances beyond the party's control.'" *Bates v. Grant*, 98 Fed. Appx. 11, 14 (1st Cir. 2004) (quoting *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 388 (1993). *See Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5-6 (1st Cir. 2001) (acknowledging *Pioneer*'s shift to a standard of excusable neglect that "encompasses not just unavoidable omissions, but also negligent ones").[1] As set forth in *Bates*, factors the court should consider are prejudice to the other party, the length of delay, the reason for the delay, and whether the party acted in good faith.[2] Here, all of these factors weigh against the FTC and in favor of Defendants. The delay was only a few hours, there is absolutely no prejudice to the FTC, the reason for the delay was an honest mistake caused by the difference in the rule between this Court and the First Circuit, and there is no evidence of bad faith. *See Bennett v. City of Holyoke*, 362 F.3d 1, 4-5 (1st Cir. 2004) (noting that one day delay was "very brief" and that there was no indication of either bad faith or undue prejudice).

---

[1] Likewise, "the decision to grant an extension of time falls solely within the discretion of the Court." *Rizzari Construction v. Granite Industrial Gases, Inc.*, 2009 WL 1912512, at *1 n.1 (D. Mass. July 2, 2009) (O'Toole, J.). Rule 6(b)(1)(B) provides that the court may extend the time to respond on a motion made after time has expired for good cause. Here, Defendants alternatively request a five hour extension of time to render their opposition timely.

[2] The FTC's reference to its failure to follow Local Rule 15.1 in connection with its motion to add a party in a related case is a far cry from what occurred here. The delay in that circumstance was ten days as opposed to a few hours, and involved genuine prejudice to a non-party, as opposed to no prejudice to existing parties.

12422961v.1

**CONCLUSION**

For the foregoing reasons, the DMC Defendants request that this Court deny the FTC's motion to strike.

> DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., DONALD BARRETT and ROBERT MAIHOS
>
> By their attorney(s),
>
>  /s/ Christopher F. Robertson
> Peter S. Brooks, BBO #058980
> Christopher F. Robertson, BBO #642094
> Seyfarth Shaw LLP
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone:    (617) 946-4800
> Telecopier:    (617) 946-4801

Dated: June 16, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 6/16/10.

> /s/ Christopher F. Robertson
> Christopher F. Robertson

12422961v.1