UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11136-GAO

FEDERAL TRADE COMMISSION,
Plaintiff,

v.

DIRECT MARKETING CONCEPTS, INC., d/b/a TODAY'S HEALTH and DIRECT FULFILLMENT, ITV DIRECT, INC., d/b/a DIRECT FULFILLMENT, DONALD W. BARRETT, TRIAD ML MARKETING, INC., KING MEDIA, INC., ALLEN STERN, LISA STERN, and BP INTERNATIONAL, INC.,
Defendants.

MEMORANDUM
March 31, 2011

O'TOOLE, D.J.

Before the Court is the defendants' second Motion for Clarification of Funds Held by Third Party (dkt. no. 349), which is resolved as follows:

The Federal Trade Commission has conceded that, even if the funds held by Cardflex, Inc. are the defendants', the funds can be used to pay "ordinary and customary business expenses," see Fed. Trade Comm'n v. Direct Mktg. Concepts, Inc., No. 04-11136, § IX(D) (D. Mass. Aug. 13, 2009) (dkt. no. 260), and that legal fees and expenses and state tax obligations are "ordinary and customary business expenses," see Fed. Trade Comm'n v. Direct Mktg. Concepts, Inc., No. 04-11136 (D. Mass. Dec. 2, 2009) (dkt. no. 336). It is therefore irrelevant whether the previously disbursed funds were used to pay legal fees as opposed to tax obligations because both are payable under the August 13, 2009 Order. The funds held by Cardflex, Inc. may be transferred to Seyfarth Shaw LLP for the purpose of paying ordinary and customary business expenses.

Consequently, the FTC's Motion for Turnover of Assets (dkt. no. 351) is DENIED. The Federal Trade Commission's Motion to Strike Defendants' Opposition (dkt. no. 353) is also DENIED.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge